UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MOONSCOOP SAS, | ) | Case 1:09-CV-01885 |
| | ) | |
| Plaintiff, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN GREETINGS | ) | **AMERICAN GREETINGS** |
| CORPORATION, | ) | **CORPORATION'S RESPONSE TO** |
| | ) | **MOONSCOOP'S SUPPLEMENTAL** |
| Defendant/Third- | ) | **BRIEF REGARDING POTENTIAL** |
| Party Plaintiff, | ) | **CONSOLIDATION** |
| | ) | |
| v. | ) | |
| | ) | |
| COOKIE JAR ENTERTAINMENT, INC., | ) | |
| | ) | |
| Third-Party | ) | |
| Defendant. | ) | |

Defendant/Third- Party Plaintiff, American Greetings Corporation ("American Greetings") agrees that certain pretrial discovery matters in this action (the "MoonScoop lawsuit") and Case No. 1:09CV1056 (the "American Greetings lawsuit") should proceed together.  American Greetings does <u>not</u>, however, agree that the cases should be consolidated for all purposes, and does <u>not</u> agree that the trials of all of the issues in the two actions should occur together.  Instead, in the interests of justice and judicial economy, the predicate claims between American Greetings and Cookie Jar Entertainment, Inc. ("Cookie Jar") in the American Greetings lawsuit which do not involve MoonScoop should be tried separately from and prior to a trial on the claims raised by MoonScoop.

American Greetings' claims against Cookie Jar are <u>more comprehensive</u> than MoonScoop's claims, involve <u>separate questions of law and fact</u>, and will resolve <u>predicate issues</u>, which may obviate the need to proceed with the claims raised by MoonScoop.  For example, in Count I of the First Amended Complaint in the 2009 Cookie Jar Action, American Greetings seeks to rescind several agreements entered into between American Greetings and Cookie Jar in settlement of a 2008 lawsuit between American Greetings and Cookie Jar.  In Count IV of the First Amended Complaint in the 2009 Cookie Jar Action, American Greetings seeks specific performance and damages resulting from Cookie Jar's breach of the July 2008 Letter Agreement to purchase Strawberry Shortcake and Care Bears, such breach occurring due to Cookie Jar's failure to use good faith efforts to obtain financing and close on the $195,000,000 purchase agreement.  These predicate claims by American Greetings do not include MoonScoop and, if tried simultaneously with MoonScoop's claims, would only serve to confuse the issues for the jury.

Accordingly, the resolution of American Greetings' claims for fraud and specific performance against Cookie Jar, to which MoonScoop has no standing to participate, is necessary to determine the respective rights in the Properties held by American Greetings and Cookie Jar.  These are predicate claims, and the MoonScoop related claims cannot effectively be adjudicated until after determination of the respective rights of American Greetings and Cookie Jar.  For example, if American Greetings is successful in its breach of contract action against Cookie Jar, it is entitled to specific performance of the transfer of the Properties to Cookie Jar for $195 million, and

American Greetings would no longer own any rights in the Properties and the March 24, 2009 agreement would be void.

In addition, Case No. 09CV1056 is set for trial in April 2009.  The pleadings are closed in that action, and the parties are well on their way to completing written discovery, including extensive third party discovery.  In stark contrast, MoonScoop's case is still in the pleading stage.  Accordingly, consolidating these cases for trial would delay the trial of Case No. 09CV1056.

Moreover, American Greetings would be greatly prejudiced by consolidating these cases for trial due to the likely confusion to the jury by having the MoonScoop related claims presented during American Greetings' presentation of its claims for specific performance and fraud against Cookie Jar—which involve separate issues of law and fact, and issues to which MoonScoop does not even have standing to participate.  In stark contrast, neither MoonScoop (nor Cookie Jar) would be prejudiced in any way by keeping the MoonScoop related claims separate for purposes of trial.  Furthermore, American Greetings would also be prejudiced by the likely delay in the prosecution of its claims against Cookie Jar for fraud and specific performance.[1]

Accordingly, in the interests of efficiency, justice, and fairness, and to prevent confusion of the issues for the jury, American Greetings' separate and predicate claims against Cookie Jar should be tried and resolved first, and the cases should not be consolidated for all purposes.

---

[1]     American Greetings is cognizant that all of the parties' competing claims related to the March 24, 2009 Agreement could be tried together to the extent the claims survive the resolution of American Greetings' claims for fraud and specific performance against Cookie Jar.  Accordingly, American Greetings does not object to the trial of Count III of its First Amended Complaint against Cookie Jar occurring with the separate trial of MoonScoop's claims.

Respectfully submitted,


s/Damond R. Mace
Damond R. Mace (0017102)
*dmace@ssd.com*
Steven A. Friedman (0060001)
*sfriedman@ssd.com*
Donald W. Herbe (0076500)
*dherbe@ssd.com*
SQUIRE, SANDERS & DEMPSEY L.L.P.
4900 Key Tower
127 Public Square
Cleveland, Ohio  44114
Phone:  (216) 479-8500
Fax:  (216) 479-8780

Attorneys for Defendant/Third-Party Plaintiff
American Greetings Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2009, a copy of foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/Damond R. Mace*
One of the Attorneys for
Defendant/Third-Party Plaintiff American
Greetings Corporation