# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MOONSCOOP SAS,** | ) Case 1:09CV01885 |
| Plaintiff, | ) JUDGE JAMES GWIN |
| v. | ) |
| **AMERICAN GREETINGS CORPORATION,** | ) REPORT OF PARTIES' PLANNING MEETING UNDER FED. R. CIV. P. 26(f) AND LOCAL RULE 16.3(b)(3) |
| Defendant/Third Party Plaintiff, | ) |
| v. | ) |
| **COOKIE JAR ENTERTAINMENT, INC., et al.** | ) |
| Third-Party Defendants. | ) |

1. Pursuant to Local Rule 16.3, on December 8, 2009, counsel conferred by telephone and hereby submit a joint statement for the agenda for the Case Management Conference set for this case for December 11, 2009:

Eric B. Levasseur and Jeffrey A. Yeager, Hahn Loeser & Parks LLP, counsel for MoonScoop SAS and Mike Young Productions, LLC (the "MoonScoop Parties");

Damond R. Mace and Steven A. Friedman, Squire, Sanders & Dempsey L.L.P., counsel for American Greetings Corporation and Those Characters From Cleveland, Inc. (the "American Greetings Parties");

David H. Wallace and Michael J. Zbiegien, Jr., Taft Stettinius & Hollister LLP, and Robert M. Abrahams and Dana M. Roth counsel for Cookie Jar Entertainment, Inc. and Cookie Jar Entertainment (USA) Inc. (the "Cookie Jar Parties").

2. The parties will exchange initial disclosures pursuant to local rule by December 21, 2009.

3. The parties agree the case should be assigned to the Standard Track. However, the parties recommend the number of fact depositions allotted to each under the Standard Track be increased from 10 to 15.

4. The MoonScoop Parties and the Cookie Jar Parties recommend private mediation. The American Greetings Parties recommend Court assisted mediation.

5. The parties do not consent to the jurisdiction of the Magistrate Judge.

6. (a) The parties anticipate discovery will include the exchange of relevant documents and a substantial number of subpoenas duces tecum on third parties. In addition, the parties anticipate a number of depositions of each other's representatives and third-parties.

The parties have not agreed on a case management schedule, and have proposed alternative schedules as follows:

(1) The MoonScoop Parties submit that the trial of this case should be consolidated with the trial of *American Greetings Corporation, et al. v. Cookie Jar, et al.*, U.S.D.C. Northern District of Ohio Case No. 1:09-cv-01056 (the "American Greetings Action"), and respectfully request the following Case Management Schedule, which is consistent with the Standard Track and preserves the existing trial date in that matter:

| | |
|---|---|
| December 21, 2009 | Initial exchange of parties' documents |
| March 29, 2010 | Completion of fact discovery |
| February 10, 2010 | Plaintiffs' expert reports |
| March 10, 2010 | Defendants' expert disclosures and reports |
| March 29, 2010 | Completion of all fact and expert discovery |

April 19, 2010              Trial

(2)  American Greetings opposes the proposed consolidation of this case with Case No. 09CV1056, and does not agree to any extensions to the Case Management Schedule in that case.

As explained in more detail in American Greetings' Response to MoonScoop's Supplemental Brief Regarding Potential Consolidation, which is being filed today, American Greetings would be greatly prejudiced by consolidating these cases for trial due to the likely confusion to the jury by having MoonScoop's derivative and subsidiary claims presented during American Greetings presentation of its claims for fraud and specific performance against Cookie Jar, issues to which MoonScoop does not even have standing to participate.  In stark contrast, neither MoonScoop (nor Cookie Jar) would be prejudiced in any way by keeping the MoonScoop related claims separate for purposes of trial.  Furthermore, American Greetings would also be prejudiced by the likely delay in the prosecution of its predicate claims against Cookie Jar if the claims were tried together with MoonScoop's claims.

American Greetings concurs with Cookie Jar's proposed Case Management Schedule as presented below for the issues related to the MoonScoop Parties' claims only.

