UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MOONSCOOP SAS, | ) | Case 1:09-CV-01885-JG |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN GREETINGS | ) | **AMERICAN GREETINGS** |
| CORPORATION, | ) | **CORPORATION AND THOSE** |
| | ) | **CHARACTERS FROM CLEVELAND'S** |
| Defendant/Third- | ) | **ANSWER TO COOKIE JAR** |
| Party Plaintiff, | ) | **ENTERTAINMENT, INC.'S** |
| | ) | **COUNTERCLAIM AND CROSSCLAIM** |
| v. | ) | |
| | ) | |
| COOKIE JAR ENTERTAINMENT, INC., | ) | **JURY DEMAND ENDORSED** |
| *et al.* | ) | **HEREON** |
| | ) | |
| Third-Party | ) | |
| Defendant/ | ) | |
| Counterclaimants/ | ) | |
| Crossclaimants | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MOONSCOOP SAS, *et al.* | ) | |
| | ) | |
| Counterclaim and | ) | |
| Crossclaim- | ) | |
| Defendants | ) | |
| | ) | |

For their answer to the Counterclaim and Crossclaim[1] of Cookie Jar

Entertainment, Inc. ("Cookie Jar") and Cookie Jar Entertainment (USA) Inc. f/k/a DIC

Entertainment Corporation's ("DIC") (Cookie Jar and DIC are collectively referred to

---

[1]     The Counterclaim and Crossclaim will be jointly referred to below as the "Counterclaim."

below as "Counterclaimants"), American Greetings Corporation ("American Greetings")
and Those Characters From Cleveland, Inc. ("Those Characters") (American Greetings
and Those Characters are collectively referred to below as "Counterclaim-Defendants"),
state as follows:

## FIRST DEFENSE

1.      Counterclaim-Defendants state that Exhibits A, B, and C to the
Counterclaim speak for themselves and deny the remaining allegations in paragraph 1
of the Counterclaim, including all of its subparts.

2.      Counterclaim-Defendants deny the allegations in paragraph 2 of the
Counterclaim.

3.      Counterclaim-Defendants admit that in June of 2008, they sued
Counterclaimants in an action captioned in this Court *American Greetings Corp., et al.
v. DIC Entertainment Corp., et al.*, Case No. 1:08CV1533 (the "2008 Case"), and
entered into a July 20, 2008 letter agreement (the "Letter Agreement").  Counterclaim-
Defendants further state that the Letter Agreement speaks for itself and deny the
remaining allegations in paragraph 3 of the Counterclaim.

4.      Counterclaim-Defendants state that the Letter Agreement speaks for itself
and deny the remaining allegations in paragraph 4 of the Counterclaim.

5.      Counterclaim-Defendants state that the Letter Agreement speaks for itself
and deny the remaining allegations in paragraph 5 of the Counterclaim.

6.      Counterclaim-Defendants admit that the sale contemplated by the Letter
Agreement did not close by September 30, 3008 and deny the remaining allegations in
paragraph 6 of the Counterclaim.

7.     Counterclaim-Defendants admit that in an attempt to mitigate their damages resulting from Cookie Jar's fraud, breaches, and other wrongful conduct, Counterclaim-Defendants solicited other potential buyers of the Properties. Counterclaim-Defendants deny the remaining allegations in paragraph 7 of the Counterclaim.

8.     Counterclaim-Defendants deny the allegations in paragraph 8 of the Counterclaim.

9.     Counterclaim-Defendants admit that Strawberry Shortcake is more valuable to potential third-party buyers if not encumbered by third-party interests and deny the remaining allegations in paragraph 9 of the Counterclaim.

10.     Counterclaim-Defendants admit that American Greetings and MoonScoop SAS ("MoonScoop") entered into the MoonScoop Term Sheet on March 24, 2009, and that Those Characters and Mike Young Productions ("MYP") amended an agreement for pre-production services in March 2009.  Counterclaim-Defendants deny the remaining allegations in paragraph 10 of the Counterclaim.

