# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **MOONSCOOP SAS,** | ) Case 1:09-CV-01885 |
| Plaintiff, | ) |
| | ) **JUDGE JAMES S. GWIN** |
| v. | ) |
| **AMERICAN GREETINGS CORPORATION,** | ) |
| Defendant/Third Party Plaintiff, | ) |
| v. | ) |
| **COOKIE JAR ENTERTAINMENT, INC.,** | ) |
| Third-Party Defendant. | ) |

## MOONSCOOP SAS' AND MIKE YOUNG PRODUCTIONS, LLC'S
## JOINT MOTION FOR LEAVE TO AMEND AND SUPPLEMENT COMPLAINT

Pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, Plaintiff/Crossclaim-Defendant MoonScoop SAS ("MoonScoop") and Cross-Claim Defendant Mike Young Productions, LLC, now known as MoonScoop, LLC ("MYP"), hereby move this Court for leave to file and serve the attached Second Amended and Supplemental Complaint.  The proposed pleading requests leave to supplement in order to request additional relief arising from:

(1) the obligation of Defendant American Greetings Corporation ("American Greetings") to indemnify and defend MoonScoop and its subsidiary, MYP, against any costs, expenses and liabilities resulting from any claims or actions asserted by Cross-Claimant Cookie Jar Entertainment, Inc. and Cookie Jar Entertainment (USA) Inc. (the "Cookie Jar Parties") pursuant to the March 24, 2009 Binding Term Sheet attached as Exhibit A to the existing Complaint (the "Binding Term Sheet"); and

CLE - 2214976.1

(2) the obligation of Third-Party Counterclaim Defendant Those Characters from Cleveland, Inc. ("TCFC") to indemnify, defend, save and hold harmless MoonScoop and MYP pursuant to a Work-Made-For-Hire Production Agreement on May 1, 2008, as amended by the parties on July 25, 2008, September 17, 2008, January 30, 2009 and March 20, 2009 (the "Work-For-Hire Agreement").

The proposed Second Amended and Supplemental Complaint further seeks to add Cross-Claim Defendant MYP as a Plaintiff and Counterclaim Defendant TCFC as a Defendant for the purposes of pursuing these rights.

In addition, the proposed Second Amended and Supplemental Complaint seeks to modify one of the claims for relief against Defendant American Greetings in connection with its failure to fulfill its obligations under the parties' March 24, 2009 Binding Term Sheet.

Leave to supplement is warranted under Rule 15(d) because these new matters are based primarily on additional facts and claims that have arisen or ripened since the filing of this action and Plaintiff's First Amended Complaint. In the alternative, to the extent that any part of the additional matters raised in the proposed pleadings may be construed as requesting leave to amend, leave to amend should be freely granted pursuant to Rule 15(a).

A Memorandum in Support of this Motion is attached hereto, along with the proposed pleading.

Respectfully submitted,

/s/ Michael J. Garvin
Michael J. Garvin (0025394)
mjgarvin@hahnlaw.com
Eric B. Levasseur (0075353)
eblevasseur@hahnlaw.com
Jeffrey A. Yeager (0068062)
jyeager@hahnlaw.com
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio  44114-2316
Telephone:  216-621-0150
Facsimile:  216-241-2824

*Attorneys for Plaintiff/Crossclaim Defendant MoonScoop SAS and New Third Party Crossclaim Defendant Mike Young Productions, LLC*

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION**

Plaintiff MoonScoop and Cross-Claim Defendant MYP respectfully request that this Court grant them leave to file the attached Second Amended and Supplemental Complaint, primarily as a result of matters that have been raised since the filing of this lawsuit and MoonScoop's First Amended Complaint.  There will be no unfair prejudice or surprise to Defendant, nor will the inclusion of the additional matters result in any delay in the trial schedule, so leave to file the Second Amended and Supplemental Complaint should be granted pursuant to Rule 15(d) of the Federal Rules of Civil Procedure.

**II.    BACKGROUND**

Plaintiff MoonScoop filed this lawsuit against Defendant American Greetings on August 11, 2009.  MoonScoop seeks (i) a declaration that MoonScoop and American Greetings are parties to a binding and enforceable contract (the Binding Term Sheet), and that American Greetings must comply with its obligations under that contract, (ii) specific performance of American Greetings' promise to sell the Strawberry Shortcake and Care Bear properties free and clear of any competing interests, or, (iii) in the alternative, damages for American Greetings' failure to fulfill its contractual obligations.

On September 3, 2009, American Greetings filed an Answer to Plaintiff's Complaint, along with a Third-Party Complaint against Cookie Jar Entertainment, Inc. ("Cookie Jar").

