UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
MOONSCOOP SAS, :
: CASE NO. 1:09-CV-1885
Plaintiff, :
:
vs. : OPINION & ORDER
: [Resolving Doc. No. 60]
AMERICAN GREETINGS CORP., :
:
Defendant/Third-Party Plaintiff, :
:
vs. :
:
COOKIE JAR ENTERTAINMENT, :
INC., :
:
Third-Party Defendant. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this breach of contract case, Plaintiff MoonScoop SAS and Cross-Claim Defendant Mike Young Productions, LLC—now known as MoonScoop, LLC—move this Court for leave to file a Second Amended and Supplemental Complaint. [Doc. 60.] Defendant American Greetings opposes the motion. [Doc. 68.]

The MoonScoop parties seek leave to add claims arising out of indemnification agreements between them and American Greetings and one of its subsidiaries. According to MoonScoop, these agreements are contained in the same contracts that give rise to the claims already before this Court. [Doc. 60 at 9.]

-1-

Case No. 1:09-CV-1885
Gwin, J.

American Greetings opposes the motion on the grounds that the additional claims are tangential, untimely, and futile. [Doc. 68.]

Federal Rule of Civil Procedure 15(a)(2) provides that the Court "should freely give leave [to amend a pleading] when justice so requires." The decision whether "justice so requires" the amendment is at the district court's sound discretion. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).

As the Sixth Circuit has observed, "[t]he thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982). Accordingly, the Supreme Court has directed that

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962) (quoting Fed. R. Civ. P. 15(a)). The Court examines these *Foman* factors in light of Rule 1's directive that the rules "are to be construed to secure the just, speedy, and inexpensive determination of every action." *See Foman*, 371 U.S. at 182.

Expanding on *Foman* and *Zenith Radio*, the Sixth Circuit has noted that

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; [or] significantly delay the resolution of the dispute . . . .

*Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994) (citation omitted).

In this case, although the Court recognizes that MoonScoop's amendments are offered past the deadline set in this Court's scheduling order, the Court nevertheless finds that leave should be

-3-

Case No. 1:09-CV-1885
Gwin, J.

given. The new claims and allegations are sufficiently related to the existing claims that no prejudice or delay would result from their addition. Moreover, the Court declines to find as a matter of law, at this stage of the litigation, that the MoonScoop parties are not entitled to indemnification.

To the extent American Greetings expresses concern about the potential for confusion and inefficiency at trial if the amendments are allowed, the Court notes that alternative methods for simplifying a trial exist and could be utilized in this case.

Accordingly, the Court **GRANTS** the Plaintiffs' motion for leave to amend.

IT IS SO ORDERED.


Dated: February 4, 2010                s/      *James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE