# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| MOONSCOOP SAS, | ) CASE NO. 1:09CV1885 |
| and | )<br>) JUDGE JAMES S. GWIN |
| MIKE YOUNG PRODUCTIONS, LLC, | )<br>) **SECOND AMENDED AND** |
| Plaintiffs, | ) **SUPPLEMENTAL COMPLAINT FOR**<br>) **BREACH OF CONTRACT AND** |
| v. | ) **SPECIFIC PERFORMANCE** |
| AMERICAN GREETINGS CORPORATION, | )<br>) **JURY DEMAND ENDORSED HEREON** |
| Defendant/Third Party Plaintiff | ) |
| and | )<br>) |
| THOSE CHARACTERS FROM CLEVELAND,<br>INC., | )<br>)<br>) |
| Defendant, | )<br>) |
| v. | )<br>) |
| COOKIE JAR ENTERTAINMENT, INC., | )<br>)<br>) |
| Third-Party Defendant/<br>Counterclaimant/<br>Crossclaimant, | )<br>)<br>) |
| and | )<br>) |
| COOKIE JAR ENTERTAINMENT (USA) INC.<br>F/K/A DIC ENTERTAINMENT<br>CORPORATION, | )<br>)<br>) |
| New Party Counterclaim<br>Plaintiff and Crossclaim<br>Plaintiff, | )<br>)<br>) |
| v. | )<br>) |
| AMERICAN GREETINGS CORPORATION, | )<br>) |
| Counterclaim-Defendant, | )<br>)<br>) |

and                                           )
                                              )
THOSE CHARACTERS FROM CLEVELAND,              )
INC.,                                         )
                                              )
        New Party Counterclaim-               )
        Defendant,                            )
                                              )
and                                           )
                                              )
MOONSCOOP SAS,                                )
                                              )
        Crossclaim-Defendant,                 )
                                              )
and                                           )
                                              )
MIKE YOUNG PRODUCTIONS, LLC,                  )
                                              )
        New Party Crossclaim-                 )
        Defendant.                            )
                                              )

Plaintiffs MoonScoop SAS ("MoonScoop") and Mike Young Productions, LLC, now

known as MoonScoop, LLC ("MYP"), for their Second Amended and Supplemental Complaint

seeking specific performance and other relief against Defendant American Greetings Corporation

("American Greetings") and Those Characters from Cleveland, Inc. ("TCFC"), state as follows:

## INTRODUCTION

1.      This case concerns the one-of-a-kind and well-known illustrated characters

"Strawberry Shortcake" and the "Care Bears" and their various illustrated friends and

companions (collectively, the "Properties").  Simply put, MoonScoop and American Greetings

entered into a binding contract pursuant to which MoonScoop would buy the Strawberry

Shortcake and the Care Bear intellectual properties from American Greetings for $95,000,000.

But after American Greetings represented to this Court in a separate action that it had, in fact,

entered into that binding contract with MoonScoop, and further that it was ready, willing and

able to close the deal, American Greetings is now attempting to back out of the deal with

2

MoonScoop in bad faith.  As a result, MoonScoop has been forced to file this lawsuit seeking (i) a declaration that MoonScoop and American Greetings are parties to a binding and enforceable contract and that American Greetings must comply with its obligations under that contract, (ii) specific performance of American Greetings' promise to sell the Strawberry Shortcake and Care Bear properties free and clear of any competing interests, or, (iii) in the alternative, damages for American Greetings' failure to fulfill its contractual obligations.  In addition, American Greetings and TCFC have breached their contractual obligations to defend and indemnify MoonScoop and MYP against Cross-Claims asserted in this lawsuit by Cross-Claimant Cookie Jar Entertainment, Inc. and Cookie Jar Entertainment (USA) Inc. (the "Cookie Jar Parties").

## THE PARTIES

2.     Plaintiff MoonScoop is a French international entertainment and distribution company with its principal place of business located at 14, rue Alexandre Parodi 75010 Paris, France.

