UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MOONSCOOP SAS, *et al.* | ) | Case 1:09-CV-01885-JG |
| | ) | |
| Plaintiffs, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN GREETINGS | ) | **AMERICAN GREETINGS** |
| CORPORATION, *et al.* | ) | **CORPORATION'S AND THOSE** |
| | ) | **CHARACTERS FROM CLEVELAND'S** |
| Defendants. | ) | **ANSWER TO MOONSCOOP SAS'** |
| | ) | **AND MIKE YOUNG PRODUCTIONS'** |
| | ) | **SECOND AMENDED AND** |
| | ) | **SUPPLEMENTAL COMPLAINT** |
| | ) | |
| | ) | **JURY DEMAND ENDORSED** |
| | ) | **HEREON** |
| | ) | |

For their answer to plaintiffs' Second Amended and Supplemental Complaint, American Greetings Corporation and Those Characters From Cleveland, Inc. (collectively "American Greetings"), state:

## **FIRST DEFENSE**[1]

1.      American Greetings admits that "Strawberry Shortcake" and "Care Bears" are one-of-a-kind and well-known illustrated characters, but denies the remaining allegations in paragraph 1 of the Second Amended Complaint.

2.      American Greetings admits, on information and belief, the allegations in paragraph 2 of the Second Amended Complaint.

---

[1]      Each paragraph of the First Defense is a response to the corresponding paragraph in the Second Amended Complaint.

3.      American Greetings admits, on information and belief, the allegations in paragraph 3 of the Second Amended Complaint.

4.      American Greetings admits the allegations in paragraph 4 of the Second Amended Complaint.

5.      American Greetings admits the allegations in paragraph 5 of the Second Amended Complaint.

6.      American Greetings admits the allegations in paragraph 6 of the Second Amended Complaint.

7.      American Greetings admits the allegations in paragraph 7 of the Second Amended Complaint.

8.      American Greetings admits the allegations in paragraph 8 of the Second Amended Complaint.

9.      American Greetings admits the allegations in paragraph 9 of the Second Amended Complaint.

10.     American Greetings admits the allegations in paragraph 10 of the Second Amended Complaint.

11.     American Greetings admits the allegations in paragraph 11 of the Second Amended Complaint.

12.     American Greetings admits the allegations in paragraph 12 of the Second Amended Complaint.

13.     American Greetings admits the allegations in paragraph 13 of the Second Amended Complaint.

14.     American Greetings admits the allegations in paragraph 14 of the Second Amended Complaint.

15.     American Greetings admits the allegations in paragraph 15 of the Second Amended Complaint, but also states that those agreements should be rescinded because of Cookie Jar's fraud and wrongful conduct.

16.     American Greetings states that the 2001 License Agreement speaks for itself and denies the remaining allegations in paragraph 16 of the Second Amended Complaint.

17.     American Greetings admits that Cookie Jar agreed to buy the "Strawberry Shortcake," "Care Bears," and "Sushi Pack" properties from American Greetings for $195,000,000.  American Greetings further states that the Cookie Jar Letter Agreement speaks for itself.

18.     American Greetings states that the Cookie Jar Letter Agreement speaks for itself.

19.     American Greetings admits the allegations in paragraph 19 of the Second Amended Complaint.

20.     American Greetings admits that the Binding Term Sheet had to close "in no event later than" June 7, 2009 and further states that the Binding Term Sheet speaks for itself.

21.     American Greetings states that the Binding Term Sheet speaks for itself and denies the remaining allegations in paragraph 21 of the Second Amended Complaint.

22.     American Greetings states that the Binding Term Sheet speaks for itself and denies the remaining allegations in paragraph 22 of the Second Amended Complaint.

23.     American Greetings states that the Binding Term Sheet speaks for itself and denies the remaining allegations in paragraph 23 of the Second Amended Complaint.

24.     American Greetings states that the Binding Term Sheet speaks for itself and denies the remaining allegations in paragraph 24 of the Second Amended Complaint.

25.     American Greetings admits the allegations in paragraph 25 of the Second Amended Complaint.

26.     American Greetings admits the allegations in paragraph 26 of the Second Amended Complaint.

27.     American Greetings admits, upon information and belief, and based on discovery to date, that Cookie Jar matched MoonScoop's offer not because Cookie Jar was ready, willing, or able to close on its putative offer, but because Cookie Jar wanted to make it difficult to close on MoonScoop's purchase of the "Strawberry Shortcake" and "Care Bears" properties (the "MoonScoop transaction").  American Greetings states further that the License Agreement speaks for itself.

28.     American Greetings admits that Cookie Jar told American Greetings that Cookie Jar would not cooperate with the MoonScoop transaction, and denies the remaining allegations in paragraph 28 of the Second Amended Complaint.

