# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **AMERICAN GREETINGS CORPORATION,** *et al.*, | ) CASE NO. 1:09CV1056 )  |
| | ) **JUDGE JAMES S. GWIN** |
| Plaintiffs, | ) ) |
| v. | ) ) |
| **COOKIE JAR ENTERTAINMENT INC.,** *et al.*, | ) ) ) |
| Defendants-Counterclaimants. | ) ) ) |
| **MOONSCOOP SAS,** | ) CASE NO. 1:09CV1885 ) |
| Plaintiff, | ) **JUDGE JAMES S. GWIN** ) |
| v. | ) ) |
| **AMERICAN GREETINGS CORPORATION,** | ) ) ) |
| Defendant/Third-Party Plaintiff, | ) ) |
| v. | ) ) |
| **COOKIE JAR ENTERTAINMENT INC.,** | ) ) |
| Third-Party Defendant/ Counterclaimant/ Crossclaimant | ) ) ) |

**Cookie Jar Entertainment Inc. and Cookie Jar Entertainment (USA) Inc.'s Opposition to American Greetings Corporation and Those Characters From Cleveland, Inc.'s Motion to Declare the Cookie Jar Parties' Counterclaims Moot**

**Introduction**

Thumbing their noses at the parties and this Court, American Greetings Corporation and Those Characters From Cleveland, Inc. (collectively "American Greetings") attempt to exploit a procedural technicality to avoid their liability to Cookie Jar Entertainment Inc. and Cookie Jar Entertainment (USA) Inc. (collectively "Cookie Jar").  American Greetings asks this Court to deem Cookie Jar's counterclaims and crossclaims moot "because American Greetings did not file a third-party complaint in response to the plaintiffs' [MoonScoop and Mike Young Productions LLC's[1]] latest complaint."[2]  But American Greetings' hypertechnical mootness argument is wrong.  A third-party complaint is a separate and distinct pleading from an answer.  Therefore, American Greetings' failure to replead its third-party complaint in response to MoonScoop's Second Amended Complaint did not abandon or otherwise supersede American Greetings' third-party claims or Cookie Jar's counterclaims and crossclaims.  Consequently, American Greetings' third-party complaint and Cookie Jar's counterclaims and crossclaims remain at issue in the MS Case.

In addition, American Greetings is essentially attempting to voluntarily dismiss its third-party complaint, but under Civil Rule 41(c), American Greetings could not obtain such a voluntary dismissal without leave of court, which it did not have.  Furthermore, the harm Cookie Jar suffered as a result of American Greetings' and MoonScoop's transgressions described in Cookie Jar's counterclaims and crossclaims has not been alleviated, and Cookie Jar has not abandoned those claims.  As such, Cookie Jar's counterclaims and crossclaims are anything but moot.

---

[1] MoonScoop and Mike Young Productions ("MYP") will be referred to collectively as "MoonScoop."
[2] This argument applies only to Cookie Jar's counterclaims and crossclaims in *MoonScoop SAS v. American Greetings Corp. v. Cookie Jar Entertainment Inc.*, Case No 1:09CV1885 (the "MS Case") and not Cookie Jar's counterclaims in *American Greetings Corp. v. Cookie Jar Entertainment Inc.*, Case No. 1:09CV1056 (the "AG Case").

In any event, American Greetings should be judicially estopped from arguing that Cookie Jar's counterclaims and crossclaims are "moot." American Greetings' failure to file a third-party complaint directly contradicted representations it made to this Court in seeking an extension of time to answer Cookie Jar's counterclaims. American Greetings should therefore be estopped from asserting that Cookie Jar's counterclaims and crossclaims are moot.

For these reasons and those set forth below, this Court should deny American Greetings' motion to declare the Cookie Jar's counterclaims and crossclaims moot.

## Argument

**A.** *American Greetings' third-party complaint and Cookie Jar's counterclaims and crossclaims are still at issue in the MS Case.*

American Greetings is wrong that its third-party complaint and, by extension, Cookie Jar's counterclaims and crossclaims are no longer at issue merely because American Greetings did not include a third-party complaint in its response to MoonScoop's Second Amended Complaint. A third-party complaint is a separate and distinct pleading from an answer. Fed. R. Civ. P. 7(a). Indeed, a third-party complaint may be filed separately from the defendant/third-party plaintiff's original answer. *See* Fed. R. Civ. P. 14(a)(1) (third-party plaintiff must obtain leave of court if it files the third-party complaint more than 14 days after serving its original answer). Thus, contrary to American Greetings' assertions, American Greetings was not required to replead its third-party complaint in response to MoonScoop's Second Amended Complaint.

