IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MOONSCOOP SAS, et al. | ) | Case 1:09-CV-01885-JG |
| | ) | |
| Plaintiffs, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN GREETINGS | ) | **AMERICAN GREETINGS** |
| CORPORATION, et al. | ) | **CORPORATION AND THOSE** |
| | ) | **CHARACTERS FROM CLEVELAND,** |
| Defendants. | ) | **INC.'S REPLY IN SUPPORT OF** |
| | ) | **THEIR MOTION TO DECLARE THE** |
| | ) | **COOKIE JAR PARTIES'** |
| | ) | **COUNTERCLAIMS MOOT** |
| | ) | |
| | ) | |
| | ) | |

Cookie Jar can only be a party to this action by virtue of American Greetings bringing a third-party claim against it.  Cookie Jar does not disagree with this unassailable principle, but contends that it is still a party to this action even though American Greetings elected not to file a third-party claim against Cookie Jar in response to claims made against American Greetings in MoonScoop's Second Amended Complaint.  Cookie Jar's contention that American Greetings' "third-party complaint is a separate and distinct pleading from an answer" (Opposition at p. 1) misses the relevant legal issue raised by American Greetings' motion to declare moot:  American Greetings' third-party complaint against Cookie Jar, filed in response to MoonScoop's First

Amended Complaint does not survive now that MoonScoop's First Amended Complaint has been completely superseded by MoonScoop's <u>Second</u> Amended Complaint.

Indeed, the point of American Greetings' motion is not whether a third-party complaint is separate from an answer.  It is simply the legal truism that <u>all pleadings that are derivative of a complaint cannot survive once the complaint on which they are based no longer exists</u>.  The only complaint currently pending against American Greetings in this action (Case No. 09-1885) is MoonScoop's <u>Second</u> Amended Complaint.  In order to simplify this action, American Greetings has chosen not to seek indemnity from Cookie Jar at this time and in this action for the claims asserted by MoonScoop in the currently pending Second Amended Complaint against American Greetings.  The claims on which the prior third-party claim against Cookie Jar were based, the First Amended Complaint, indisputably have been superseded by the Second Amended Complaint and no longer exist.

In short, American Greetings' third-party claims against Cookie Jar for indemnity simply cannot exist if there is no longer a First Amended Complaint.  Put another way, American Greetings obviously cannot be seeking indemnity in this case from Cookie Jar for the claims raised against American Greetings in MoonScoop's First Amended Complaint, because the First Amended Complaint has been completely superseded by the <u>Second</u> Amended Complaint.  Accordingly, absent a third-party complaint in response to the now pending Second Amended Complaint, Cookie Jar simply is not a party to this action.[1]

---

[1]    Cookie Jar's analogy to Civil Rule 41 is completely inapplicable to the circumstances here.  Rule 41's restrictions on voluntarily dismissing a third-party complaint could have applied if Cookie Jar had responded to a currently pending third-party complaint; for example, if American Greetings had filed a third-party complaint in response to MoonScoop's Second

In choosing not to file a third party complaint against Cookie Jar in response to MoonScoop's Second Amended Complaint, American Greetings is not engaging in "cynical gamesmanship," and is instead only attempting to simplify the dispute between it and MoonScoop, and place this action in the appropriate procedural posture.  There is nothing cynical or improper about American Greetings' motives or actions in this regard, as its third-party claims against Cookie Jar are not compulsory in nature.

Indeed, if anyone, it is Cookie Jar who has engaged in gamesmanship in this regard.  The claims against American Greetings raised by Cookie Jar in its third-party counterclaim in Case No. 1885 should have been included by Cookie Jar, if raised at all, as part of its counterclaim in Case No. 1056.  In September 2009, when Cookie Jar filed its counterclaims in Case No. 1056, Cookie Jar made the tactical decision <u>not</u> to bring any claims against American Greetings under the 2001 License Agreement and to <u>not</u> bring any claims against MoonScoop—despite the fact that such claims were known to Cookie Jar and similar issues had been raised in the then-pending New York action.[2]

---

Amended Complaint, American Greetings would need leave to drop its third-party complaint. But, American Greetings did <u>not</u> file any such third-party complaint.

[2]    Finally, Cookie Jar mistakenly accuses American Greetings of making misrepresentations to this Court regarding its intentions to file a new third-party complaint in response to MoonScoop's Second Amended Complaint.  (Dckt. No. 80.)  When American Greetings filed its motion for extension of time to answer Cookie Jar's counterclaims, American Greetings had <u>not</u> decided to drop its third-party complaint, and American Greetings surely did not intend to induce (or actually induce) Cookie Jar or this Court to agree to the extension of time to answer Cookie Jar's counterclaims by some perceived assurance that a new third-party complaint would be filed.  The sole reason American Greetings filed the motion for extension of time was to avoid the potentially unnecessary and duplicative act of answering the outstanding counterclaims when another round of counterclaims may have been forthcoming.  That reason, mootness, which was the basis on which the extension was granted, remains applicable. Judicial estoppel has no application here.

For all of these reasons, and in the interest of judicial economy, American Greetings seeks an order declaring Cookie Jar's counterclaims herein as moot, and effectively dismissing Cookie Jar from this action.

Respectfully submitted,


*s/Damond R. Mace*

Damond R. Mace (0017102)
*dmace@ssd.com*
Steven A. Friedman (0060001)
*sfriedman@ssd.com*
Donald W. Herbe (0076500)
*dherbe@ssd.com*
SQUIRE, SANDERS & DEMPSEY L.L.P.
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Phone: (216) 479-8500
Fax: (216) 479-8780

Attorneys for American Greetings Corporation
and Those Characters From Cleveland, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 5, 2010, a copy of foregoing was filed electronically.

Notice of this filing is being sent to all parties by operation of the Court's electronic filing

system. Parties may access this filing through the Court's system.

*s/Damond R. Mace*
One of the Attorneys for American
Greetings Corporation and Those
Characters From Cleveland, Inc.