

Taft Stettinius & Hollister LLP

200 Public Square, Suite 3500 / Cleveland, Ohio 44114-2302 / Tel: 216.241.2838 / Fax: 216.241.3707 / www.taftlaw.com
Cincinnati / Cleveland / Columbus / Dayton / Indianapolis / Northern Kentucky / Phoenix / Beijing

**DAVID H. WALLACE**
216.706.3898
dwallace@taftlaw.com

April 14, 2010

**VIA ECF**

The Honorable James S. Gwin
United States District Court
Northern District of Ohio
Carl B. Stokes United States Courthouse
801 West Superior Avenue
Cleveland, Ohio  44113-1838

> Re:  *American Greetings Corp. et al. v. Cookie Jar Entertainment Inc., et al.*,
> N.D. Ohio Case No. 1:09CV1056
>
> *MoonScoop SAS v. American Greetings Corp. v. Cookie Jar*
> *Entertainment Inc.,* N.D. Ohio Case No. 1:09CV1885

Dear Judge Gwin:

I write in response to Steven A. Friedman's April 13, 2010 letter objecting to
Cookie Jar Entertainment Inc.'s notice of deposition of Jeffrey D. Dunn.  American
Greetings' objection to Mr. Dunn's deposition contradicts an agreement by counsel to
produce for deposition outside members of the companies' respective boards of
directors.  I therefore request a telephone conference under Local Rule 37.1 to attempt
to resolve this discovery dispute over Mr. Dunn's deposition.

Counsel for American Greetings and Cookie Jar previously agreed that the
parties would produce for deposition their respective outside board members.  American
Greetings has previously noticed the deposition of two of Cookie Jar's outside board
members, Joseph Wiley of Birch Hill Equity Partners and Lisa Melchior of OMERS
Private Equity.  In addition to being outside directors of Cookie Jar, Mr. Wiley and Ms.
Melchior are Canadian citizens, and as such, subpoenaing them for a deposition would
have required compliance with certain international treaties.  Cookie Jar, however,
agreed to produce Mr. Wiley and Ms. Melchior for deposition with the understanding
that American Greetings would make Mr. Dunn available for a deposition.  (*See*, Exhibit
A, January 30, 2010 e-mail from David Wallace to Damond Mace.)

The Honorable James S. Gwin
April 14, 2010
Page 2


There is no material distinction between American Greetings' request for Mr. Wiley's and Ms. Melchior's depositions and Cookie Jar's request for Mr. Dunn's deposition.   American Greetings objects to Mr. Dunn's deposition because "Mr. Dunn possesses no relevant information in his capacity as an independent director on American Greetings' board."  But during the depositions of Mr. Wiley and Ms. Melchior, American Greetings focused on the actions and decisions of Birch Hill and OMERS as potential financiers for Cookie Jar's contemplated acquisition of the Strawberry Shortcake and Care Bears intellectual properties (the "Properties") and not on Mr. Wiley's and Ms. Melchior's roles as directors of Cookie Jar.  Similarly, while American Greetings also objects to Mr. Dunn's deposition because Mr. Friedman's firm does not represent Mr. Dunn or HIT, none of the attorneys who have entered an appearance in this matter represent Birch Hill or OMERS.

In addition, in the 2008 Case, Judge Solomon Oliver rejected similar arguments by American Greetings and held that Mr. Dunn was subject to deposition pursuant to a notice under Federal Civil Rule 30(b)(1).  *See American Greetings Corp. v. DIC Enter. Corp.*, No. 1:08CV1533, ECF No. 24 (N.D. Ohio July 21, 2008) (a copy is attached as Exhibit B).  In fact, American Greetings argued that Cookie Jar was required to produce Mr. Wiley and Ms. Melchior for a deposition by citing to Judge Oliver's order from the 2008 Case.  American Greetings should likewise be bound by Judge Oliver's ruling from the 2008 Case and be required to produce Mr. Dunn for a deposition in accordance with Cookie Jar's proper notice.

Furthermore, contrary to American Greetings' representations, Mr. Dunn has knowledge of matters highly relevant to this case.  Mr. Dunn is the CEO of HIT Entertainment Inc., a company that provided American Greetings with an indicative offer to purchase the Properties for $200 million in April of 2008, *i.e.*, three months *before* American Greetings and Cookie Jar entered into the July 20, 2008 letter agreement. American Greetings later contacted Mr. Dunn and HIT during the September 30, 2008 – March 31, 2009 shop period, but HIT never made a formal offer to purchase the Properties during that time.  Presumably, HIT no longer believed the Properties had a valuation of $200 million, at least in part due to Hasbro's announcement that it would not be entering into the amended license agreement that would have reduced the royalty owed to Hasbro from 50% to 14%.  (*See*, Exhibit C, Jan. 15, 2009 e-mail from Jeff Dunn to Josef Mandelbaum.)   Indeed, although HIT suggested that it might offer $140 million for the Properties, HIT never formally offered that amount.  HIT's reasons and reasoning for its decision not to make a formal offer for the Properties—even at a price $60 million less than its original indicative offer—are highly relevant to Cookie Jar's argument that it could not finance a purchase of the Properties for $195 million after the Hasbro announcement.  This evidence is best presented and admitted through Mr. Dunn, whose information and perspective are clearly distinct from those of American Greetings' officers, Josef Mandelbaum and Zev Weiss.

The Honorable James S. Gwin
April 14, 2010
Page 3


        Lastly, American Greetings suggests that Cookie Jar should be prohibited from depositing Mr. Dunn because Cookie Jar's summary-judgment papers do not refer to Mr. Dunn or HIT.  This argument not only ignores the broad scope of discovery but also fails to acknowledge that Cookie Jar did not move for summary judgment on American Greetings' claim that Cookie Jar breached the Letter Agreement by failing to make reasonable efforts to obtain financing to purchase the Properties.  Mr. Dunn's testimony related to HIT's indicative offer and later decision not to make a formal offer during the shop period bears most strongly on this claim by American Greetings.

        For all of these reasons, Cookie Jar's notice of deposition for Mr. Dunn was proper.  Consequently, Cookie Jar requests that the Court conduct a conference call to resolve this discovery dispute or that the Court enter an order requiring American Greetings to make Mr. Dunn available for a deposition as noticed.

                                        Very truly yours,

                                        */s/ David H. Wallace*

                                        David H. Wallace


DHW
cc:     Counsel of record (via ECF)

71332886