IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEYBOARD(caption)


## I.  TRACK ASSIGNMENT

Upon consideration of the Local Rules for the United States District Court for the Northern District of Ohio, the Court assigns this matter to the **Standard  Track**.

Accordingly, the Court sets forth the following deadlines:

(1) Deadline to Add Parties or Amend Pleadings: **KEYBOARD(date)**

(2) Deadline for Completing Discovery Needed to Support or Defend Dispositive Motions: **KEYBOARD(date)**

(3) Deadline for Filing Dispositive Motions: **KEYBOARD(date)**

(4) Deadline for Filing Opposition to Dispositive Motions: **KEYBOARD(date)**

(5) Deadline for Filing Replies to Responses: **KEYBOARD(date)**

(6) Deadline for All Discovery: **KEYBOARD(date)**

## II.  MOTIONS PRACTICE

All motions and related documents filed with the Court must comply with the Local Rules for the United States District Court for the Northern District of Ohio.

The Local Rules place limitations on the length of memoranda relating to dispositive motions.  Specifically, such memoranda shall not exceed **ten (10)** pages in length for cases on the **Expedited Track**, **twenty (20)** pages for cases on the **Standard Track** or **Administrative Track**, **thirty (30)** pages for cases on the **Complex Track**, and

forty (40) pages for cases on the **Mass Tort Track**.

Parties must submit an affidavit along with such memoranda specifying the assigned case track and certifying that the memorandum adheres to the applicable page limitation. **The Court will not increase the page limitation except in extraordinary circumstances**.

Further, motions, related memoranda, and all other documents submitted to the Court shall only include text produced in **twelve (12) point font**.

Finally, portions of any record used to support or oppose any motion (*e.g.,* deposition transcripts) **shall be excerpted** and submitted in that form. Parties shall submit that portion relevant to the issue in question and not more than two (2) pages in addition to establish context. However, if the parties have the capability of electronically filing records or transcripts, they may file such documents in their entirety along with the motion. Parties must consult the Electronic Filing Policies and Procedures Manual to determine whether a particular document is suitable for electronic filing.

### III.  FILING OF MOTIONS TO DISMISS AND SUMMARY JUDGMENT

The Court requires defendants to file an answer to the complaint regardless of whether they have filed or plan to file a motion to dismiss. The filing of a motion to dismiss shall not delay the time in which the party must answer the complaint.

Should a party file a motion for summary judgment, this Court encourages the party to file the motion on or as close to the dispositive motion deadline as possible. Counsel may only file one summary judgment motion. Counsel must seek leave of this

Court if he or she wishes to file any additional or supplemental motions.  The Court will grant a motion for subsequent motions only in very rare circumstances.

### IV.  PRE-TRIAL AND STATUS CONFERENCE

A final pre-trial conference will take place on **KEYBOARD**(date/time/place).  A status conference will take place on **KEYBOARD**(date/time/place).  The following persons **must** attend both the status conference and the final pretrial: <u>**counsel, anyone with settlement authority, and clients**</u>.  These persons are required to attend unless **prior** approval of their absence is received.

Counsel shall meet at least ten (10) days prior to the  pre-trial conference to determine whether they can enter into stipulations relative to any facts or issues.

Parties must electronically file a **joint stipulation and order** at least **three (3) days** prior to the date of the pre-trial conference.  The form of this order is attached hereto as **Appendix A**.

### V.  TRIAL

### A.  General

The Court has set this matter for trial on a two-week standby period beginning on **KEYBOARD**(date/time/place).  Counsel must keep in regular contact with Gwen Mackey, the Courtroom Deputy Clerk, to determine the exact starting date for the trial.  Counsel may reach Ms. Mackey at **(216) 357-7217**.

The trial day will begin promptly at **8:00 a.m.** and will conclude at approximately **5:00 p.m.**  During each trial day, the Court will adjourn for lunch for approximately thirty (30) minutes.

-3-

## B.  Interim Arguments

The Court finds that interim arguments often prove helpful to the finder of fact. Accordingly, the Court will usually permit each side to present such arguments during the trial.  However, neither side is required to present interim arguments.

