IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MOONSCOOP SAS, | ) | CASE 1:09-CV-01885-JG |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN GREETINGS CORPORATION, | ) ) ) | MOTION IN LIMINE REGARDING DAMAGES |
| | ) | |
| Defendant. | ) ) | |

American Greetings respectfully requests the Court issue an order striking Plaintiff MoonScoop's demand for specific performance, and limiting the evidence relating to damages from the alleged breach of the March 24, 2009 binding term sheet to the consideration that MoonScoop would have obtained under the MoonScoop/Classic Agreement.

First, as set forth in the attached Memorandum in Support, which is incorporated here by reference, the only remedy available to MoonScoop is money damages, not specific performance.  MoonScoop readily has acknowledged that an adequate remedy at law for money damages is available on its breach of contract claim.  In fact, MoonScoop warned American Greetings that it was "able to demonstrate with a great deal of precision what MoonScoop was making out of this deal and lost due to your failing to perform under our binding agreement."  (See June 7, 2009, 7:23 am e-mail from Joel Vaturi to Josef Mandelbaum and Zev Weiss (Vaturi Deposition Exhibit 30).)  MoonScoop also has served

an expert report calculating its alleged monetary damages. Furthermore, where, as here, MoonScoop was planning to resell an asset, specific performance is not an appropriate remedy because the exact measure of monetary damages is readily calculable and available.

Second, MoonScoop's damages are limited to the "benefit of the bargain" that MoonScoop would have obtained if the American Greetings/MoonScoop March 24, 2009 binding term sheet had closed – which is the consideration MoonScoop would have received under the MoonScoop/Classic Agreement. Among other things, because MoonScoop's alleged benefit of the bargain is limited to what it would have obtained under the June 7, 2009 agreement with Classic, its damages do not include the difference between the fair market value of the properties as of June 7, 2009 and $95,000,000.

Respectfully submitted,

s/ *Damond R. Mace*
Damond R. Mace (0017102)
*damond.mace@squiresanders.com*
Steven A. Friedman (0060001)
*steven.friedman@squiresanders.com*
SQUIRE SANDERS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Phone: (216) 479-8500
Fax: (216) 479-8780

Attorneys for American Greetings Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of October 2012, a copy of the foregoing Motion in Limine and Memorandum in Support was electronically filed.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's electronic docket system.

                                                s/ *Damond R. Mace*
                                                One of the Attorneys for Defendant