June 7, 2009

**Confidential**

MoonScoop SAS
14 rue Alexandre Parodi
75010 Paris, FRANCE
Attn: Joel Vaturi

Re: **Binding Term Sheet between MoonScoop SAS ("MOONSCOOP")
and Boomerang Media, Inc. ("CLASSIC")**

Dear Joel:

MOONSCOOP and CLASSIC are entering into this binding term sheet (the "**Binding Term Sheet**") setting forth the terms of the business relationship between CLASSIC and MOONSCOOP with respect to the exploitation of the Strawberry Shortcake and Care Bears properties to be purchased from American Greetings Corporation ("**AG**") (collectively, the "**Properties**"). Properties includes but is not limited to all copyrights and trademarks related to the Properties as well as derivatives, imitations, adaptations, reproductions and entertainment exploitations (including without limitation, digital, DVDs, theatrical releases, music, scores, television programming, and any other programming, including masters), and all goodwill associated with each of the items set forth herein.

| | |
|---|---|
| AG Binding Term Sheet: | This Binding Term Sheet is entered into in connection with that certain Binding Term Sheet dated as of March 24 between MOONSCOOP and AG (the "**AG Binding Term Sheet**"). In consideration for Classic entering into this Binding Term Sheet, MOONSCOOP agrees that upon acquiring the Properties from AG pursuant to the Binding Term Sheet, MOONSCOOP will transfer all of its right, title and interest in the Properties (or as the Buyer pursuant to any purchase agreement it may enter into with respect to the Properties) to CLASSIC or one of CLASSIC's affiliates. |
| AG: | MOONSCOOP will not consummate the acquisition of the Properties, and will not take any actions, enter into any agreements, engage in any conversations and/or reach any settlement or compromise of any rights with respect to the Binding Term Sheet, the Properties and/or AG, in each case, without the prior consent of CLASSIC. MOONSCOOP agrees to promptly provide CLASSIC with copies of any and all correspondence or other materials it receives with respect to the Binding Term Sheet, the Properties and/or AG. |
| Financing Letter: | MOONSCOOP acknowledges that the letter from GTCR Fund IX/A, L.P. to MOONSCOOP dated as of the date hereof (the "Financing Letter") was delivered in connection with the |

K&E 14773602.5

|  |  |
|---|---|
|  | execution of this Binding Term Sheet, and MOONSCOOP acknowledges and agrees that any funding obligation pursuant to the Financing Letter is subject in all respects to MOONSCOOP's compliance with all terms and conditions of this Binding Term Sheet. |
| Fees and Settlements: | MOONSCOOP shall not agree to any settlement or compromise with AG without CLASSIC's prior written consent. In the event MOONSCOOP receives any termination fee, settlement payment or other amount in connection with the AG Binding Term Sheet, the Properties and/or AG, such amounts will be used as follows:<br><br>(i) FIRST: to pay the legal fees and expenses of each of MOONSCOOP and CLASSIC on a pro-rata basis,<br><br>(ii) SECOND: to pay the fees of M.E.S.A. Securities, Inc. (which shall in no event exceed $1,000,000), and<br><br>(iii) THIRD: the remainder, 50% to MOONSCOOP and 50% to CLASSIC. |
| Right to License Properties in France and Benelux: | After a reasonable transition period (not to exceed three (3) months from CLASSIC's acquisition of the Properties) and subject to any obligations assumed by Classic, CLASSIC agrees that, so long as MOONSCOOP maintains a first class licensing and merchandising operation in France and Benelux (the "Territory"), it shall appoint MOONSCOOP as the exclusive agent for licensing in the Territory, except for categories which are reserved to Hasbro and American Greetings. Such agency will be for as long as CLASSIC owns or controls the rights to the Properties, but shall in no event be less than five (5) years; provided that if CLASSIC and MOONSCOOP restructure the Production Agreement as a co-production agreement as set forth below, such agency shall in no event be less than seven (7) years. During such period MOONSCOOP shall receive a twenty five percent (25%) commission on royalties received for the licensing of the Properties in the Territory net any third party fees or costs. MOONSCOOP will not use subagents in connection with the agency. The parties will enter into a customary agency agreement, which will include industry standard representations, warranties and indemnities and provisions that provide CLASSIC with reasonable approval rights and the non-assignability of MOONSCOOP's obligations without CLASSIC approval. The provisions of the agency agreement with respect to each of the Properties will be no less favorable |

| | |
|---|---|
| | to MOONSCOOP than the parallel provision in the current agency agreements between AG and The Copyright Promotions Licensing Group Ltd. with respect to each of the Properties. |
| Restructuring of Production Agreement: | As part of CLASSIC's acquisition of the Properties, CLASSIC shall assume all duties and obligations of AG to Mike Young Productions, LLC ("MYP") with respect to the "Strawberry Shortcake" Work-Made-For-Hire Production Agreement entered into on May 1, 2008, as that agreement has been amended on July 25, 2008, September 17, 2008, January 30, 2009 and March 20, 2009 (the "Production Agreement"). MOONSCOOP shall cause MYP to negotiate in good faith with CLASSIC to renegotiate the terms of the Production Agreement to convert it to a co-production agreement in the event that both parties can benefit from taking full advantage of tax credits offered in France. No term shall be renegotiated in such a manner as to have an adverse effect on MOONSCOOP. |
| M.E.S.A. Fee: | On the Closing Date, CLASSIC will pay M.E.S.A. Securities, Inc. the amount of five hundred thousand dollars $500,000. |
| Closing Date: | This Binding Term Sheet is binding and effective as of the date hereof, provided that the provisions titled "Right to License Properties in France and Benelux", "Restructuring of Production Agreement" and "Payment of M.E.S.A. Securities, Inc. fees" shall become binding and effective as of the Closing Date. |
| Conditions: | The "Closing Date" shall be the date on which the following conditions are satisfied or waived in writing by CLASSIC and MOONSCOOP: (i) MOONSCOOP acquires the Properties pursuant to all terms and conditions of the AG Binding Term Sheet in form and substance satisfactory to CLASSIC, and (ii) MOONSCOOP assigns to CLASSIC or one of CLASSIC's affiliates all of MOONSCOOP's right, title and interest in and to the Properties. |
| Confidentiality: | Neither MoonScoop nor CLASSIC will (without the prior written consent of the other), and each of MOONSCOOP and CLASSIC will direct its representatives not to, directly or indirectly, disclose to any person the existence of this Binding Term Sheet, or any of the terms, conditions or other facts contained in this Binding Term Sheet; provided, however, disclosure of this Binding Term Sheet may be made to (i) the board of directors (and committees thereof), agents, lenders, |

| | |
|---|---|
| | counsel and advisors of MoonScoop and CLASSIC who need to know such information in connection with this Binding Term sheet and the transaction contemplated herein and (ii) as required by law or legal or regulatory process. |
| Indemnification: | CLASSIC will indemnify MOONSCOOP against any claims arising from that letter dated as of the date hereof from MOONSCOOP to AG with respect to the AG Binding Term Sheet and any actions taken by MOONSCOOP after the date hereof but prior to the termination, if any, of the Financing Letter in connection with the acquisition of the Properties pursuant to the AG Binding Term Sheet, which are taken in accordance with the terms and conditions of this Binding Term Sheet; provided that MOONSCOOP will not be entitled to be indemnified for any claims resulting from MOONSCOOP not complying in any respect with the terms and conditions of this Binding Term Sheet or from MOONSCOOP's gross negligence or willful misconduct. CLASSIC will have the sole and exclusive right to defend all claims for which it is providing an indemnity pursuant to this Binding Term Sheet; provided that CLASSIC will not admit any liability on behalf of MOONSCOOP without MOONSCOOP's prior consent, which shall not be unreasonably withheld or delayed. |
| Governing Law; Enforcement: | This letter agreement shall be governed by the laws of the State of New York. Any dispute or controversy arising under or related in any way to this letter agreement shall be adjudicated by a court of competent jurisdiction located in the City of New York and each of the parties consents to the jurisdiction of such courts in any such action or proceeding and waives any objection to venue laid therein and any objection relating to the basis for personal jurisdiction. Each party recognizes that the rights contained herein and the benefits arising therefrom are unique and damages cannot provide an adequate remedy in the event of a breach of this letter agreement. Therefore, if all of the conditions to the obligations of CLASSIC and MOONSCOOP set forth above are either satisfied or waived, and either party fails or refuses to take the actions and/or consummate the agreements contemplated hereby or either party fails to perform any of its other material obligations hereunder, the other party shall be entitled to specific performance thereof. |

If the terms set forth in this letter are acceptable, please sign below. Please feel free to call me to discuss any aspect of this letter or the proposed transaction.

Sincerely,

BOOMERANG MEDIA, INC.

By:_____
Name: Eric Ellenbogen
Title: Co-CEO


**Agreed:**

MOONSCOOP SAS


By: _____
    Name:
    Title: