UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MOONSCOOP SAS, ET AL., | ) | CASE NO. 1:09CV1885 |
| | ) | |
| Plaintiffs, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN GREETINGS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' UNOPPOSED MOTION TO SUBSTITUTE EXPERT WITNESS**

Plaintiffs MoonScoop SAS, et al., move for an order granting them leave to substitute Dr. Marc Vellrath as their expert witness on damages for their previously-designated expert, John C. Jarosz, because Mr. Jarosz will be unavailable for trial of this case. Defendant American Greetings has consented to this motion.

If MoonScoop is not allowed to substitute, MoonScoop will be substantially prejudiced by not having any expert who can testify on its behalf as to damages or to rebut American Greetings' expert. As indicated by its consent, American Greetings will not be prejudiced by the substitution, and MoonScoop does not seek to disrupt the trial schedule. Under these circumstances, MoonScoop respectfully submits that a substitution of expert is appropriate.

**RELEVANT FACTS**

MoonScoop retained Mr. Jarosz as its expert witness on damages. Mr. Jarosz timely produced an Expert Report dated March 25, 2010. American Greetings therefore has had Mr. Jarosz's opinions for more than two years. Although the initial deadline for expert reports has passed, discovery in this case has not closed; summary judgment was granted and that judgment

appealed before the close of discovery, and the parties discussed with the Court the need to supplement expert reports and depose the experts.

Neither Mr. Jarosz nor American Greetings' damages expert has been deposed. After this case was remanded by the Court of Appeals, the parties agreed that American Greetings would produce supplemental information about the financial performance of Strawberry Shortcake and Care Bears. Both sides' experts then could submit supplemental reports taking account of that information; and both experts would be deposed before trial.

A dispute has arisen between Mr. Jarosz and MoonScoop concerning Mr. Jarosz's fee. Mr. Jarosz has refused to testify as an expert witness unless MoonScoop agrees to pay a fee that MoonScoop considers excessive and unjustified. MoonScoop and Mr. Jarosz attempted to resolve the dispute by negotiation and made some progress toward a resolution. During the week of October 1, 2012, however, it became apparent that the dispute is irreconcilable, and negotiations ended.

MoonScoop then promptly notified counsel for American Greetings of the situation and obtained American Greetings' consent to substitute a new expert.[1] MoonScoop then promptly filed this motion.

## ARGUMENT

"Courts considering a party's request to substitute a new expert after the close of discovery generally apply the good cause standard of Federal Rule of Civil Procedure 16(b)." *Whiteside v. State Farm Fire and Cas. Co.*, 2011 U.S. Dist. LEXIS 123978, *2 (E.D. Mich. Oct.

---

[1] American Greetings has reserved its right to cross-examine Dr. Vellrath on the opinions expressed in Mr. Jarosz's report.

2

5068576.1

26, 2011).[2]  Here, because discovery has not closed, only a minimal showing of good cause should be required.  But in any event, "[c]ourts have consistently permitted the substitution of expert witnesses when unforeseen events render the original expert witness unavailable to testify at trial."  *Id*. at *3.

MoonScoop has been diligent in moving to substitute.  MoonScoop attempted to resolve the dispute with Mr. Jarosz after the case was remanded by the Court of Appeals.  Negotiations broke down during the week of October 1, 2012, and MoonScoop promptly sought American Greetings' consent and filed this motion thereafter.

Moreover, Mr. Jarosz's fees are not within MoonScoop's control, and his refusal to testify was unforeseen.  Mr. Jarosz's refusal was unforeseen because he previously had agreed to testify and produced an Expert Report.  MoonScoop cannot force Mr. Jarosz to testify as an expert witness.  In analogous cases where an expert who previously had agreed to testify changes his mind or otherwise becomes unavailable, even for reasons other than the typical cases of illness or death, courts have found good cause to substitute a new expert.[3]  MoonScoop therefore has shown good cause.

---

[2] *Accord, e.g.*, *TIC-The Industrial Company Wyoming, Inc. v. Factory Mut. Ins. Co.*, 2012 U.S. Dist. LEXIS 94956, *20 (D. Neb. July 12, 2012) ("A party's request to substitute a new expert is considered a request to modify a scheduling order and, as such, is governed by Rule 16(b)"); *Stephenson v. Wyeth, LLC*, 2011 U.S. Dist. LEXIS 112182, *6 (D. Kan. Sept. 29, 2011) (same).

[3] *Cf. TIC-The Industrial Company Wyoming, Inc.,* above (plaintiff permitted to substitute new expert when first expert advised that he could not testify because of conflict of interest); *Doctor's Associates, Inc. v. QIP Holder LLC*, 2009 U.S. Dist. LEXIS 119949 (D. Conn. 2009) (finding good cause to substitute when original expert withdrew due to a conflict of interest); *Stephenson,* above (allowing plaintiff to substitute when her causation expert "indicated that he was no longer interested in serving as an expert in hormone replacement therapy cases"); *Pierce v. Fremar, LLC*, 2010 U.S. Dist. LEXIS 132839 (D. S.D. Dec. 14, 2010) (plaintiff showed good cause to substitute when her expert refused to testify, saying "that he believed it would not be good for his business if he served as Pierce's expert witness"); *Belmont Corp. v. Shell Oil Co.*, 1998 U.S. Dist. LEXIS 6760 (N.D. Cal. May 12, 1998) (plaintiff permitted to substitute when

MoonScoop will be substantially prejudiced if it is not permitted to name a substitute expert. "If a party's expert indicates that he is unwilling to testify and the court denies that party's request to substitute a new expert, the contest is no longer fair." *Pierce*, 2010 U.S. Dist. LEXIS 132839, at *5; *cf. Fenner v. Dependable Trucking Co., Inc.*, 716 F.2d 598, 601-02 (9th Cir. 1983) (defendant was denied a fair trial when denied the opportunity to have an expert testify on his behalf). Mr. Jarosz was MoonScoop's sole expert on damages, and denying the substitution could, in effect, summarily prevent MoonScoop from offering a case on damages. If a substitute expert is not designated, MoonScoop will have to proceed at trial with no expert witness.

By contrast, American Greetings will not be prejudiced by the substitution, as indicated by its consent to this motion. First, "[w]hen experts are substituted, the substitute expert's report and testimony is usually limited to the subject matter and theories already espoused by the former expert." *TIC- The Industrial Company Wyoming, Inc.*, 2012 U.S. Dist. LEXIS 94956, at *24. Limiting the new expert to the original expert's report, other than supplementing it in view of the passage of time and new data or issues arising after the original report, prevents any unfair prejudice. *Roberts v. Galen of Virginia, Inc.*, 325 F.3d 776, 784 (6th Cir. 2003) ("By refusing to allow Charash to testify to matters outside of Micon's report, the district judge prevented Galen from deviating from Micon's prior conclusions. This sensible compromise allowed Galen to replace its expert without unfairly surprising Roberts with unexpected new opinions."); *Ferrara & Dimercurio v. St. Paul Mercury Ins. Co.*, 240 F.3d 1, 10 (1st Cir. 2001) (as long as there is no "meaningful change in testimony," opposing party will not be prejudiced); *Doctor's Associates, Inc.*, 2009 U.S. Dist. LEXIS 119949, at *14.

---

original expert's "reports were often incomplete or unclear, and he frequently failed to return telephone calls").

Second, because the parties had not deposed the damages expert witnesses before the case was dismissed on summary judgment, American Greetings will not be prejudiced by having to take a second deposition of MoonScoop's damages expert.  By taking the deposition of Dr. Vellrath, American Greetings can confirm that that the opinions to be offered at trial are not inconsistent with those in Mr. Jarosz's Expert Report.

Third, MoonScoop does not propose to change the trial date, and the substitution will not disrupt the trial in any way.

## CONCLUSION

For the reasons set forth above, the Court should grant MoonScoop leave to substitute Dr. Vellrath for Mr. Jarosz.

                Respectfully submitted,

                s/ Michael J. Garvin
                Michael J. Garvin (0025394)
                mjgarvin@hahnlaw.com
                Steven J. Mintz (0042046)
                smintz@hahnlaw.com
                Eric B. Levasseur (0075353)
                eblevasseur@hahnlaw.com
                HAHN LOESER & PARKS LLP
                200 Public Square, Suite 2800
                Cleveland, Ohio  44114-2316
                Telephone:  216-621-0150
                Facsimile:  216-241-2824

                *Attorneys for Plaintiffs MoonScoop SAS and*
                *Mike Young Productions, LLC*

5068576.1

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Plaintiffs' Motion to Substitute Expert Witness has been filed electronically with the Court this 12th day of October, 2012. Service on all registered attorneys is effected by the Court's ECF system.

s/ Michael J. Garvin
Michael J. Garvin
