UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MOONSCOOP SAS, | ) | CASE NO. 1:09CV1885 |
| | ) | |
| | ) | JUDGE JAMES S. GWIN |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **STIPULATION & ORDER** |
| AMERICAN GREETINGS CORPORATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## FINAL PRETRIAL ORDER

This action came before the Court at a final pretrial conference held on the 31st day of

October, 2012, pursuant to Rule 16 of the Federal Rules of Civil Procedure.

**I.     APPEARANCES:**

For Plaintiff:        Michael J. Garvin, Steven J. Mintz and Eric B. Levasseur.

For Defendant:     Damond R. Mace and Steven A. Friedman.

**II.    NATURE OF ACTION AND JURISDICTION:**

A.     Plaintiff's Second Amended and Supplemental Complaint seeks declaratory
judgment, specific performance, breach of contract and promissory estoppel,
arising from a contract for the sale and purchase of the "Strawberry Shortcake"
and "Care Bears" animated characters.

B.     The jurisdiction of the Court is invoked under 28 U.S.C. § 1332.

C.     The jurisdiction of the Court is not disputed.

III.     **TRIAL INFORMATION:**

    A.      The estimated length of trial is seven (7) days.

    B.      Trial to the jury is set to begin November 13, 2012 on a two (2) week standby basis.

IV.     **AGREED STATEMENTS AND LISTS:**

    A.      **General Nature of the Claims of the Parties[1]**

        1.      Plaintiff MoonScoop claims as follows (as provided by Plaintiff)[2]:

            a)      MoonScoop alleges in Counts I and II of its Second Amended and Supplemental Complaint (Doc. # 72) claims for declaratory judgment and specific performance, based on the following: MoonScoop and AG are parties to a certain contract (the "Binding Term Sheet"), through which AG promised to sell the Properties to MoonScoop free and clear of all liens, claims, security interests and encumbrances (except certain interests not at issue). MoonScoop alleges that pursuant to the Binding Term Sheet, (i) if all of the conditions to MoonScoop's obligations were either satisfied or waived, and upon AG's failure or refusal to consummate the sale of the Properties, or (ii) upon American Greetings' failure to perform any other material obligation, then MoonScoop became entitled to specific performance of the Binding Term Sheet.  MoonScoop further alleges that it performed and/or was excused from performing all of the conditions to closing that were not waived or excused by American Greetings; that MoonScoop was ready, willing and able to proceed to closing the transaction; and therefore, MoonScoop is entitled to an award of specific performance compelling American Greetings to transfer the Properties to MoonScoop free and clear of all relevant liens, claims, security interests, and encumbrances, as well as delay damages; or, in the alternative, damages.

---

[1] MoonScoop and American Greetings have each provided their own summary of claims and/or defenses in this section.  MoonScoop and American Greetings do not necessarily agree with, and expressly reserve all rights to dispute, the accuracy and/or validity of the other parties' claims and/or defenses at trial.

[2] The operative Second Amended Complaint in this action also includes certain claims by Mike Young Productions, LLC n/k/a MoonScoop LLC ("MYP") for indemnification based on certain agreements with AG and/or its subsidiary, Those Characters From Cleveland, Inc. ("TCFC"). Those claims, however, were previously determined on summary judgment and affirmed by the Sixth Circuit, the judgment has been paid, and a satisfaction of judgment is being filed.

b) MoonScoop alleges in Counts III and IV of its Second Amended and Supplemental Complaint claims for breach of contract and specific performance, based on the following: AG repudiated its obligation under the Binding Term Sheet to transfer to MoonScoop the Properties free and clear of all relevant liens, claims, security interests, and encumbrances; and MoonScoop has been injured as a result of AG's repudiation.

2. Defendant American Greetings claims (as provided by Defendant):

Defendant American Greetings asserts several independently sufficient defenses. First, time was of the essence, and the March 24, 2009 binding term sheet required MoonScoop to actually deliver the $95,000,000 purchase price in readily available dead funds no later than the drop dead closing date of June 7, 2009 – which MoonScoop admits it did not do – in order for American Greetings to effectuate the drag of third-party Cookie Jar's rights, which required 20% of the purchase price monies to be paid in cash to Cookie Jar no later than June 7, 2009.

Second, none of the three express conditions precedent stated in the March 24, 2009 binding term sheet were completed by June 7, 2009. These conditions included HSR regulatory approval and the receipt of all material necessary third party consents and approvals. American Greetings took commercially reasonable actions to try to get third party Cookie Jar's consent and cooperation, but Cookie Jar did not consent, through no fault of American Greetings.

Third, American Greetings was able to satisfy its obligations under the March 24, 2009 binding term sheet, and American Greetings stood ready, willing and able to perform.

Fourth, American Greetings did not unequivocally repudiate the March 24, 2009 term sheet and was not in breach.

Fifth, even if the March 24, 2009 term sheet is read as suggested by MoonScoop, American Greetings offered substantial performance, which MoonScoop refused. American Greetings offered to close into escrow, with all benefits and burdens of ownership transferred to MoonScoop, and the only condition to releasing the escrow being the resolution of Cookie Jar's failure to consent and cooperate with the drag.

Sixth, to the extent MoonScoop argues that American Greetings was required to deliver Cookie Jar's rights by some mechanism other than the drag, there was no meeting of the minds, and no enforceable obligation.

Seventh, MoonScoop was not ready, willing and able to close the transaction by the drop date closing date of June 7, 2009.

3

In addition, American Greetings incorporates its pending Motion in Limine demonstrating that MoonScoop, as a matter of law, is not entitled to specific performance, and its damages are severely limited because it had agreed to immediately transfer all right, title and interest in the Properties to Boomerang Media.

**B.      Uncontroverted Facts**

MoonScoop and American Greetings are unable to agree on a substantive, uncontroverted statement of the facts for this action.

**C.      Issues of Fact and Law**

**The contested issues of fact remaining for decision are:**

1.      Whether MoonScoop was required to pay the $95,000,000 purchase price by June 7, 2009.

2.      Whether all the conditions precedent to the obligations to close the March 24, 2009 Binding Term Sheet were satisfied or waived.

3.      Whether MoonScoop was ready, willing and able to close the transaction on or before June 7, 2009.

4.      Whether American Greetings' repudiated the March 24, 2009 Binding Term Sheet, and if so, if there was a retraction of the repudiation.

5.      What damages, if any, MoonScoop suffered as a result of any breach by American Greetings.

**The contested issues of law in addition to those implicit in the foregoing issues of fact and claims of the parties are:**

1.      Whether MoonScoop is entitled to an order of specific performance.

**D.      Witnesses**

MoonScoop and American Greetings may call at trial those witnesses whose names are set forth on the attached witness list (*see* Appendix A).

**E.      Expert Witnesses**

Parties are limited to the following expert witnesses, whose names have been disclosed to opposing counsel:

1.      MoonScoop:   Dr. Marc Vellrath (damages expert).

4

2.      American Greetings:   Robert Brlas (rebuttal damages expert).

**F.      Trial to the Court**

Not applicable.

**G.      Trial to a Jury**

The parties will submit proposed voir dire questions and proposed jury instructions to the Court in accordance with the time limits set forth in the trial order.

**H.      Use of Depositions**

The parties have requested and the Court has agreed (per margin entry dated October 25, 2012), that depositions designations are due to be filed by November 7, 2012.

MoonScoop may offer the testimony of the following witnesses by deposition / videotape: John Engelman, Eric Ellenbogen, David Donnini, Jerome Levy, Michael Hirsh, Steve Rosen, Josef Mandelbaum and/or Bill Schultz.

American Greetings may offer the testimony of the following witnesses by deposition / videotape: Joel Vaturi, John Engelman, Eric Ellenbogen, David Donnini, Jerome Levy, Steven Rosen, Eric Sondag and/or Bill Schultz.

**I.      Exhibits**

The parties will submit their exhibits and exhibit lists in accordance with the time limits set forth in the trial order.

**J.      Pending Motions**

The following motion is pending at this time:

1.      American Greetings' Motion in Limine Regarding Damages [Docket No. 152].

**K.      Modification of Order**

This final pretrial order may be modified at the trial of this action, or prior thereto, to prevent manifest injustice.  Such modification may be made by application of counsel, or on motion of the Court.

**L.      Settlement Efforts**

The parties have not engaged in active settlement discussions since the remand.

5120371.1

IT IS SO ORDERED.

_____
JUDGE JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

/s/ Michael J. Garvin
Michael J. Garvin (0025394)
  mjgarvin@hahnlaw.com
Steven J. Mintz (0042046)
  smintz@hahnlaw.com
Eric B. Levasseur (0075353)
  eblevasseur@hahnlaw.com
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio  44114-2316
Telephone:  216-621-0150
Facsimile:  216-241-2824

*Counsel for Plaintiff MoonScoop SAS*

/s/ Damond R. Mace
Damond R. Mace (0017102)
  damond.mace@squiresanders.com
Steven A. Friedman (0060001)
  steven.friedman@squiresanders.com
SQUIRE SANDERS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Phone: (216) 479-8500
Fax: (216) 479-8780

*Counsel for Defendant*
*American Greetings Corporation*

5120371.1