(3)  The Cookie Jar Parties agree with the MoonScoop Parties that this matter should be consolidated for both pretrial and trial purposes with the American Greetings Action.  The issues raised in this case substantially overlap with the issues raised in the American Greetings Action. As a result, conducting separate trials in this action and the American Greetings Action would not be an efficient use of this Court's time and resources.

In furtherance of the consolidation, the Cookie Jar Parties request that this Court adopt the following case management schedule that slightly modifies the schedule entered in the American Greetings Action:

| | |
|---|---|
| December 21, 2009 | Initial exchange of parties' documents |
| February 19, 2010 | Completion of fact discovery for dispositive motions |
| March 1, 2010 | Plaintiffs' expert reports |
| April 1, 2010 | Defendants' expert disclosures and reports |
| May 1, 2010 | Completion of all fact and expert discovery |
| June 1, 2010 | Trial |

This proposed schedule will allow the parties to complete both the American Greetings Action and this case well within the 15 months provided for a Standard Track Case under Local Rule 16.2(a)(2)(B), while allowing the parties a small amount of additional time to complete discovery related to MoonScoop's claims. In addition, the Cookie Jar Parties' proposed schedule will obviate certain procedural anomalies that will result if the case management schedule from the American Greetings Action is adopted without modification in this case. For example, the parties would be required to file dispositive motions before the pleadings have closed. Indeed, none of the parties has served its response to Cookie Jar's Counterclaims and Crossclaims, which were served on November 30, 2009. In addition, MoonScoop was granted leave to file an Amended Complaint on November 30, 2009, and American Greetings has not yet responded to that pleading.

(b) The parties will use the default standard for discovery of electronically stored information established in Appendix K to the Local Rules.

7. The MoonScoop Parties recommend a dispositive motion date of January 4, 2010. The Cookie Jar Parties and American Greetings Parties recommend a dispositive motion date of February 26, 2010.

8. The MoonScoop Parties recommend a cut-off date for amending the pleadings and/or adding additional parties be set for December 30, 2009. The Cookie Jar Parties and American Greetings Parties recommend a cut-off date for adding additional parties be set for December 30, 2009. The Cookie Jar Parties further recommend a cut-off date for amending the pleadings of January 29, 2010.

9. The MoonScoop Parties request a Status Hearing be set for January 2010. The Cookie Jar parties and American Greetings Parties request a Status Hearing be set for February 2010.

10. The parties advise the Court of the following other matters related to this Action:

The parties agree that the protective order from *American Greetings Corporation et al. v. Cookie Jar Entertainment, Inc. et al.*, N.D. Ohio Case No. 1:09CV1056 (the "American Greetings Action") will apply in this case.

    Respectfully submitted,

    /s/ Jeffrey A. Yeager
    Michael J. Garvin (0025394)
    mjgarvin@hahnlaw.com
    Eric B. Levasseur (0075353)
    eblevasseur@hahnlaw.com
    Jeffrey A. Yeager (0068062)
    jyeager@hahnlaw.com
    HAHN LOESER & PARKS LLP
    200 Public Square, Suite 2800
    Cleveland, Ohio 44114-2301
    Telephone: (216) 621-0150
    Facsimile: (216) 241-2824

    Attorneys for Plaintiff

/s/ Damond R. Mace
Damond R. Mace
Steven A. Friedman
Donald W. Herbe
Squires, Sanders & Dempsey L.L.P.
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114

dmace@ssd.com
sfriedman@ssd.com
dherbe@ssd.com

Attorneys for Defendant

/s/ David H. Wallace
David H. Wallace
Michael J. Zbiegien Jr.
Julie A. Crocker
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114-2302

dwallace@taftlaw.com
mzbiegien@taftlaw.com
jcrocker@taftlaw.com

Attorneys for Third Party Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 8, 2009, a true and correct copy of the foregoing document was filed electronically. Notification of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Eric B. Levasseur
One of the Attorneys for Plaintiff