11.     Counterclaim-Defendants admit that Josef Mandelbaum informed Cookie Jar of the MoonScoop Term Sheet before it was executed.  Counterclaim-Defendants deny the remaining allegations in paragraph 11 of the Counterclaim.

12.     Counterclaim-Defendants admit that American Greetings and MoonScoop entered into the MoonScoop Term Sheet on March 24, 2009 and deny the remaining allegations in paragraph 12 of the Counterclaim.

13.     Counterclaim-Defendants admit that on March 30, 2009, Cookie Jar purported to match the MoonScoop Term Sheet, and that the terms of Cookie Jar's

March 30, 2009 "match" speak for themselves.    Counterclaim-Defendants deny the remaining allegations in paragraph 13 of the Counterclaim.

14.    Counterclaim-Defendants state that American Greetings' March 30, 2009 letter speaks for itself and deny the remaining allegations of paragraph 14 of the Counterclaim.

15.    Counterclaim-Defendants state that the MoonScoop Term Sheet speaks for itself and deny the remaining allegations in paragraph 15 of the Counterclaim.

16.    Counterclaim-Defendants deny the allegations in paragraph 16 of the Counterclaim.

17.    Counterclaim-Defendants deny the allegations in paragraph 17 of the Counterclaim.

18.    Counterclaim-Defendants state that paragraph 18 of the Counterclaim is a summary of Cookie Jar's claims and requests for relief to which no response is required.  To the extent paragraph 18 of the Counterclaim contains allegations to which a response if required, Counterclaim-Defendants deny same.

19.    Counterclaim-Defendants admit that Cookie Jar is a Canadian corporation with its principal Canadian place of business at 266 King Street, Toronto, Canada M5V1H8, and its principal U.S. office at 4100 West Alameda Avenue, Burbank, California 91505.    Counterclaim-Defendants further state that they are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 19 of the Counterclaim.

20.     Counterclaim-Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Counterclaim.

21.     Counterclaim-Defendants admit the allegations in paragraph 21 of the Counterclaim.

22.     Counterclaim-Defendants admit the allegations in paragraph 22 of the Counterclaim.

23.     Counterclaim-Defendants admit the allegations in paragraph 23 of the Counterclaim.

24.     Counterclaim-Defendants state that Those Characters is a corporate affiliate of American Greetings and admits the remaining allegations in paragraph 24 of the Counterclaim.

25.     Counterclaim-Defendants admit, on information and belief, the allegations in paragraph 25 of the Counterclaim.

26.      Counterclaim-Defendants admit, on information and belief, the allegations in paragraph 26 of the Counterclaim.

27.     Counterclaim-Defendants admit the allegations in paragraph 27 of the Counterclaim.

28.     Counterclaim-Defendants admit that venue is proper in this Court under 28 U.S.C. § 1391.  Counterclaim-Defendants further state that the Letter Agreement speaks for itself and deny the remaining allegations in paragraph 28 of the Counterclaim.

29.     Counterclaim-Defendants state that the Settlement Agreement and Release speaks for itself and deny the remaining allegations in paragraph 29 of the Counterclaim.

30.     Counterclaim-Defendants admit that MoonScoop's bid to purchase the Properties was subject to certain of the Letter Agreement's terms.   Counterclaim-Defendants deny the remaining allegations in paragraph 30 of the Counterclaim.

31.     In response to paragraph 31 of the Counterclaim, Counterclaim-Defendants state that the 2001 License Agreement speaks for itself.

32.     Counterclaim-Defendants admit that from time to time they have sold and attempted to sell their various entertainment assets, including their rights in the Properties.  Counterclaim-Defendants deny the remaining allegations in paragraph 32 of the Counterclaim.

33.     Counterclaim-Defendants admit that Strawberry Shortcake is more valuable to potential third-party buyers if not encumbered by third-party interests and deny the remaining allegations in paragraph 33 of the Counterclaim.

34.     Counterclaim-Defendants admit that on or about June 20, 2008, Cookie Jar announced a merger between Cookie Jar and DIC, and that, thereafter, Counterclaim-Defendants sued DIC (and later joined Holdings and Cookie Jar) in an action, which after removal became the 2008 Case.  Counterclaim-Defendants deny the remaining allegations in paragraph 34 of the Counterclaim.

35.     In response to paragraph 35 of the Counterclaim, Counterclaim-Defendants state that their claims in the 2008 Case and this case speak for themselves.

36.     Counterclaim-Defendants deny the allegations in paragraph 36 of the Counterclaim.

37.     Counterclaim-Defendants deny the allegations in paragraph 37 of the Counterclaim.

38.     Counterclaim-Defendants state, on information and belief, that, as subterfuge, and in violation of the 2001 License Agreement, Andy Heyward was to remain a DIC employee in name only after the June 2008 merger among Cookie Jar, DIC, and Holdings.   Counterclaim-Defendants deny the remaining allegations in paragraph 38 of the Counterclaim.

39.     In response to paragraph 39 of the Counterclaim, Counterclaim-Defendants admit that, after discovery, document production, and several depositions, the parties purported to resolve the 2008 Case, which was induced by the fraudulent statements, misrepresentations, and wrongful conduct of Cookie Jar and its DIC affiliates.

40.     Counterclaim-Defendants admit the allegations in paragraph 40 of the Counterclaim.

41.     In response to paragraph 41 of the Counterclaim, Counterclaim-Defendants state that the Settlement Agreement speaks for itself.

42.     In response to paragraph 42 of the Counterclaim, Counterclaim-Defendants state that the Stipulated Order of Dismissal and the Settlement Agreement speak for themselves.

43.     In response to paragraph 43 of the Counterclaim, Counterclaim-Defendants state that the Amendment to the 2001 License Agreement speaks for itself.

44.     In response to paragraph 44 of the Counterclaim, Counterclaim-Defendants state that the Amendment to the 2001 License Agreement speaks for itself.

45.     In response to paragraph 45 of the Counterclaim, Counterclaim-Defendants state that the Amendment to the 2001 License Agreement speaks for itself.

46.     In response to paragraph 46 of the Counterclaim, Counterclaim-Defendants state that the Letter Agreement speaks for itself.

47.     In response to paragraph 47 of the Counterclaim, Counterclaim-Defendants state that the Letter Agreement speaks for itself.

48.     In response to paragraph 48 of the Counterclaim, Counterclaim-Defendants state that the Letter Agreement speaks for itself.

49.     In response to paragraph 49 of the Counterclaim, Counterclaim-Defendants state that the Letter Agreement speaks for itself.

50.     In response to paragraph 50 of the Counterclaim, Counterclaim-Defendants state that the Letter Agreement speaks for itself.

51.     In response to paragraph 51 of the Counterclaim, Counterclaim-Defendants state that the Letter Agreement speaks for itself.

52.     In response to paragraph 52 of the Counterclaim, Counterclaim-Defendants state that the Letter Agreement speaks for itself.

53.     In response to paragraph 53 of the Counterclaim, Counterclaim-Defendants state that the Letter Agreement speaks for itself.

54.    In response to paragraph 54 of the Counterclaim, Counterclaim-Defendants state that the Letter Agreement speaks for itself.

55.    In response to paragraph 55 of the Counterclaim, Counterclaim-Defendants state that the Letter Agreement speaks for itself.

56.    In response to paragraph 56 of the Counterclaim, Counterclaim-Defendants state that the Letter Agreement speaks for itself and deny the remaining allegations in paragraph 56 of the Counterclaim.

57.    In response to paragraph 57 of the Counterclaim, Counterclaim-Defendants state that the Letter Agreement speaks for itself and deny the remaining allegations in paragraph 57 of the Counterclaim.

58.    Counterclaim-Defendants deny the allegations in paragraph 58 of the Counterclaim, including all of its subparts.

59.    Counterclaim-Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the Counterclaim.

60.    Counterclaim-Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Counterclaim.

61.    Counterclaim-Defendants deny the allegations in paragraph 61 of the Counterclaim.

62.    Counterclaim-Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 of the Counterclaim.

63.     Counterclaim-Defendants admit that they negotiated a draft amendment to the Hasbro Licenses during 2008 and further state that the Hasbro Licenses speak for themselves.  Counterclaim-Defendants deny the remaining allegations in paragraph 63 of the Counterclaim.

64.     Counterclaim-Defendants admit that they informed Cookie Jar that American Greetings had been engaged in negotiations with Hasbro. Counterclaim-Defendants further state that they provided a copy of the April Draft to Cookie Jar. Counterclaim-Defendants deny the remaining allegations in paragraph 64 of the Counterclaim.

65.     Counterclaim-Defendants admit that, in August 2008, representatives from American Greetings, Cookie Jar, and Hasbro met, and at the meeting, Hasbro stated that, after Cookie Jar purchased Strawberry Shortcake and Care Bears, Hasbro would be happy to discuss a new contract with Cookie Jar similar to the April Draft. Counterclaim-Defendants deny the remaining allegations in paragraph 65 of the Counterclaim.

66.     Counterclaim-Defendants state that the quote in paragraph 66 of the Counterclaim is incomplete and taken out of context, and deny the remaining allegations in paragraph 66 of the Counterclaim.

67.     Counterclaim-Defendants deny the allegations in paragraph 67 of the Counterclaim.

68.     Counterclaim-Defendants deny the allegations in paragraph 68 of the Counterclaim.

69.     Counterclaim-Defendants deny the allegations in paragraph 69 of the Counterclaim.

70.     Counterclaim-Defendants admit that the transaction did not close on September 30, 3008 and deny the remaining allegations in paragraph 70 of the Counterclaim.

71.     Counterclaim-Defendants state that the Form 10-K speaks for itself and deny the remaining allegations in paragraph 71 of the Counterclaim.

72.     Counterclaim-Defendants admit the allegations in paragraph 72 of the Counterclaim.

73.     Counterclaim-Defendants state that the Letter Agreement speaks for itself and deny the remaining allegations in paragraph 73 of the Counterclaim.

74.     Counterclaim-Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 74 of the Counterclaim.

75.     Counterclaim-Defendants admit that during the "shop period," one of American Greetings' executives, Josef Mandelbaum, negotiated with representatives of several potential buyers of the Properties, including Bill Schultz.  Counterclaim-Defendants further state that the quote from the October 31, 2008 email from Schultz to Mandelbaum is incomplete.  Counterclaim-Defendants deny the remaining allegations in paragraph 75 of the Counterclaim.

76.     In response to paragraph 76 of the Counterclaim, Counterclaim-Defendants state that the quote from the March 2009 email from Schultz to Mandelbaum is incomplete.

77. Counterclaim-Defendants deny the allegations in paragraph 77 of the Counterclaim.

78. Counterclaim-Defendants admit that they informed Cookie Jar of a term sheet on March 23, 2009 and deny the remaining allegations in paragraph 78 of the Counterclaim.

79. Counterclaim-Defendants deny the allegations in paragraph 79 of the Counterclaim.

80. Counterclaim-Defendants admit that American Greetings had contacts several potential buyers of the Properties during the "shop period" and deny the remaining allegations in paragraph 80 of the Counterclaim.

81. Counterclaim-Defendants admit the allegations in paragraph 81 of the Counterclaim.

82. Counterclaim-Defendants state that the MoonScoop Term Sheet speaks for itself and deny the remaining allegations in paragraph 82 of the Counterclaim.

83. In response to paragraph 83 of the Counterclaim, Counterclaim-Defendants state that the Letter Agreement and Cookie Jar's March 30, 2009 letter speak for themselves, and deny the remaining allegations.

84. Counterclaim-Defendants deny the allegations in paragraph 84 of the Counterclaim.

85. In response to paragraph 85 of the Counterclaim, Counterclaim-Defendants state that the March 30, 2009 letter attached as Exhibit I to the Counterclaim speaks for itself, and deny the remaining allegations.

86.     In response to paragraph 86 of the Counterclaim, Counterclaim-Defendants state that the March 30, 2009 letter attached as Exhibit I to the Counterclaim speaks for itself.

87.     In response to paragraph 87 of the Counterclaim, Counterclaim-Defendants state that the Form 8-K speaks for itself.

88.     Counterclaim-Defendants deny the allegations in paragraph 88 of the Counterclaim.

89.     In response to paragraph 89 of the Counterclaim, Counterclaim-Defendants state that Cookie Jar's March 31, 2009 letter speaks for itself, and deny the remaining allegations.

90.     Counterclaim-Defendants deny the allegations in paragraph 90 of the Counterclaim.

91.     Counterclaim-Defendants state that the Letter Agreement and the MoonScoop Term Sheet speak for themselves and deny the remaining allegations in paragraph 91 of the Counterclaim.

92.     Counterclaim-Defendants state that the MoonScoop Term Sheet speaks for itself and deny the remaining allegations in paragraph 92 of the Counterclaim.

93.     Counterclaim-Defendants state that the amendment to the pre-production agreement with MYP was separate and distinct from the MoonScoop Term Sheet and deny the remaining allegations in paragraph 93 of the Counterclaim.

94.     Counterclaim-Defendants admit the allegations in paragraph 94 of the Counterclaim.

95.    Counterclaim-Defendants deny the allegations in paragraph 95 of the Counterclaim.

96.    Counterclaim-Defendants deny the allegations in paragraph 96 of the Counterclaim.

97.    Counterclaim-Defendants deny the allegations in paragraph 97 of the Counterclaim.

98.    Counterclaim-Defendants deny the allegations in paragraph 98 of the Counterclaim.

99.    Counterclaim-Defendants deny the allegations in paragraph 99 of the Counterclaim.

100.   Counterclaim-Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Counterclaim.

101.   Counterclaim-Defendants admit that GTCR was a potential financial backer for MoonScoop's proposed transaction with American Greetings.  Counterclaim-Defendants state that they are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 101 of the Counterclaim.

102.   Counterclaim-Defendants deny the allegations in paragraph 102 of the Counterclaim.

103.   Counterclaim-Defendants deny the allegations in paragraph 103 of the Counterclaim.

104.    Counterclaim-Defendants deny the allegations in paragraph 104 of the Counterclaim and further state that they have asked the Court to determine the legal rights and obligations of the parties.

105.    Counterclaim-Defendants deny the allegations in paragraph 105 of the Counterclaim.

106.    Counterclaim-Defendants deny the allegations in paragraph 106 of the Counterclaim.

107.    In response to paragraph 107 of the Counterclaim, Counterclaim-state that the MoonScoop Term Sheet speaks for itself.

108.    In response to paragraph 108 of the Counterclaim, Counterclaim-state that the MoonScoop Term Sheet speaks for itself.

109.    Counterclaim-Defendants deny the allegations in paragraph 109 of the Counterclaim.

110.    In response to paragraph 110 of the Counterclaim, Counterclaim-Defendants state that the May 2008 Agreement speaks for itself.

111.    In response to paragraph 111 of the Counterclaim, Counterclaim-Defendants admit that the May 2008 Agreement was subsequently amended and further state that each amendment speaks for itself.

112.    Counterclaim-Defendants admit that the May 2008 Agreement was amended in March 2009 and further state that such amendment speaks for itself. Counterclaim-Defendants deny the remaining allegations in paragraph 112 of the Counterclaim.

113.    Counterclaim-Defendants admit that the May 2008 Agreement was amended in March 2009 and further state that such amendment speaks for itself. Counterclaim-Defendants deny the remaining allegations in paragraph 113 of the Counterclaim.

114.    Counterclaim-Defendants admit that the May 2008 Agreement was amended in March 2009 and further state that such amendment speaks for itself. Counterclaim-Defendants deny the remaining allegations in paragraph 114 of the Counterclaim.

115.    In response to paragraph 115 of the Counterclaim, Counterclaim-Defendants state that the 2001 License Agreement speaks for itself.

116.    Counterclaim-Defendants state that they are without knowledge or information sufficient to form a belief as to the allegations in paragraph 116 of the Counterclaim.

117.    Counterclaim-Defendants deny the allegations in paragraph 117 of the Counterclaim.

118.    Counterclaim-Defendants deny the allegations in paragraph 118 of the Counterclaim.

119.    In response to paragraph 119 of the Counterclaim, Counterclaim-Defendants state that they are without knowledge or information sufficient to form a belief as to whether it is beyond peradventure that MYP and MoonScoop were aware of the terms of the Letter Agreement and the 2001 License Agreement prior to entering into the MoonScoop Term Sheet and the amendment to the May 2008 Agreement.

Counterclaim-Defendants further state that the Letter Agreement and the 2001 License Agreement speak for themselves.

120.    Counterclaim-Defendants state that paragraph 120 of the Counterclaim contains allegations  directed to MoonScoop and MYP to which no response is required. To the extent paragraph 120 of the Counterclaim contains allegations to which a response is required, Counterclaim-Defendants deny same.

121.    Counterclaim-Defendants state that paragraph 121 of the Counterclaim contains allegations directed to MoonScoop and MYP to which no response is required. To the extent paragraph 121 of the Counterclaim contains allegations to which a response is required, Counterclaim-Defendants state that the MoonScoop Term Sheet and the amendment to the May 2008 Agreement speak for themselves and deny the remaining allegations.

122.    In response to paragraph 122 of the Counterclaim, Counterclaim-Defendants state that the Letter Agreement speaks for itself.

123.    Counterclaim-Defendants deny the allegations in paragraph 123 of the Counterclaim.

124.    In response to paragraph 124 of the Counterclaim, Counterclaim-Defendants state that the Letter Agreement and the June 7, 2009 letter speak for themselves.

125.    Counterclaim-Defendants state that the June 7, 2009 letter speaks for itself and deny the remaining allegations in paragraph 125 of the Counterclaim.

126.    In response to paragraph 126 of the Counterclaim, Counterclaim-Defendants state that the Letter Agreement and the MoonScoop Term Sheet speak for themselves.

127.    Counterclaim-Defendants repeat and reallege each and every response set forth in the preceding paragraphs as though fully set forth herein.

128.    Counterclaim-Defendants admit the allegations in paragraph 128 of the Counterclaim.

129.    Counterclaim-Defendants admit that they attempted to mitigate their damages caused by Cookie Jar's fraud, breaches, and other wrongful conduct by completing a sale of the Properties, including Cookie Jar's rights in Strawberry Shortcake, to MoonScoop.  Counterclaim-Defendants deny the remaining allegations in paragraph 129 of the Counterclaim.

130.    Counterclaim-Defendants deny the allegations in paragraph 130 of the Counterclaim.

131.    Counterclaim-Defendants deny the allegations in paragraph 131 of the Counterclaim.

132.    Counterclaim-Defendants deny the allegations in paragraph 132 of the Counterclaim.

133.    In response to paragraph 133 of the Counterclaim, Counterclaim-Defendants state that the Letter Agreement and the MoonScoop Term Sheet speak for themselves.

134.    Counterclaim-Defendants admit the allegations in paragraph 134 of the Counterclaim.

135.    Counterclaim-Defendants deny the allegations in paragraph 135 of the Counterclaim.

136.    Counterclaim-Defendants deny the allegations in paragraph 136 of the Counterclaim.

137.    Counterclaim-Defendants repeat and reallege each and every response set forth in the preceding paragraphs as though fully set forth herein.

138.    Counterclaim-Defendants deny the allegations in paragraph 138 of the Counterclaim.

139.    Counterclaim-Defendants deny the allegations in paragraph 139 of the Counterclaim.

140.    Counterclaim-Defendants deny the allegations in paragraph 140 of the Counterclaim.

141.    Counterclaim-Defendants deny the allegations in paragraph 141 of the Counterclaim.

142.    Counterclaim-Defendants deny the allegations in paragraph 142 of the Counterclaim.

143.    Counterclaim-Defendants repeat and reallege each and every response set forth in the preceding paragraphs as though fully set forth herein.

144.    Counterclaim-Defendants deny the allegations in paragraph 144 of the Counterclaim.

145.    Counterclaim-Defendants deny the allegations in paragraph 145 of the Counterclaim.

146.    Counterclaim-Defendants deny the allegations in paragraph 146 of the Counterclaim.

147.    Counterclaim-Defendants deny the allegations in paragraph 147 of the Counterclaim.

148.    Counterclaim-Defendants repeat and reallege each and every response set forth in the preceding paragraphs as though fully set forth herein.

149.    Counterclaim-Defendants deny the allegations in paragraph 149 of the Counterclaim.

150.    Counterclaim-Defendants deny the allegations in paragraph 150 of the Counterclaim.

151.    Counterclaim-Defendants deny the allegations in paragraph 151 of the Counterclaim.

152.    Counterclaim-Defendants deny the allegations in paragraph 152 of the Counterclaim.

153.    Counterclaim-Defendants deny the allegations in paragraph 153 of the Counterclaim.

154.    Counterclaim-Defendants deny the allegations in paragraph 154 of the Counterclaim.

155.    Counterclaim-Defendants repeat and reallege each and every response set forth in the preceding paragraphs as though fully set forth herein.

156.    Counterclaim-Defendants deny the allegations in paragraph 156 of the Counterclaim.

157.    Counterclaim-Defendants deny the allegations in paragraph 157 of the Counterclaim.

158.    Counterclaim-Defendants deny the allegations in paragraph 158 of the Counterclaim.

159.    Counterclaim-Defendants state that paragraphs 159 to 171 of the Counterclaim contain allegations directed to MoonScoop and MYP to which no response is required.  To the extent paragraphs 159 to 171 of the Counterclaim contain allegations to which a response is required, Counterclaim-Defendants deny same.

160.    Counterclaim-Defendants deny all allegations that have not been expressly admitted above.

## SECOND DEFENSE

161.    The Counterclaim fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

162.    Counterclaimants' claims are barred, in whole or in part, by consent, ratification, laches, estoppel and/or waiver.

## FOURTH DEFENSE

163.    Counterclaimants' claims are barred, in whole or in part, by a failure of consideration.

## FIFTH DEFENSE

164.    Counterclaimants' claims are barred, in whole or in part, by their failure of performance.

### SIXTH DEFENSE

165.    Counterclaimants' claims are barred because of their own breaches of contract.

### SEVENTH DEFENSE

166.    Counterclaimants' alleged damages, if any, are reduced, eliminated, and barred, in whole or in part, by the doctrines of setoff and recoupment.

### EIGHTH DEFENSE

167.    Counterclaimants' claims are barred, in whole or in part, by the doctrine of unclean hands.

### NINTH DEFENSE

168.    Counterclaimants' claims are barred, in whole or in part, because of their fraud, misrepresentations, and misconduct.

### TENTH DEFENSE

169.    Counterclaimants' would be unjustly enriched if granted the relief they request.

### ELEVENTH DEFENSE

170.    Counterclaimants' claims are barred, in whole or in part, by a failure to mitigate their damages, if any.

### TWELFTH DEFENSE

171.    Counterclaim-Defendants reserve the right to assert any additional affirmative or other defenses which may become known.

Having fully answered, Counterclaim-Defendants pray that Counterclaimants take nothing from this suit, and that the Court enter judgment in favor of Counterclaim-

Defendants and against Counterclaimants, grant Counterclaim-Defendants their costs of suit and attorneys' fees, and grant Counterclaim-Defendants such other relief as the Court may deem just.

Respectfully submitted,


*s/Damond R. Mace*
Damond R. Mace (0017102)
*dmace@ssd.com*
Steven A. Friedman (0060001)
*sfriedman@ssd.com*
Donald W. Herbe (0076500)
*dherbe@ssd.com*
SQUIRE, SANDERS & DEMPSEY L.L.P.
4900 Key Tower
127 Public Square
Cleveland, Ohio  44114
Phone:  (216) 479-8500
Fax:  (216) 479-8780

Attorneys for American Greetings Corporation
and Those Characters From Cleveland, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on December 23, 2009, a copy of foregoing Answer was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/Damond R. Mace*
One of the Attorneys for American
Greetings Corporation and Those
Characters From Cleveland, Inc.

## JURY DEMAND

Counterclaim-Defendants request a jury of the maximum number allowed by law for all issues so triable.

_s/Damond R. Mace_
Damond R. Mace