On November 2, 2009, MoonScoop filed a Motion for Leave to File a First Amended Complaint, which was submitted primarily to add certain factual allegations arising from statements made by American Greetings following commencement of this action that bear directly on MoonScoop's claims, and to amend its demand for judgment to include additional

relief in the form of an equitable accounting for all profits and other benefits obtained by American Greetings from the Properties (as that term is defined in MoonScoop's Complaint) from June 7, 2009 to the present.  That motion for leave was granted, and the First Amended Complaint was filed on December 1, 2009.

On November 30, 2009, Cookie Jar filed an Answer to American Greetings Third-Party Complaint and along with new party Cross-Claim Plaintiff Cookie Jar Entertainment (USA) Inc., filed a Cross-Claim against MoonScoop, and added MYP as an additional Cross-Claim Defendant.  In its Cross-Claim, the Cookie Jar Parties allege claims against MoonScoop and/or MYP for Civil Conspiracy, Tortious Interference with Business Relations, and Aiding and Abetting Fraud, based upon the submission and execution of the Binding Term Sheet on which MoonScoop's Complaint against American Greetings is based.

Under these circumstances, the Binding Term Sheet at issue expressly requires American Greetings to indemnify and defend both MoonScoop and MYP against the claims raised by Cookie Jar.  The Binding Term Sheet specifically provides in relevant part that:

> Indemnification:
>
> If any of MOONSCOOP, its subsidiaries and/or its affiliates, and/or any of their respective shareholders, officers, directors, employees or advisors (the **"MOONSCOOP Parties"**) is named as a party in any claim or legal action arising from the purchase of the Properties and the claimant or claimants in such action assert that American Greetings did not have the legal right to sell and transfer the Properties to MOONSCOOP, as provided herein, **or such third party claims or actions otherwise arise as a result of the submission or execution of this Binding Term Sheet, then American Greetings shall indemnify and defend the MOONSCOOP Parties against any costs, expenses and liabilities resulting from such claim or action** …

Binding Term Sheet, pp. 5-6 (emphasis added).

Indemnification is also warranted under the Work-For-Hire Agreement, which provides that:

5

> [TCFC] represents and warrants (i) […] that it has the full right, power and authority to enter into [the Work-For-Hire Agreement], to perform fully the terms and conditions of [the Work-For-Hire Agreement] and to engage MYP to perform the services to be performed by MYP hereunder, and the permission of no other party is required in connection therewith; [...] (iv) that the [Properties] and materials supplied by, or on behalf of, [TCFC] to MYP in connection with the [services under the Work-For-Hire Agreement] [...] will not violate or infringe the [...] personal, private, civil or property right [...] or any other right of any person, entity or corporation, or constitute unfair competition[.] [TCFC] shall indemnify, defend, save and hold MYP and any of its parents, subsidiaries or affiliates, and their respective officers, directors, shareholders, agents, attorneys, employees, representatives, heirs, successors and assigns, harmless from any and all actions, claims, losses, liabilities, damages and other costs and expenses (including, without limitation, reasonable attorneys' fees and costs) arising out of or relating to any breach by [TCFC] of any of its representations, warranties, agreements, obligations or agreements under this [Work-For-Hire Agreement] or, excepting any matters which are subject to MYP's indemnification, any claim losses, costs, damages, liabilities and expenses arises [sic] out of in connection with any production, distribution or exploitation of the production of the [Properties].

The Cookie Jar Parties' Cross-Claim undeniably falls within the scope of these indemnification provisions. Indeed, for that reason, American Greetings has indemnified both MoonScoop and MYP against claims Cookie Jar has asserted against them in the now-stayed action pending in state court in New York. Accordingly, on December 10, 2009 – shortly after Cookie Jar filed its Cross-Claim against MoonScoop and MYP – counsel for MoonScoop and MYP herein advised counsel for American Greetings and TCFC that it was defending the claims against Cookie Jar in Ohio, pursuant to the indemnification and defense which American Greetings had previously provided in connection with claims brought by Cookie Jar against MoonScoop and MYP in related litigation in New York.

The very next day, on December 11, 2009, the Court convened a Case Management Conference, in which MoonScoop specifically raised before the Court and American Greetings the concern that it could not freely negotiate on its own behalf a settlement with Cookie Jar without risking its right to indemnification as set forth above. As this Court may recall, American Greetings not only confirmed that it would deny indemnification if direct negotiations

6

CLE - 2214976.1

between Cookie Jar and MoonScoop occurred, but in fact vigorously maintained that position at the Case Management Conference.

Despite its statements and conduct at the Case Management Conference, American Greetings has now disclaimed any obligation to indemnify MoonScoop or MYP for Cookie Jar's claims in this Court.

The refusal of American Greetings and TCFC to indemnify MoonScoop and MYP against the Cookie Jar Parties' Cross-Claim is an additional breach of American Greetings' obligations under the Binding Term Sheet, and TCFC's obligations under the Work-For-Hire Agreement. As discussed below, leave to supplement is warranted herein in order to update the pleadings and allow all related claims to be tried in a single case.

MoonScoop also seeks to make one change to the relief it requests against American Greetings, which will cause American Greetings no true prejudice, will not expand the scope of discovery, or threaten the case schedule in any way. Specifically, in Paragraph E of its Prayer for Relief in the Amended Complaint, MoonScoop requests a "judgment requiring American Greetings to account to MoonScoop for all profits and other benefits it has obtained from the Properties since June 7, 2009." Having had further opportunity to analyze American Greetings' liability for failing to deliver the Properties free of Cookie Jar's claims, MoonScoop believes that it is entitled to a judgment against American Greetings in the amount of all *revenues* profits and/or other benefits generated on the Properties since June 7, 2009.

7

**III. LAW & ARGUMENT**

The Cross-Claim filed by the Cookie Jar Parties is plainly within the scope of the indemnification provision of the Binding Term Sheet, as it is asserted "as a result of the submission or execution of this Binding Term Sheet..." See Binding Term Sheet, pp. 5-6. The claims by Cookie Jar are also within the scope of TCFC's indemnification obligation under the Work-For-Hire Agreement.

Accordingly, MoonScoop and MYP seek leave to supplement the pleadings in order to request additional relief arising from the obligation of American Greetings and TCFC to indemnify and defend MoonScoop and its subsidiary, MYP, against any costs, expenses and liabilities resulting from any claims or actions asserted by Cookie Jar. Under these circumstances, leave to supplement should be freely granted to allow all claims and issues arising under the Binding Term Sheet and the Work-For-Hire Agreement to be resolved on their merits and in a single proceeding.

Federal Rule of Civil Procedure 15(d) expressly authorizes the supplementation of a pleading to address new matters, providing that:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.

The standard for evaluating a motion to supplement a pleading under Fed.R.Civ.P. 15(d) is essentially the same as the standard for evaluating a motion to amend a pleading filed under Fed.R.Civ.P. 15(a). *See Spies v. Voinovich*, 2002 U.S. App. LEXIS 20908, 48 Fed. App. 520, 527 (6th Cir. 2002) (citing *Glatt v. Chicago Park District*, 87 F.3d 190 (7th Cir. 1996) (same standard applies for both Rule 15(a) and 15(d)). Thus, under both Rules 15(a) and 15(d), leave

8

to amend or supplement pleadings should be "freely given," as established in *Foman v. Davis*, 371 U.S. 178 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182. The principle that leave to amend pleadings should be freely given is firmly established in the Sixth Circuit, and is based upon the policy in favor of deciding cases on their merits. *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1986).

The Court will already be resolving claims and defenses arising out of or relating to the Binding Term Sheet as well as the Work-For-Hire Agreement. Resolving these matters on their merits in the consolidated action that is already pending, rather than requiring a third related lawsuit in this venue, would promote both fairness and judicial economy.

Indeed, there should not be any substantial discovery required other than that already required to litigate the existing claims. There will thus be no prejudice to American Greetings or TCFC, nor any undue delay to these proceedings. Accordingly, leave to file and serve the attached Second Amended and Supplemental Complaint should be granted so that all claims and issues may be resolved on their merits in a single action.

Likewise, allowing MoonScoop to make a modest amendment to its prayer for relief, to seek damages in the amount of all revenues, profits and/or other benefits generated by the Properties since June 7, 2007, rather than only the profits received by American Greetings since then, will cause American Greetings no true prejudice. This amendment merely asserts a slightly

9

different measure of damages, will require no additional discovery, and will not affect the schedule in this case in any way.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff/Crossclaim-Defendant MoonScoop and Crossclaim Defendant MYP hereby move this Court for leave to file and serve the Second Amended and Supplemental Complaint attached hereto as Exhibit A.

          Respectfully submitted,

          /s/ Michael J. Garvin
          Michael J. Garvin (0025394)
          mjgarvin@hahnlaw.com
          Eric B. Levasseur (0075353)
          eblevasseur@hahnlaw.com
          Jeffrey A. Yeager (0068062)
          jyeager@hahnlaw.com

          HAHN LOESER & PARKS LLP
          200 Public Square, Suite 2800
          Cleveland, Ohio 44114-2316
          Telephone: 216-621-0150
          Facsimile: 216-241-2824

          *Attorneys for Plaintiff/Crossclaim Defendant MoonScoop SAS and New Third Party Crossclaim Defendant Mike Young Productions, LLC*

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed electronically this 12th day of January 2010.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Michael J. Garvin
*One of the Attorneys for Plaintiff/Crossclaim Defendant MoonScoop SAS and New Third Party Crossclaim Defendant Mike Young Productions, LLC*

CLE - 2214976.1