3.     Plaintiff MYP is a limited liability company organized under the laws of the State of California with its principal place of business located at 21300 Oxnard Street, Suite 100, Woodland Hills, California 91367.  MYP is a subsidiary and affiliate of MoonScoop.

4.     Defendant American Greetings is an Ohio corporation with its principal place of business at One American Road, Cleveland, Ohio 44144.

5.     Defendant TCFC is an Ohio corporation with its principal place of business at One American Road, Cleveland, Ohio 44144.  TCFC is a subsidiary of American Greetings.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

7.     Venue is proper pursuant to 28 U.S.C. § 1391.  Moreover, the parties to the March 24, 2009 Binding Term Sheet at issue in this case ("Binding Term Sheet") expressly agreed that

any dispute or controversy arising under or related in any way to the Binding Term Sheet "shall be adjudicated by a court of competent jurisdiction located in the State of Ohio."

## FACTUAL ALLEGATIONS

### *The Properties*

8.　　Since her creation by American Greetings in the 1970s, Strawberry Shortcake and her various illustrated friends have become some of the world's most unique, recognizable, and valuable intellectual properties. Strawberry Shortcake was designed to convey a wholesome and fun image for families, children, and young girls in particular.

9.　　The Care Bears are a set of illustrated characters used in various products such as greeting cards, toys, animated television series and movies.  The Care Bears became wildly popular in the mid-1980s when they appeared in a television series and three feature films.

10.　　Over the last 30 years, the Strawberry Shortcake and Care Bear characters have become familiar and beloved friends for millions of adults and children alike.

### *The Cookie Jar Agreements*

11.　　In October 2001, an American Greetings subsidiary, Those Characters From Cleveland, Inc. ("TCFC"), entered into a long-term contract with DIC Entertainment Corp. ("DIC"), pursuant to which DIC obtained rights to market and distribute certain television, video, merchandising and other products involving Strawberry Shortcake (the "License Agreement").

12.　　Due to the long-term nature of the License Agreement, as well as the unique nature of the Properties, the License Agreement precluded DIC from selling, assigning or transferring its rights or interests in Strawberry Shortcake, and from selling itself (and thus control over Strawberry Shortcake) to a direct competitor of American Greetings.

13.　　Notwithstanding these restrictive provisions of the License Agreement, in June 2008, DIC and its parent, DIC Entertainment Holdings, Inc., entered into an agreement with

4

Cookie Jar Entertainment, Inc. ("Cookie Jar"), pursuant to which DIC transferred its rights and interests in Strawberry Shortcake to Cookie Jar.

14.     In response, American Greetings terminated the License Agreement and filed an action in the Cuyahoga County, Ohio Court of Common Pleas for injunctive and declaratory relief (the "First Cookie Jar Action").  That court entered a temporary restraining order in favor of American Greetings.  The First Cookie Jar Action was then removed to this Court, expedited discovery took place, and a preliminary injunction hearing was scheduled.

15.     Shortly before the injunction hearing, on or about July 20, 2008, American Greetings and Cookie Jar entered into several interrelated agreements that settled the First Cookie Jar Action.

16.     One of those agreements was a new long-term licensing agreement between American Greetings and Cookie Jar that is extraordinarily lucrative for Cookie Jar.  Under that new licensing agreement, Cookie Jar is entitled to more than 50% of certain revenues associated with Strawberry Shortcake during the life of the long-term licensing agreement, which could extend beyond the year 2015.  The industry standard is more typically 25% to 30% of revenues.

17.     In another of the American Greetings-Cookie Jar settlement agreements, a July 20, 2008 Binding Letter Agreement (the "Cookie Jar Letter Agreement"), Cookie Jar agreed to buy the Strawberry Shortcake and Care Bear properties from American Greetings for $195,000,000.  Cookie Jar was required to close that transaction by September 30, 2008.  If it did not, American Greetings was free to "shop" the Strawberry Shortcake and Care Bear properties to other potential purchasers for a period of six months.

18.     Under the Cookie Jar Letter Agreement, if American Greetings received another offer for the Properties, Cookie Jar had the option to match that offer.  But if Cookie Jar failed to

5

match, or failed to close on a matching offer, American Greetings was free to sell the Properties

to that third-party bidder.  Furthermore, pursuant to a "drag along" provision in the Cookie Jar

Letter Agreement, Cookie Jar was obligated to transfer all of its licensing rights and interests in

Strawberry Shortcake to that third-party purchaser in exchange for 20% of the purchase price.

19.     Cookie Jar failed to complete its purchase of the Strawberry Shortcake and Care

Bear properties by September 30, 2008.  Thus, under the Cookie Jar Letter Agreement, American

Greetings was free to, and did, shop the Properties to other potential purchasers, one of which

was MoonScoop.

### The Binding Term Sheet

20.     MoonScoop and American Greetings then made their deal.  On March 24, 2009,

MoonScoop and American Greetings signed a "Binding Term Sheet," a copy of whch is attached

as Exhibit A, pursuant to which MoonScoop agreed to pay American Greetings $95,000,000 for

the Properties, with closing to occur on June 7, 2009, the seventy-fifth day after the date of the

Binding Term Sheet and therefore the last day provided for closing set forth in that agreement.

21.     The Binding Term Sheet requires American Greetings to transfer the Properties to

MoonScoop at the closing of the transaction "free and clear of all liens, claims and security

interests, except for the interests held by Hasbro and by existing licensees in the normal course"

(*Id.* at 1) which, as set forth below, required American Greetings to transfer the Properties to

MoonScoop free of any interests claimed by Cookie Jar.

22.     Notably, the Binding Term Sheet recognized that Cookie Jar had a right to match

MoonScoop's offer and that it might attempt to do so.  Thus, the Binding Term Sheet provided:

> Cookie Jar's delivery of such matching notice shall have no affect
> on [American Greetings'] or MoonScoop's rights or obligations
> under this Binding Term Sheet unless and until Cookie Jar
> consummates such matching offer.  [American Greetings'] and
> MoonScoop's obligations under this Binding Term Sheet shall be

6

tolled and the Closing Date shall be postponed (but in no event later than the 75th day following the date of this Binding Term Sheet) during any time period in which Cookie Jar has exercised the Matching Right, but has not yet closed on an acquisition of the Properties.  American Greetings shall keep MoonScoop reasonably informed of the status, terms and conditions of any conversations with Cookie Jar after receipt of this Binding Term Sheet.  (*Id.* at 4-5.)

23.     The Binding Term Sheet also provided that "[e]ach party hereto shall use commercially reasonable efforts to take, or cause to be taken, all appropriate actions and all things reasonably necessary to consummate and make effective the transactions contemplated by this [Binding Term Sheet]." *Id.* at 7.

24.     Finally, in recognition of the fact that the Properties are one-of-a-kind, and that damages would be an insufficient remedy for breach, the Binding Term Sheet provided that, in the event of a breach, the non-breaching party "shall be entitled to specific performance of the sale and purchase of the Properties." *Id.* at 7.

### Cookie Jar's Attempts to Interfere With the Sale to MoonScoop

25.     Within days of the Binding Term Sheet, Cookie Jar began taking steps to derail the MoonScoop-American Greetings transaction by, among other things, attempting to prevent it from closing by June 7, 2009.

26.     On March 30, 2009, for example, Cookie Jar informed American Greetings that, pursuant to the terms of its negotiated settlement agreement with American Greetings, it would match MoonScoop's offer.  It never closed on that putative matching offer, however.

27.     On information and belief, Cookie Jar made this putative matching offer not because it was ready, willing or able to close on its putative matching offer.  Rather, it did so to block MoonScoop's purchase of the Strawberry Shortcake and Care Bear properties and thereby preserve its extraordinarily lucrative licensing rights in those Properties.

7

28.     In addition, Cookie Jar repeatedly told American Greetings that it would not relinquish its licensing rights to Strawberry Shortcake, as it was required to under the drag-along provision of the Cookie Jar Letter Agreement.  On information and belief, Cookie Jar did this in an attempt to derail American Greetings' deal with MoonScoop by preventing American Greetings from fulfilling its obligation under the Binding Term Sheet -- namely, selling Strawberry Shortcake to MoonScoop free and clear of Cookie Jar's licensing rights.

29.     Finally, on May 6, 2009, Cookie Jar filed a lawsuit in New York City against both American Greetings and MoonScoop seeking, among other things, a declaration that the "drag along" provision in the Cookie Jar Letter Agreement, which required it to transfer its rights and interests in the Strawberry Shortcake properties to MoonScoop, expired on March 31, 2009.

### *American Greetings Refuses to Comply with the Binding Term Sheet*

30.     American Greetings informed MoonScoop in early May, 2009 that Cookie Jar failed to close on its putative matching offer, thus giving MoonScoop the right under the Binding Term Sheet to purchase the Strawberry Shortcake and Care Bear properties from American Greetings free and clear of any interest held by Cookie Jar, including licensing interests.

31.     Later in May, representatives from MoonScoop and the private equity firm GTCR Fund IX/A, L.P. ("GTCR"), its potential financing source, met with American Greetings to discuss the deal and the process for conducting due diligence.  During these discussions, it became plain to both sides that American Greetings would not be able to fulfill its obligation under the Binding Term Sheet to deliver the Properties to MoonScoop free and clear of any interests held by Cookie Jar because of Cookie Jar's refusal to relinquish such interests.

32.     American Greetings' inability to deliver the Properties to MoonScoop free and clear of any interests held by Cookie Jar by the closing date did not negate any of American Greetings' obligations under the Binding Term Sheet.  Nevertheless, in an attempt to be a

8

cooperative business partner, MoonScoop advised American Greetings that it was willing to toll the closing deadline for a reasonable period of time until American Greetings secured the Properties free and clear of any interests held by Cookie Jar, at which point, American Greetings would sell the Properties to MoonScoop pursuant to the terms of the Binding Term Sheet.  To that end, American Greetings agreed to take all steps reasonably necessary to enforce its drag along rights under the Cookie Jar Letter Agreement in order to secure the Properties free and clear of any interests held by Cookie Jar.

33.     Based on American Greetings' agreement to take all steps reasonably necessary to enforce its drag along rights under the Cookie Jar Letter Agreement in order to secure the Properties free and clear of any interests held by Cookie Jar, MoonScoop worked diligently taking all necessary steps to be able to conclude its deal with American Greetings on June 7, 2009 subject only to any administrative requirements and American Greetings' agreement to take all steps  necessary to transfer the Properties free and clear of any interests held by Cookie Jar.

34.     MoonScoop, along with GTCR and its representatives, incurred significant costs, dedicated significant resources and worked around the clock reviewing documents and conducting intensive due diligence on the Properties in expectation that American Greetings would be able to secure full interests in the Properties quickly.  MoonScoop and GTCR spent significant time in meetings in Cleveland and Chicago with key American Greetings employees discussing the transaction.  Representatives of MoonScoop and GTCR also worked tirelessly to negotiate a long-form purchase agreement with American Greetings along with the other documents associated with the acquisition of the Properties.

35.     On May 28, 2009, MoonScoop secured a financing commitment from GTCR satisfying that condition to closing in the Binding Term Sheet.

9

36.     On May 29, 2009, MoonScoop informed American Greetings that it had secured financing.  As a result, MoonScoop stood ready, willing, and able to proceed to close on its purchase of the Strawberry Shortcake and Care Bear properties as soon as American Greetings fulfilled its contractual obligation to secure the Properties free and clear of any interests held by Cookie Jar.

37.     Initially, at least, American Greetings also worked to fulfill its contractual obligation to transfer the Properties free and clear of any interests held by Cookie Jar and close its deal with MoonScoop, or at least it purported to.  On May 6, 2009, for example, American Greetings filed suit against Cookie Jar in this Court seeking, among other things, a declaration that Cookie Jar was obligated by the Cookie Jar Letter Agreement's drag along provision to transfer its rights and interests in the Strawberry Shortcake properties to MoonScoop in connection with the MoonScoop-American Greetings transaction (the "Second Cookie Jar Action").

38.     Further, on June 2, 2009, American Greetings represented to this Court in an amended complaint in the Second Cookie Jar Action that "[MoonScoop] emerged as a potential buyer, and executed a Binding Term Sheet with American Greetings, dated March 24, 2009 for the purchase of 'Strawberry Shortcake' and certain other properties for $95,000,000;" that "MoonScoop has received financing commitment, and wishes to close the transaction reflected in the Binding Term Sheet"; and that "[American Greetings] and MoonScoop are ready willing and able to close on the transaction set forth in the Binding Term Sheet…"

39.     Based on those representations, American Greetings in the Second Cookie Jar Action sought -- and, indeed, still purports to seek -- a declaratory judgment ordering Cookie Jar to "immediately relinquish all of their license rights in 'Strawberry Shortcake' to effectuate the

closing of the transaction represented in the Binding Term Sheet between American Greetings and MoonScoop."

40.     Although the parties worked diligently into early June in an effort to conclude their deal, by the first weekend in June 2009, American Greetings abruptly reversed course notwithstanding having represented to this Court a matter of days beforehand that the parties were ready, willing and able to close the transaction.

41.     For example, even though MoonScoop and its financing source engaged American Greetings in good faith negotiations regarding a "long-form agreement," one that would include not only the terms of the Binding Term Sheet but also additional representations, warranties and indemnities customary for this type of transaction, MoonScoop subsequently learned that American Greetings was not in fact acting in good faith in these negotiations. This fact was highlighted when American Greetings ceased any attempts to come to agreement on a long-form agreement despite the fact that MoonScoop offered to remove all language from the draft long-form agreement to which American Greetings had previously objected.

42.     The Binding Term Sheet required that the parties attempt to negotiate a long-form agreement, but it by no means required that the parties actually come to an agreement on a long-form agreement. The Binding Term Sheet makes clear that if the parties are unable to agree to a long-form agreement, the parties would still be obligated to consummate the transaction pursuant to the terms of the Binding Term Sheet. Accordingly, MoonScoop sent a letter to American Greetings on June 7, 2009 stating: "As we have been unable to agree to a long-form agreement as contemplated by and pursuant to the terms of the Binding Term Sheet, we are hereby providing you notice that we are willing and ready to close our purchase of the Properties pursuant to the terms and conditions of the Binding Term Sheet." Along with this letter,

MoonScoop enclosed a letter from GTCR confirming GTCR's intention to provide financing for the deal and waiving any requirement for a long-form agreement.

43.    American Greetings has also refused to cooperate with MoonScoop in seeking antitrust clearance for the transaction.  The parties agreed to apply for antitrust clearance after June 7, 2009 as there was no need to apply for it prior to that date because the closing date had been tolled and there are no substantive hurdles to obtaining antitrust clearance.  Accordingly, MoonScoop has prepared the documents to request antitrust clearance, but needs additional information from American Greetings to complete the request.  MoonScoop requested this information from American Greetings, but American Greetings simply ignored these requests.

44.    Consistent with its abandonment of its obligations under the Binding Term Sheet, American Greetings has failed to seek preliminary or expedited relief in its lawsuit (i.e., the Second Cookie Jar Action) against Cookie Jar.  American Greetings' failure to do so is unreasonable and violates the Binding Term Sheet's requirement that it take all reasonable steps to enforce its drag along rights against Cookie Jar.  Absent such relief, American Greetings is not in a position to do what it has promised -- secure and sell the Properties free and clear of Cookie Jar's licensing rights and interests.

45.    Furthermore, although American Greetings purports in the Second Cookie Jar action to seek a declaratory judgment that Cookie Jar was obligated by the Cookie Jar Letter Agreement's drag along provision to transfer its rights and interests in the Strawberry Shortcake properties to MoonScoop in connection with the MoonScoop-American Greetings transaction, it has since become unclear that American Greetings in fact intends to seek such a declaration.  For instance, in a recent pleading, American Greetings vaguely asserts that its "broad and antecedent claims against Cookie Jar . . . could well resolve or moot, MoonScoop's more limited claims

12

against American Greetings." (*See* Response to Plaintiff's Motion to Reassign and Consolidate, Docket # 12.) Since MoonScoop's claims against American Greetings seek the enforcement of American Greetings' obligations under the Binding Term Sheet, American Greetings' apparent effort to "moot" them hardly seem consistent with an intent to fulfill its obligations under that agreement.

46. American Greetings has also failed to keep MoonScoop reasonably informed about any of its ongoing communications with Cookie Jar, even though it was required to do so under the terms of the Binding Term Sheet.

47. American Greetings' intention not to honor its obligations under the Binding Term Sheet or to sell the Properties to MoonScoop once American Greetings secures the rights to the Properties free and clear of Cookie Jar's licensing rights is evident not only by its actions, but its words. Since June 7, 2009 American Greetings has repeatedly asserted to MoonScoop that it has no contractual obligation to sell the Properties to MoonScoop. If American Greetings fails to fulfill its obligations under the Binding Term Sheet, MoonScoop will suffer damages in excess of $300,000,000.

48. Because of American Greetings' abandonment of its obligations under the Binding Term Sheet, MoonScoop is now forced to bring this action against American Greetings. MoonScoop herein seeks, among other things, a judgment for declaratory relief and specific performance providing that (i) American Greetings is obligated to take all reasonable steps to secure the Properties free and clear of any interests held by Cookie Jar; (ii) American Greetings is obligated to cooperate with MoonScoop in obtaining antitrust clearance for the transaction; and (iii) once these steps have been satisfied, American Greetings is obligated to sell the Properties to MoonScoop pursuant to the terms of the Binding Term Sheet, as modified by the

parties to toll the closing date until American Greetings secures the Properties free and clear of any interests held by Cookie Jar.  Alternatively, MoonScoop seeks monetary relief for American Greetings' anticipatory breach of its obligations under the Binding Term Sheet.

### *Plaintiffs' Right to Indemnification*

49.     In addition to American Greetings' obligations with respect to the Properties, the Binding Term Sheet expressly requires American Greetings to indemnify and defend both MoonScoop and MYP against any claims asserted against them "as a result of the submission or execution of this Binding Term Sheet...".

50.     The Binding Term Sheet provides that:

> If any of MOONSCOOP, its subsidiaries and/or its affiliates, and/or any of their respective shareholders, officers, directors, employees or advisors (the **"MOONSCOOP Parties"**) is named as a party in any claim or legal action arising from the purchase of the Properties and the claimant or claimants in such action assert that AG did not have the legal right to sell and transfer the Properties to MOONSCOOP, as provided herein, **or such third party claims or actions otherwise arise as a result of the submission or execution of this Binding Term Sheet, then AG shall indemnify and defend the MOONSCOOP Parties against any costs, expenses and liabilities resulting from such claim or action** ...

51.     As a subsidiary and affiliate of MoonScoop, MYP is an intended beneficiary of the Indemnification Provision of the Binding Term Sheet.

52.     MYP and American Greetings' subsidiary, TCFC, are also parties to a Work-For-Hire Production Agreement, which obligates TCFC to indemnify MYP and MoonScoop, providing that:

> [TCFC] represents and warrants (i) [...] that it has the full right, power and authority to enter into [the Work-For-Hire Agreement], to perform fully the terms and conditions of [the Work-For-Hire Agreement] and to engage MYP to perform the services to be performed by MYP hereunder, and the permission of no other party is required in connection therewith; [...] (iv) that the [Properties] and materials supplied by, or on behalf of, [TCFC] to MYP in connection with the [services under the Work-For-Hire Agreement] [...] will not violate or infringe the [...] personal, private, civil or property right [...] or any other right of any

14

person, entity or corporation, or constitute unfair competition[.] [TCFC] shall indemnify, defend, save and hold MYP and any of its parents, subsidiaries or affiliates, and their respective officers, directors, shareholders, agents, attorneys, employees, representatives, heirs, successors and assigns, harmless from any and all actions, claims, losses, liabilities, damages and other costs and expenses (including, without limitation, reasonable attorneys' fees and costs) arising out of or relating to any breach by [TCFC] of any of its representations, warranties, agreements, obligations or agreements under this [Work-For-Hire Agreement] or, excepting any matters which are subject to MYP's indemnification, any claim losses, costs, damages, liabilities and expenses arises [sic] out of in connection with any production, distribution or exploitation of the production of the [Properties].

53. As a parent and affiliate of MYP, MoonScoop is an intended beneficiary of the Indemnification Provision of the Work-For-Hire Agreement.

54. On November 30, 2009, the Cookie Jar Parties filed a Cross-Claim against MoonScoop, and added MYP as an additional Cross-Claim Defendant in this lawsuit. In its Cross-Claim, the Cookie Jar Parties allege claims against MoonScoop and/or MYP for Civil Conspiracy, Tortious Interference with Business Relations, and Aiding and Abetting Fraud, based upon the submission and execution of the Binding Term Sheet.

55. The Binding Term Sheet and the Work-For-Hire Agreement obligate American Greetings and TCFC to indemnify and defend both MoonScoop and MYP against the claims raised by the Cookie Jar Parties in this lawsuit and any expenses incurred in connection with the American Greetings Action.

56. MoonScoop and MYP have demanded that American Greetings and TCFC indemnify and defend them as required by the Binding Term Sheet and the Work-For-Hire Agreement, and have requested the payment of their legal fees and expenses incurred to date.

57. American Greetings and TCFC have breached and repudiated their obligations under the Indemnification Provision of the Binding Term Sheet and the Work-For-Hire Agreement.

15

58.     Because of American Greetings' and TCFC's breaches and repudiation of their respective obligations under the Indemnification Provisions of the Binding Term Sheet and the Work-For-Hire Agreement, MoonScoop is additionally entitled to a judgment for declaratory relief and damages arising thereunder.

## COUNT I - DECLARATORY JUDGMENT

59.     MoonScoop repeats and realleges all allegations contained above in Paragraphs 1-58.

60.     American Greetings and MoonScoop are parties to the binding contract known as the Binding Term Sheet.

61.     American Greetings and MoonScoop modified the Binding Term Sheet to toll the closing date until American Greetings secures the Properties free and clear of any interests held by Cookie Jar.

62.     MoonScoop performed all of the conditions in the Binding Term Sheet that were not waived or excused by American Greetings and stands ready, willing and able to proceed to closing the transaction as soon as MoonScoop secures the Properties free and clear of any interests held by Cookie Jar.

63.     American Greetings and TCFC are respectively obligated to comply with the Indemnification Provisions of the Binding Term Sheet and the Work-For-Hire Agreement, including providing for the defense and indemnification of MoonScoop and MYP against the Cross-Claims of the Cookie Jar Parties.

## COUNT II – SPECIFIC PERFORMANCE

64.     MoonScoop repeats and realleges all allegations contained above in Paragraphs 1-63.

16

65.     American Greetings and MoonScoop are parties to the binding contract known as the Binding Term Sheet.

66.     American Greetings and MoonScoop modified the Binding Term Sheet to toll the closing date until American Greetings secures the Properties free and clear of any interests held by Cookie Jar.

67.     The Binding Term Sheet provides in relevant part:

> if (i) all of the conditions to the obligations of [American Greetings] and MOONSCOOP . . . are either satisfied or waived, and either party fails or refuses to consummate the sale and purchase of the Properties contemplated hereby, the other party shall be entitled to specific performance of the sale and purchase of the Properties or (ii) either party fails to perform any of its other material obligations hereunder, the other party shall be entitled to specific performance thereof.  (*Id*. at 7.)

68.     MoonScoop performed all of the conditions in the Binding Term Sheet that were not waived or excused by American Greetings and stands ready, willing and able to proceed to closing the transaction as soon as American Greetings secures the Properties free and clear of any interests held by Cookie Jar.

69.     American Greetings has failed or refused to consummate the purchase and sale of the Properties and has failed to fulfill its obligations under the Binding Term Sheet.

## **COUNT III – BREACH OF CONTRACT**

70.     MoonScoop repeats and realleges all allegations contained above in Paragraphs 1-69.

71.     American Greetings has repudiated – or at least purported to repudiate – its contractual obligation to sell and transfer the Properties to MoonScoop free and clear of any "liens claims and security interests" other than certain specified interests.

17

72. MoonScoop has been injured by American Greetings' anticipatory breach of contract.

73. MoonScoop and MYP have further been injured by American Greetings' and TCFC's repudiation and breaches of their obligations under the Indemnification Provisions of the Binding Term Sheet and the Work-For-Hire Agreement.

## COUNT IV - PROMISSORY ESTOPPEL

74. MoonScoop repeats and realleges all allegations contained above in Paragraphs 1-73.

75. American Greetings made a clear and unambiguous promise to sell and transfer the Properties to MoonScoop free and clear of any "liens claims and security interests" other than certain specified interests.

76. MoonScoop relied on that promise by, among other ways, incurring expenses, working diligently to secure financing, conducting due diligence, and performing all other actions to consummate the purchase of the Properties. MoonScoop's reliance was reasonable, justifiable, and foreseeable.

77. MoonScoop has been injured by its reliance.

WHEREFORE, MoonScoop respectfully requests that the Court:

A. Declare that American Greetings is obligated to take all reasonable steps to secure the Properties free and clear of any interests held by Cookie Jar;

B. Declare that American Greetings is obligated to cooperate with MoonScoop in obtaining regulatory clearance for the transaction;

C. Declare that once these steps have been satisfied, American Greetings is obligated to sell the Properties to MoonScoop pursuant to the terms of the Binding Term Sheet, as modified by the parties to toll the closing date until American Greetings secures the Properties free and clear of any interests held by Cookie Jar;

18

D.      Declare that American Greetings and TCFC are obligated to indemnify and defend MoonScoop and MYP against any and all costs, expenses and liabilities resulting from any claims asserted against them by the Cookie Jar Parties, including the Cross-Claim filed in this lawsuit, and for any expenses incurred in connection with the American Greetings Action, and award MoonScoop damages resulting from such breach;

E.      Grant MoonScoop equitable relief including ordering specific performance of MoonScoop's promise to take all reasonable steps to secure the Properties free and clear of any interests held by Cookie Jar, and once secured, sell the Properties to MoonScoop pursuant to the terms of the Binding Term Sheet;

F.      Enter judgment for damages against American Greetings in the amount of all revenues, profits and/or other benefits generated by the Properties since June 7, 2009;

G.      In the alternative, grant MoonScoop and MYP damages in an amount to be determined at trial;

H.      Grant MoonScoop and MYP their costs and disbursements, including attorneys' fees; and

I.      Grant MoonScoop and MYP such other relief as this Court deems just and appropriate.


/s/ Michael J. Garvin
Michael J. Garvin (0025394)
mjgarvin@hahnlaw.com
Eric B. Levasseur (0075353)
eblevasseur@hahnlaw.com

HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio  44114-2301
Telephone:  216-621-0150
Facsimile:  216-241-2824

*Attorneys for Plaintiffs MoonScoop SAS and Mike Young Productions, LLC*

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

/s/ Michael J. Garvin
*Attorney for Plaintiffs MoonScoop SAS and*
*Mike Young Productions, LLC*

20

## CERTIFICATE OF SERVICE

I certify that the foregoing was filed electronically this 5th day of February 2010.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Michael J. Garvin
*Attorney for Plaintiffs MoonScoop SAS and Mike Young Productions, LLC*

21