29.    American Greetings states that Cookie Jar's claims against American Greetings and MoonScoop in New York speak for themselves.

30.    American Greetings admits that Cookie Jar failed to close on its matching offer and denies the remaining allegations in paragraph 30 of the Second Amended Complaint.

31.    American Greetings admits that it met with MoonScoop and GTCR representatives to discuss the deal and the process for conducting due diligence, and that Cookie Jar refused to cooperate with the MoonScoop transaction, but denies the remaining allegations in paragraph 31 of the Second Amended Complaint.

32.    American Greetings denies the assumptions and allegations in paragraph 32 of the Second Amended Complaint.

33.    American Greetings denies the allegations in paragraph 33 of the Second Amended Complaint.

34.    American Greetings denies the allegations in paragraph 34 of the Second Amended Complaint.

35.    American Greetings denies the allegations in paragraph 35 of the Second Amended Complaint.

36.    American Greetings admits that MoonScoop represented to American Greetings that MoonScoop had secured financing, but discovery has shown that there was no true financing commitment.   American Greetings denies the remaining allegations in paragraph 36 of the Second Amended Complaint.

37.    American Greetings admits that it worked to close on the MoonScoop transaction and filed suit against Cookie Jar on multiple claims prior to June 7, 2009—

and before discovery was obtained from MoonScoop and Classic Media—including a claim to enforce the drag along provision.

38.     American Greetings states that the Amended Complaint in the Second Cookie Jar Action, which was filed before discovery was obtained from MoonScoop and Classic Media, speaks for itself and denies the remaining allegations in paragraph 38 of the Second Amended Complaint.

39.     American Greetings states that the Amended Complaint in the Second Cookie Jar Action, which was filed before discovery was obtained from MoonScoop and Classic Media, speaks for itself and denies the remaining allegations in paragraph 39 of the Second Amended Complaint.

40.     American Greetings admits that it worked diligently to close the deal with MoonScoop, and denies the remaining allegations in paragraph 40 of the Second Amended Complaint.

41.     American Greetings denies the allegations in paragraph 41 of the Second Amended Complaint.

42.     American Greetings states that the Binding Term Sheet and the June 7, 2009 letters, which were sent at 11:48 p.m. with no cash, speak for themselves, were mere posturing by MoonScoop, and denies the remaining allegations in paragraph 42 of the Second Amended Complaint.

43.     American Greetings denies the allegations in paragraph 43 of the Second Amended Complaint.

44.     American Greetings admits that it has not moved for preliminary or expedited relief in its lawsuit against Cookie Jar.  American Greetings denies the remaining allegations in paragraph 44 of the Second Amended Complaint.

45.     American Greetings states that Docket #12 in this action and the Amended Complaint in the Second Cookie Jar Action speak for themselves, that the earlier pleadings were filed before discovery was obtained from MoonScoop, and denies the remaining allegations in paragraph 45 of the Second Amended Complaint.

46.     American Greetings denies the allegations in paragraph 46 of the Second Amended Complaint.

47.     American Greetings admits that since June 7, 2009, American Greetings has repeatedly asserted to MoonScoop that American Greetings has no obligation to sell the Properties to MoonScoop and denies the assumptions and remaining allegations in paragraph 47 of the Second Amended Complaint.

48.     American Greetings states that paragraph 48 is a description of MoonScoop's requested relief to which no response is necessary.  To the extent a response is necessary, American Greetings denies the allegations in paragraph 48 of the Second Amended Complaint.

49.     American Greetings states that the Binding Term Sheet speaks for itself and denies the remaining allegations in paragraph 49 of the Second Amended Complaint.

50.     American Greetings states that the Binding Term Sheet speaks for itself and denies the remaining allegations in paragraph 50 of the Second Amended Complaint.

51.     American Greetings denies the allegations in paragraph 51 of the Second Amended Complaint.

52.     American Greetings states that the Work-For-Hire Production Agreement speaks for itself and deny the remaining allegations in paragraph 52 of the Second Amended Complaint.

53.     American Greetings denies the allegations in paragraph 53 of the Second Amended Complaint.

54.     American Greetings states that the Cookie Jar Parties' crossclaims speak for themselves and deny the remaining allegations in paragraph 54 of the Second Amended Complaint.

55.     American Greetings denies the allegations in paragraph 55 of the Second Amended Complaint.

56.     American Greetings denies the allegations in paragraph 56 of the Second Amended Complaint.

57.     American Greetings denies the allegations in paragraph 57 of the Second Amended Complaint.

58.     American Greetings denies the allegations in paragraph 58 of the Second Amended Complaint.

59.     American Greetings incorporates by reference, as if fully re-written here, its responses to paragraphs 1-58 of the Second Amended Complaint.

60.     American Greetings admits that American Greetings Corporation and MoonScoop are parties to the Binding Term Sheet and denies the remaining allegations in paragraph 60 of the Second Amended Complaint.

61.     American Greetings denies the allegations in paragraph 61 of the Second Amended Complaint.

62.     American Greetings denies the allegations in paragraph 62 of the Second Amended Complaint.

63.     American Greetings denies the allegations in paragraph 63 of the Second Amended Complaint.

64.     American Greetings incorporates by reference, as if fully re-written here, its responses to paragraphs 1-63 of the Second Amended Complaint.

65.     American Greetings admits that American Greetings Corporation and MoonScoop are parties to the Binding Term Sheet and denies the remaining allegations in paragraph 65 of the Second Amended Complaint.

66.     American Greetings denies the allegations in paragraph 66 of the Second Amended Complaint.

67.     American Greetings states that the Binding Term Sheet speaks for itself and denies the remaining allegations in paragraph 67 of the Second Amended Complaint.

68.     American Greetings denies the allegations in paragraph 68 of the Second Amended Complaint.

69.     American Greetings denies the allegations in paragraph 69 of the Second Amended Complaint.

70.     American Greetings incorporates by reference, as if fully re-written here, its responses to paragraphs 1-69 of the Second Amended Complaint.

71.     American Greetings denies the allegations in paragraph 71 of the Second Amended Complaint.

72.     American Greetings denies the allegations in paragraph 72 of the Second Amended Complaint.

73.     American Greetings denies the allegations in paragraph 73 of the Second Amended Complaint.

74.     American Greetings incorporates by reference, as if fully re-written here, its responses to paragraphs 1-73 of the Second Amended Complaint.

75.     American Greetings denies the allegations in paragraph 75 of the Second Amended Complaint.

76.     American Greetings denies the allegations in paragraph 76 of the Second Amended Complaint.

77.     American Greetings denies the allegations in paragraph 77 of the Second Amended Complaint.

78.     American Greetings denies all allegations that have not been expressly admitted above.

## SECOND DEFENSE

79.     The Second Amended Complaint, and each separate count, fail to state a claim upon which relief can be granted.

## THIRD DEFENSE

80.     Plaintiffs' claims are barred, in whole or in part, by consent, ratification, laches, estoppel and/or waiver.

## **FOURTH DEFENSE**

81.     Plaintiffs' claims are barred, in whole or in part, by the failure of conditions precedent.

## **FIFTH DEFENSE**

82.     Plaintiffs' claims are barred, in whole or in part, by their failure of performance.

## **SIXTH DEFENSE**

83.     Plaintiffs' claims are barred because of their own breaches of contract.

## **SEVENTH DEFENSE**

84.     American Greetings states that any liability or responsibility which is alleged against American Greetings was in fact caused by the intervening and/or superseding acts of third parties over whom American Greetings had no control and had no duty to control.

## **EIGHTH DEFENSE**

85.     Plaintiffs' claims are barred by the doctrines of impossibility, impracticability, and/or frustration of purpose.

## **NINTH DEFENSE**

86.     Plaintiffs would be unjustly enriched if granted the relief they request.

## **TENTH DEFENSE**

87.     Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate their damages.

### ELEVENTH DEFENSE

88.     Plaintiffs' claims are barred, in whole or in part, by the doctrine of acquiescence.

### TWELFTH DEFENSE

89.     Plaintiffs claims are barred by the failure to make a proper and timely demand.

### THIRTEENTH DEFENSE

90.     American Greetings reserves the right to assert any additional affirmative or other defenses which may become known.

Having fully answered, American Greetings Corporation and Those Characters From Cleveland, Inc. pray that plaintiffs take nothing from this suit, and that the Court enter judgment in favor of American Greetings Corporation and Those Characters From Cleveland, Inc. and against plaintiffs, grant American Greetings Corporation and Those Characters From Cleveland, Inc. their costs of suit and attorneys' fees, and grant American Greetings Corporation and Those Characters From Cleveland, Inc. such other relief as the Court may deem just.

s/Damond R. Mace
Damond R. Mace (0017102)
dmace@ssd.com
Steven A. Friedman (0060001)
sfriedman@ssd.com
Donald W. Herbe (0076500)
dherbe@ssd.com
SQUIRE, SANDERS & DEMPSEY L.L.P.
4900 Key Tower
127 Public Square
Cleveland, Ohio  44114
Phone:  (216) 479-8500
Fax:  (216) 479-8780

Attorneys for American Greetings Corporation
and Those Characters From Cleveland, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2010, a copy of foregoing was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/Damond R. Mace*
One of the Attorneys for American
Greetings Corporation and Those
Characters From Cleveland, Inc.

## JURY DEMAND

American Greetings requests a jury of the maximum number allowed by law for all issues so triable.

> *s/Damond R. Mace*
> Damond R. Mace