American Greetings' argument is based on the notion that it somehow abandoned its third-party complaint by not including the third-party complaint in its answer to MoonScoop's Second Amended Complaint. But while some courts have held that a defendant abandons its counterclaims by failing to replead them in an answer to an amended complaint, *see, e.g., Johnson v. Berry*, 228 F. Supp.2d 1071 (E.D. Mo. 2002), that reasoning does not apply to third-

- 2 -

party complaints. *Johsnon* and its progeny are based on the premise that "[a]s the language of Rule 13(a) and (b) makes clear, a counterclaim is part of the responsive pleading [*i.e.*, the answer to the amended complaint.]" *Id.* at 1079. This rationale does not apply to third-party complaints because, again, a third-party complaint is a separate pleading from an answer and as such need not be included in the answer. Furthermore, no similar authority exists within this jurisdiction, and this Court has stated that it "does not find *Johnson* persuasive." *Hitachi Med. Sys. Am., Inc. v. Horizon Med. Group*, No. 5:07CV2035, 2008 WL 5723531, at *4 (N.D. Ohio Aug 29, 2008). American Greetings therefore did not abandon its third-party complaint by failing to include a third-party complaint in its answer to MoonScoop's Second Amended Complaint.

Moreover, American Greetings' failure to include its third-party complaint would act as a voluntary dismissal subject to Civil Rule 41. But under Civil Rule 41(c), for a third-party plaintiff to dismiss its third-party complaint without leave of court, it must file the notice of dismissal "before a responsive pleading is served." Here, Cookie Jar had served an answer (and counterclaims and crossclaims) to American Greetings' third-party complaint on November 30, 2009, and again on January 26, 2010. (MS Case ECF Nos. 30 and 67.) Consequently, when American Greetings filed its answer to MoonScoop's Second Amended Complaint on February 19, 2010 (MS Case ECF No. 95), American Greetings could not voluntarily dismiss its third-party complaint without leave of court, which it did not have. For this reason as well, American Greetings' motion should be denied.

**B.** *Cookie Jar's counterclaims and crossclaims are not moot because there continues to be a live controversy among Cookie Jar, American Greetings, and MoonScoop.*

Cookie Jar's counterclaims and crossclaims, in fact, were not rendered moot by American Greetings' failure to file a third-party complaint. "A case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."

- 3 -

*League of Women Voters of Ohio v. Brunner*, 548 F.3d 463, 473 (6th Cir. 2008) (internal quotations omitted). As such, for a case to be considered moot, it must be "absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur and 'interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 530-31 (2001) (quoting *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)). Thus, the Supreme Court has held that claims were not moot when the parties continued to be adverse and it was not unequivocally clear that the plaintiffs had abandoned their claims. *Pac. Bell Tele. Co. v. Linkline Comm., Inc.*, --- U.S. ---, 129 S. Ct. 1109, 1117 (2009).

Here, Cookie Jar has not abandoned its counterclaims and crossclaims in the MS Case. Cookie Jar still seeks relief for American Greetings' and MoonScoop's improper conduct as alleged in Cookie Jar's counterclaims and crossclaims:

- American Greetings' fraud and breaches of the July 20, 2008 Letter Agreement and the October 1, 2001 License Agreement;

- MoonScoop's aiding and abetting American Greetings' fraud and its tortious interference with Cookie Jar's contractual rights; and

- American Greetings and MoonScoop's civil conspiracy.

Cookie Jar has received no interim or other relief that completely eradicated the effects of American Greetings' and MoonScoop's improper conduct. Thus, Cookie Jar's claims are not moot; on the contrary, they are very much alive.

**C.** ***American Greetings should be barred under judicial estoppel from arguing that Cookie Jar's counterclaims and crossclaims are moot.***

Even if American Greetings' hypertechnical argument were correct—which it is not—American Greetings should be judicially estopped from asserting that Cookie Jar's claims are moot. "Judicial estoppel, 'generally prevents a party from prevailing in one phase of a case on

- 4 -

an argument and then relying on a contradictory argument to prevail in another phase.'" *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (quoting *Pegram v. Herdrich*, 530 U.S. 211, 227, n.8 (2000)). "This doctrine 'preserves the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship, achieving success on one position, then arguing the opposite to suit an exigency of the moment.'" *Warda v. Comm'r Internal Revenue*, 15 F.3d 533, 538 (6th Cir. 1994) (quoting *Teledyne Indus., Inc. v. NLRB*, 911 F.2d 1214, 1218 (6th Cir.1990)).

American Greetings is engaging in precisely the type of cynical gamesmanship that judicial estoppel is intended to prevent.[3] In its February 10, 2010 motion for an extension of time to answer Cookie Jar's counterclaims, American Greetings stated that its answer to MoonScoop's Second Amended Complaint "*will* include a Third-Party Complaint against Cookie Jar Entertainment, Inc." and that it expected Cookie Jar to file a counterclaim in response. (MS Case ECF No. 80, pp. 1-2 (emphasis added).) Indeed, American Greetings' motion would not have been unopposed if American Greetings' had disclosed its true intentions. On February 11, 2010, this Court granted American Greetings' motion for extension of time setting forth the following deadlines:

> [P]arties must file any response to MoonScoop's second amended complaint by 2/19/10; pleadings responsive to the 2/19 pleadings must be filed by 3/5/10; pleadings responsive to the 3/5/10 pleadings must be filed by 3/19/10. Absent an amended counterclaim being filed by Cookie Jar, American Greetings shall respond to Cookie Jar's pending Counterclaim by 3/12/10. [MS Case ECF No. 83.]

Thereafter, American Greetings engaged in a charade to suggest that it believed its third-party complaint and Cookie Jar's counterclaims and crossclaims remained at issue in the case.

---

[3] American Greetings used this same type of gamesmanship when it represented to the Supreme Court of the State of New York that Cookie Jar would be able to bring its claims against American Greetings and MoonScoop in Ohio. As a result of these misrepresentations, on March 24, 2010, Cookie Jar filed a motion to renew the New York court's decision to stay Cookie Jar's New York action pending the outcome of the above-captioned litigations.

On February 15, 2010, American Greetings moved for summary judgment on, among other things, Cookie Jar's counterclaim for breach of the October 1, 2001 License Agreement. (AG Case ECF No. 60; MS Case ECF No. 89.) American Greetings filed that motion just four days before filing its answer to MoonScoop's Second Amended Complaint that it now claims warrants dismissal of Cookie Jar's counterclaims and crossclaims. (MS Case ECF No. 95.) That same day, February 15, 2010, Cookie Jar also moved for summary judgment on its claim for breach of the 2001 License Agreement (AG Case ECF No. 59, MS Case ECF No. 85), and MoonScoop moved for summary judgment on all of Cookie Jar's crossclaims (MS Case ECF No. 86). Even after filing its answer to MoonScoop's Second Amended Complaint, American Greetings did not withdraw its motion for summary judgment on Cookie Jar's claim for breach of the 2001 License Agreement. Nor did American Greetings otherwise make known that it believed its motion was moot until it filed its opposition brief, that is *after* Cookie Jar and its counsel had spent significant time and effort opposing American Greetings' and MoonScoop's summary-judgment arguments related to Cookie Jar's counterclaims and crossclaims.

American Greetings now contends that its failure to include a third-party complaint in its answer to MoonScoop's Second Amended Complaint—despite its representations to the contrary, which were relied upon by the Court—moots Cookie Jar's counterclaims and crossclaims. This Court should prevent this abuse of the judicial process and find that American Greetings is judicially estopped from arguing that Cookie Jar's counterclaims and crossclaims are moot.

**D.**  *Cookie Jar should be granted leave to amend its counterclaims in the AG Case and to intervene in the MS Case.*

Alternatively, Cookie Jar hereby requests leave to amend its counterclaims in the AG Case to, among other things, join MoonScoop and MYP as counterclaim defendants in that

- 6 -

action and/or leave to intervene as a defendant in the MS Case. Leave to amend a pleading should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). This Court should grant Cookie Jar leave to amend its counterclaims in the AG Case to prevent the undue prejudice American Greetings seeks to impose on Cookie Jar.[4] In addition, Cookie Jar is entitled to intervene as an additional defendant in the MS Case under Civil Rule 24(a)(2) because Cookie Jar has an interest in the transaction at issue and disposing of the action without Cookie Jar's involvement will impair and impede Cookie Jar's ability to protect its interest.

## Conclusion

For the foregoing reasons, this Court should deny American Greetings' motion to declare Cookie Jar's counterclaims and crossclaims moot. Alternatively, this Court should grant Cookie Jar leave to amend its counterclaims in the AG Case to join MoonScoop and MYP as counterclaim defendants in that action and/or leave to intervene as a defendant in the MS Case.

---

[4] Cookie Jar recognizes that this Court has deemed Ohio to be the proper venue to hear the parties' claims. Cookie Jar, however, maintains its belief that New York is the proper forum and, accordingly, reserves its right to pursue its claims in New York.

| | |
|---|---|
| Dated: March 26, 2010 | Respectfully submitted, |

*/s/ David H. Wallace*_____ __
David H. Wallace (0037210)
Michael J. Zbiegien Jr. (0078352)
Julie A. Crocker (0081231)
TAFT STETTINIUS & HOLLISTER LLP
200 Public Square, Suite 3500
Cleveland, OH  44114-2302
Telephone: 216.241.2838
Fax: 216.241.3707
dwallace@taftlaw.com
mzbiegien@taftlaw.com
jcrocker@taftlaw.com

Robert M. Abrahams
Dana M. Roth
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
Telephone: 212.756.2000
Fax: 212.593.5955

Attorneys for Cookie Jar Entertainment, Inc.;
Cookie Jar Entertainment Holdings (USA) Inc.;
and Cookie Jar Entertainment (USA) Inc.

- 8 -

- 9 -

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2010, a true and correct copy of the foregoing document was filed electronically. Notification of this filing will be sent to the parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                                                       _/s/ David H. Wallace_
                                                                                       David H. Wallace

71321214