An interim argument serves to provide some explanation as to how a witness's testimony relates to the party's case as a whole.  Such an argument occurs only after the witness has completed testimony and may only deal with the testimony of that witness.  The Court will set time limits for interim arguments.

## C.  Witnesses and Exhibits

Counsel shall file witness lists (Appendix C) along with the final pre-trial order (Appendix A) **three (3) days** prior to the final pre-trial conference.  The order in which witnesses are listed will be deemed the order in which such witnesses will be called unless counsel presents a revised order of witnesses' appearance at least **48 hours** in advance of such appearances.  Parties may seek to call witnesses out of order for reasons that could not reasonably be anticipated.

Leave to call additional witnesses may be granted by the Court in unusual situations.  Counsel seeking such leave must file a motion to add witnesses.  Opposing counsel shall be provided with the names, addresses and an offer of proof of such witness's testimony at least **three (3)** days prior to trial.

The Court strongly advises counsel to over-schedule their witnesses.  Should a party run out of witnesses on any given trial day, the Court will presume that the party has rested its case.

-4-

The Court is using new technology to facilitate the viewing of exhibits by jurors. Each party must submit all exhibits on a single storage device such as a CD, DVD, or USB drive.  A separate CD or USB drive should be provided for Plaintiffs' Exhibits, Defendants' Exhibits, and any Joint Exhibits.  Each party must send the exhibits to the Court, Chambers 18A, such that the Court is guaranteed to receive the exhibits by noon on Friday before trial commences.

The Exhibit Files must be renamed using a naming convention similar to:<exhibit number>-<exhibit part>_<exhibit description>.<file extension>.  The exhibit number MUST be a number.  Exhibits with subparts  can be so designated using a letter for the exhibit part.  The use of the "underscore" character is required when an optional description of the exhibit is included and cannot be used elsewhere in the exhibit name.

Example listing of valid exhibit file names:

1-a_photograph.jpg

12_2009 Tax Statement.pdf

35d.pdf

12(a)_camera footage.wmv

Any questions regarding the naming conventions for the electronically stored exhibits should be directed to David Zendlo at (216) 357-7053.

To maintain consistency between the electronic and the paper exhibits, BOTH PARTIES SHALL LABEL THEIR EXHIBITS WITH NUMBERS.  Counsel shall mark all exhibits before trial with official or similar stickers.  Exhibits shall be labeled with

the party followed by the exhibit number (e.g., "Plaintiff 1", "Def 2", or "P 3").  The case number shall also  appear on the stickers.

In addition to electronically submitting exhibits, Counsel shall submit to the Court two (2) copies of all proposed exhibits, contained in two separate binders, along with an index (Appendix B) containing a brief description of each exhibit on the morning the trial actually commences. Exhibits shall be exchanged between counsel prior to trial.

### D.  Use of Depositions as Evidence

If the parties intend to use any deposition as evidence during the trial, the parties must file these depositions by the time of the final pretrial conference with the portions to be read noted therein.  An opportunity will be given to opposing counsel to read any omitted portion.  Counsel will be notified at trial of rulings on all objections pertaining to the depositions.

### E.  Nonjury Trials

For matters not submitted to a jury, the Court requires counsel to submit at least **one (1) week** prior to the standby trial period (1) a statement of the issues, (2) proposed findings of fact, and (3) proposed conclusions of law.  The parties must also file any trial briefs no later than **one (1) week** prior to the standby trial period.

The proposed findings of fact must cite the particular witness(es) and physical evidence upon which each proposed finding is based.  Likewise, the proposed conclusions of law must cite the direct legal authority upon which each proposed legal conclusion is based.

The Court may also order the parties to submit post-trial briefs.  These briefs will be limited to specific questions assigned by the Court during or after trial.  The Court may also permit counsel to file supplemental findings of fact and conclusions of law following the trial.

The parties must exchange any trial or post-trial briefs, as well as any supplemental findings of fact or conclusions of law.

### F.  Jury Actions

The Court will conduct the voir dire examination of the jury panel.  However, the Court will accept proposed jury voir dire questions.  Counsel must submit any such proposed questions no later than **one (1) week** before the standby trial period.  Failure to file proposed questions in a timely manner is a waiver of any such questions.

Counsel may submit proposed jury instructions to the Court no later than **one (1) week** prior to the date of trial.  Proposed instructions regarding issues that **could not reasonably have been foreseen in advance** may be filed at least **twenty-four (24) hours** prior to final argument.  Counsel will exchange any proposed jury instructions.

Any proposed jury instructions will include instructions on all issues relating to your case.  Each proposed instruction shall be on a separate 8 ½" x 11" sheet of paper identified as "Plaintiff(s)/Defendant(s) Requested Instruction No. _." All instructions **must contain a citation of authority** upon which counsel relies.  **The Court will reject any proposed instruction that does not contain a citation to authority.**

The Court uses as sources for jury instructions, among others, Pattern Instructions of the Sixth Circuit, O'Malley, Grenig and Lee, "Federal Jury Practice and Instructions, Fifth Edition," and Ohio Jury Instructions.  The Court is bound by

determinations of the Supreme Court of the United States and the United States Court of Appeals for the Sixth Circuit.  Where appropriate, determinations by a state supreme court, or, in the absence thereof, determinations by a state intermediate appellate court will be used.

Finally, the Court finds that, in some cases, jurors better understand the testimony presented when permitted to pose questions to the witness. Accordingly, the Court may permit jurors to submit proposed questions for the witnesses.  Any such questions will be submitted to the Court in written form.  The Court will then discuss the proposed question with counsel in a sidebar conference.  The Court will ultimately decide whether to ask the proposed question.  If the Court asks any proposed question, the Court will allow the parties to ask follow-up questions limited to the area of the juror-proposed question.

## VI.  ELECTRONIC COURTROOM

The Court is pleased to have one of the most technologically advanced courtrooms in the United States.  This courtroom features, among other things, the technology necessary to present evidence in a video format.  The Court encourages counsel to utilize this technology whenever appropriate.

Counsel bears the responsibility for developing proficiency with this new technology prior to trial.  Counsel are encouraged to visit the Court's website to obtain information on scheduled training sessions.

## VII.  CHANGE OF ADDRESS

Counsel will notify the Court and the Clerk of this Court of any address, e-mail address, or telephone number changes by electronically filing a notice containing the

new information.

IT IS SO ORDERED.

Dated:  KEYBOARD(date)

s/  *James S. Gwin*
JUDGE JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

# APPENDIX A

A **PROPOSED STIPULATION AND ORDER** following the format shown below must be jointly prepared and electronically filed by counsel at least **three (3) days** prior to the date of the final pretrial conference.  Specific reference is made here to the terms of the **TRIAL ORDER** that shall be read and applied in conjunction with the format below.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN DOE, | ) | CASE NO. 0:00-CV-0000 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Judge James S. Gwin |
| | ) | |
| JANE DOE, | ) | |
| | ) | STIPULATION & ORDER |
| Defendant. | ) | |

## FINAL PRETRIAL ORDER

This action came before the Court at a final pretrial conference held on the __ day of _____, 19_, pursuant to Rule 16 of the Federal Rules of Civil Procedure.

-1-

## I. <u>APPEARANCES</u>:

For Plaintiff(s):

For Defendant(s):

## II. <u>NATURE OF ACTION AND JURISDICTION</u>:

A. This is an action for_____.

B. The jurisdiction of the Court is invoked under Title ___, United States Code, Section _____.

C. The jurisdiction of the Court is (**disputed/undisputed**).

## III.  <u>TRIAL INFORMATION</u>:

A. The estimated length of trial is _____ days.

B. Trial to (**the Court/Jury**) is set for (**MM/DD/YYYY**).

## IV. <u>AGREED STATEMENTS AND LISTS</u>

A.  General Nature of the Claims of the Parties

(1)   Plaintiff Claims: (*e.g.*, "Plaintiff asserts in Count 1 a right of recovery for defendant's negligence as follows:")

(2)  Defendant Claims: (*e.g.*, "Defendant denies liability as asserted in counts ___ for the following reasons."- **or** - "Defendant as an affirmative defense asserts that plaintiff was contributorily negligent as follows:. . .").

B.  Uncontroverted Facts

Suggested Language:

"The following facts are established by admissions in the pleadings or by stipulations of counsel . . ." (set forth and number uncontroverted or uncontested facts).

C.  Issues of Fact and Law

    Suggested Language:

    (1) "Contested Issues of Fact:  The contested issues of fact remaining for decision are . . ." (list them).

    (2) "Contested Issues of Law:  The contested issues of law in addition to those implicit in the foregoing issues of fact are:. . ." (set forth). **OR** "There are no special issues of law reserved other than those implicit in the foregoing issues of fact."

D.  Witnesses

    Suggested Language:

    (1) "Plaintiff/defendant will call or will have available for testimony at trial those witnesses whose names are set forth on the attached witness list"  (see Appendix C).

E.  Expert Witnesses

    Suggested Language:

    (1) "Parties are limited to the following number of expert witnesses, including treating physicians, whose names have been disclosed to opposing counsel: . . . ."

F.  Trial to the Court

    Parties must file a statement of the issues, proposed findings of fact, and proposed conclusions of law in accordance with the time limits set forth in the trial order.  Parties must also file any trial briefs in accordance with the time limits set forth in the trial order.

G.  Trial to a Jury

    Proposed voir dire questions and proposed jury instructions **must** be submitted to the Court in accordance with the time limits set forth in the trial order.

H.  Use of Depositions

Suggested Language:

(1)  "Testimony  of  the  following  witnesses  will  be  offered  by deposition/video tapes: . . ." **OR** "No testimony will be offered by deposition/video tape."

I.  Exhibits

The parties will offer as exhibits those items listed herein as follows:

(1)  Joint Exhibits - Appendix B;

(2)  Plaintiff Exhibits - Appendix B;

(3)  Defendant Exhibits - Appendix B;

(4)  Third-Party Exhibits - Appendix B

J.  Pending Motions

Suggested Language:

(1) "The following motions are pending at this time: . . ." **OR** "There are no pending motions at this time."

K.  Modification of Order

Suggested Language:

(1) "This final pretrial order may be modified at the trial of this action, or prior thereto, to prevent manifest injustice.  Such modification may be made by application of counsel, or on motion of the Court."

L.  Settlement Efforts

Set forth exact status of settlement discussions between the parties.

**IT IS SO ORDERED**.

_____
JUDGE JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

_____
Counsel for:

_____
Counsel for:

# APPENDIX B

An **EXHIBIT LIST** following the format shown below, along with a copy of all exhibits, must be prepared and submitted by counsel on **the morning the trial actually commences**.  Specific reference is made here to the terms of the **TRIAL ORDER** that shall be read and applied in conjunction with the format below.

# APPENDIX "B"

_____

PLAINTIFF

vs.                                          CASE NO. _____

JUDGE JAMES S. GWIN

_____

DEFENDANT

| PLAINTIFF/DEFENDANT/JOINT/THIRD-PARTY EXHIBITS | | | | | | |
|---|---|---|---|---|---|---|
| EXHIBIT I.D. | DESCRIPTION OF EXHIBIT | I.D. | OFFERED | OBJ. | ADMITTED | NOT ADMITTED |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

# APPENDIX C

A **WITNESS LIST** following the format shown below, along with a copy of all exhibits, must be prepared and submitted by counsel along with the final pre-trial order **three (3) days** prior to the final pre-trial conference.  Specific reference is made here to the terms of the **TRIAL ORDER** that shall be read and applied in conjunction with the format below.

# APPENDIX "C"

_____
PLAINTIFF

vs.                                         CASE NO. _____

_____        JUDGE JAMES S. GWIN
DEFENDANT

| PLAINTIFF/DEFENDANT WITNESSES | |
|---|---|
| NAME | SYNOPSIS OF TESTIMONY |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |