UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MOONSCOOP SAS, | ) | CASE NO. 1:09CV1885 |
| | ) | |
| | ) | JUDGE JAMES S. GWIN |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **STIPULATION & ORDER** |
| AMERICAN GREETINGS CORPORATION, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## FINAL PRETRIAL ORDER

This action came before the Court at a final pretrial conference held on the 31st day of

October, 2012, pursuant to Rule 16 of the Federal Rules of Civil Procedure.

I.  **APPEARANCES:**

For Plaintiff:        Michael J. Garvin, Steven J. Mintz and Eric B. Levasseur.

For Defendant:        Damond R. Mace and Steven A. Friedman.

II.  **NATURE OF ACTION AND JURISDICTION:**

A.    Plaintiff's Second Amended and Supplemental Complaint seeks declaratory
judgment, specific performance, breach of contract and promissory estoppel,
arising from a contract for the sale and purchase of the "Strawberry Shortcake"
and "Care Bears" animated characters.

B.    The jurisdiction of the Court is invoked under 28 U.S.C. § 1332.

C.    The jurisdiction of the Court is not disputed.

5120371.1

III.    **TRIAL INFORMATION:**

      A.    The estimated length of trial is seven (7) days.

      B.    Trial to the jury is set to begin November 13, 2012 on a two (2) week standby basis.

IV.    **AGREED STATEMENTS AND LISTS:**

      A.    **General Nature of the Claims of the Parties[1]**

          1.    Plaintiff MoonScoop claims as follows (as provided by Plaintiff)[2]:

              a)    MoonScoop alleges in Counts I and II of its Second Amended and Supplemental Complaint (Doc. # 72) claims for declaratory judgment and specific performance, based on the following: MoonScoop and AG are parties to a certain contract (the "Binding Term Sheet"), through which AG promised to sell the Properties to MoonScoop free and clear of all liens, claims, security interests and encumbrances (except certain interests not at issue). MoonScoop alleges that pursuant to the Binding Term Sheet, (i) if all of the conditions to MoonScoop's obligations were either satisfied or waived, and upon AG's failure or refusal to consummate the sale of the Properties, or (ii) upon American Greetings' failure to perform any other material obligation, then MoonScoop became entitled to specific performance of the Binding Term Sheet.  MoonScoop further alleges that it performed and/or was excused from performing all of the conditions to closing that were not waived or excused by American Greetings; that MoonScoop was ready, willing and able to proceed to closing the transaction; and therefore, MoonScoop is entitled to an award of specific performance compelling American Greetings to transfer the Properties to MoonScoop free and clear of all relevant liens, claims, security interests, and encumbrances, as well as delay damages; or, in the alternative, damages.

---

[1] MoonScoop and American Greetings have each provided their own summary of claims and/or defenses in this section.  MoonScoop and American Greetings do not necessarily agree with, and expressly reserve all rights to dispute, the accuracy and/or validity of the other parties' claims and/or defenses at trial.

[2] The operative Second Amended Complaint in this action also includes certain claims by Mike Young Productions, LLC n/k/a MoonScoop LLC ("MYP") for indemnification based on certain agreements with AG and/or its subsidiary, Those Characters From Cleveland, Inc. ("TCFC"). Those claims, however, were previously determined on summary judgment and affirmed by the Sixth Circuit, the judgment has been paid, and a satisfaction of judgment is being filed.

2

b)      MoonScoop alleges in Counts III and IV of its Second Amended and Supplemental Complaint claims for breach of contract and specific performance, based on the following: AG repudiated its obligation under the Binding Term Sheet to transfer to MoonScoop the Properties free and clear of all relevant liens, claims, security interests, and encumbrances; and MoonScoop has been injured as a result of AG's repudiation.

2.      Defendant American Greetings claims (as provided by Defendant):

Defendant American Greetings asserts several independently sufficient defenses. First, time was of the essence, and the March 24, 2009 binding term sheet required MoonScoop to actually deliver the $95,000,000 purchase price in readily available funds no later than the drop dead closing date of June 7, 2009 – which MoonScoop admits it did not do – in order for American Greetings to effectuate the drag of third-party Cookie Jar's rights, which required 20% of the purchase price monies to be paid in cash to Cookie Jar no later than June 7, 2009.

Second, none of the three express conditions precedent stated in the March 24, 2009 binding term sheet were completed by June 7, 2009. These conditions included HSR regulatory approval and the receipt of all material necessary third party consents and approvals. American Greetings took commercially reasonable actions to try to get third party Cookie Jar's consent and cooperation, but Cookie Jar did not consent, through no fault of American Greetings.

Third, American Greetings was able to satisfy its obligations under the March 24, 2009 binding term sheet, and American Greetings stood ready, willing and able to perform.

Fourth, American Greetings did not unequivocally repudiate the March 24, 2009 term sheet and was not in breach.

Fifth, even if the March 24, 2009 term sheet is read as suggested by MoonScoop, American Greetings offered substantial performance, which MoonScoop refused. American Greetings offered to close into escrow, with all benefits and burdens of ownership transferred to MoonScoop, and the only condition to releasing the escrow being the resolution of Cookie Jar's failure to consent and cooperate with the drag.

Sixth, to the extent MoonScoop argues that American Greetings was required to deliver Cookie Jar's rights by some mechanism other than the drag, there was no meeting of the minds, and no enforceable obligation.

Seventh, MoonScoop was not ready, willing and able to close the transaction by the drop date closing date of June 7, 2009.

5120371.1

In addition, American Greetings incorporates its pending Motion in Limine demonstrating that MoonScoop, as a matter of law, is not entitled to specific performance, and its damages are severely limited because it had agreed to immediately transfer all right, title and interest in the Properties to Boomerang Media.

**B.     Uncontroverted Facts**

MoonScoop and American Greetings are unable to agree on a substantive, uncontroverted statement of the facts for this action.

**C.     Issues of Fact and Law**

**The contested issues of fact remaining for decision are:**

1.     Whether MoonScoop was required to pay the $95,000,000 purchase price by June 7, 2009.

2.     Whether all the conditions precedent to the obligations to close the March 24, 2009 Binding Term Sheet were satisfied or waived.

3.     Whether MoonScoop was ready, willing and able to close the transaction on or before June 7, 2009.

4.     Whether American Greetings' repudiated the March 24, 2009 Binding Term Sheet, and if so, if there was a retraction of the repudiation.

5.     What damages, if any, MoonScoop suffered as a result of any breach by American Greetings.

**The contested issues of law in addition to those implicit in the foregoing issues of fact and claims of the parties are:**

1.     Whether MoonScoop is entitled to an order of specific performance.

**D.     Witnesses**

MoonScoop and American Greetings may call at trial those witnesses whose names are set forth on the attached witness list (*see* Appendix A).

**E.     Expert Witnesses**

Parties are limited to the following expert witnesses, whose names have been disclosed to opposing counsel:

1.     MoonScoop:   Dr. Marc Vellrath (damages expert).

4

5120371.1

2.      American Greetings:   Robert Brlas (rebuttal damages expert).

**F.     Trial to the Court**

Not applicable.

**G.     Trial to a Jury**

The parties will submit proposed voir dire questions and proposed jury instructions to the Court in accordance with the time limits set forth in the trial order.

**H.     Use of Depositions**

The parties have requested and the Court has agreed (per margin entry dated October 25, 2012), that depositions designations are due to be filed by November 7, 2012.

MoonScoop may offer the testimony of the following witnesses by deposition / videotape: John Engelman, Eric Ellenbogen, David Donnini, Jerome Levy, Michael Hirsh, Steve Rosen, Josef Mandelbaum and/or Bill Schultz.

American Greetings may offer the testimony of the following witnesses by deposition / videotape: Joel Vaturi, John Engelman, Eric Ellenbogen, David Donnini, Jerome Levy, Steven Rosen, Eric Sondag and/or Bill Schultz.

**I.     Exhibits**

The parties will submit their exhibits and exhibit lists in accordance with the time limits set forth in the trial order.

**J.     Pending Motions**

The following motion is pending at this time:

1.      American Greetings' Motion in Limine Regarding Damages [Docket No. 152].

**K.     Modification of Order**

This final pretrial order may be modified at the trial of this action, or prior thereto, to prevent manifest injustice.  Such modification may be made by application of counsel, or on motion of the Court.

**L.     Settlement Efforts**

The parties have not engaged in active settlement discussions since the remand.

5

5120371.1

IT IS SO ORDERED.

Dated: November 1, 2012

s/      James S. Gwin

JUDGE JAMES S. GWIN
UNITED STATES DISTRICT JUDGE

/s/ Michael J. Garvin
Michael J. Garvin (0025394)
   mjgarvin@hahnlaw.com
Steven J. Mintz (0042046)
   smintz@hahnlaw.com
Eric B. Levasseur (0075353)
   eblevasseur@hahnlaw.com
HAHN LOESER & PARKS LLP
200 Public Square, Suite 2800
Cleveland, Ohio  44114-2316
Telephone:  216-621-0150
Facsimile:  216-241-2824

*Counsel for Plaintiff MoonScoop SAS*

/s/ Damond R. Mace
Damond R. Mace (0017102)
   damond.mace@squiresanders.com
Steven A. Friedman (0060001)
   steven.friedman@squiresanders.com
SQUIRE SANDERS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Phone: (216) 479-8500
Fax: (216) 479-8780

*Counsel for Defendant
American Greetings Corporation*

6

5120371.1

# APPENDIX "A"

| | |
|---|---|
| MOONSCOOP SAS, | ) CASE NO. 1:09CV1885 |
| | ) |
| | ) |
| Plaintiff, | ) JUDGE JAMES S. GWIN |
| | ) |
| v. | ) |
| | ) |
| AMERICAN GREETINGS CORPORATION, | ) |
| | ) |
| | ) |
| Defendant. | ) |

| PLAINTIFF'S WITNESSES | |
|---|---|
| **NAME** | **SYNOPSIS OF TESTIMONY** |
| Joel Vaturi | Mr. Vaturi is expected to testify about the Properties; MoonScoop's due diligence investigation; MoonScoop's business plan; the negotiation and performance of the AG-MoonScoop Binding Term Sheet; the MoonScoop-Boomerang Media, Inc./Classic Binding Term Sheet; MoonScoop's efforts to obtain financing for the acquisition of the Properties; communications with AG, Boomerang Media, Inc./Classic, GTCR Golder Rauner LLC ("GTCR"), Levy and others regarding the acquisition of the Properties; the relationship and contract between MoonScoop and Boomerang Media, Inc./Classic; MoonScoop's experience and expertise in marketing childrens' programming in France and the Benelux countries; experience with and knowledge of co-production agreements and equity financing/partnership agreements within the industry; damages; and all relevant events during the period March through June 2009. |

# APPENDIX "A"

| | |
|---|---|
| John Engelman | Mr. Engelman is expected to testify about MoonScoop's due diligence investigation; MoonScoop's efforts to obtain financing for the acquisition of the Properties; the AG-MoonScoop Binding Term Sheet; the MoonScoop-Boomerang Media, Inc./Classic Binding Term Sheet; communications with AG, MoonScoop, GTCR, Levy and others regarding the acquisition of the Properties; MoonScoop's relationship and contract with Boomerang Media, Inc./Classic; MoonScoop's experience and expertise in marketing childrens' programming in France and the Benelux countries; experience with and knowledge of co-production agreements and equity financing/partnership agreements within the industry; damages; and all relevant events during the period March through June 2009. |
| Eric Ellenbogen | Mr. Ellenbogen is expected to testify about MoonScoop's due diligence investigation; MoonScoop's efforts to obtain financing for the acquisition of the Properties; the AG-MoonScoop Binding Term Sheet; the MoonScoop-Boomerang Media, Inc./Classic Binding Term Sheet; communications with AG, MoonScoop, GTCR, Levy and others regarding the acquisition of the Properties; MoonScoop's relationship and contract with Boomerang Media, Inc./Classic; MoonScoop's experience and expertise in marketing childrens' programming in France and the Benelux countries; experience with and knowledge of co-production agreements and equity financing/partnership agreements within the industry; damages; and all relevant events during the period March through June 2009. |
| Steven Rosen | Mr. Rosen is expected to testify about the Properties and the negotiation and performance of the Binding Term Sheet; MoonScoop's efforts to obtain financing for the acquisition of the Properties; communications with AG regarding the acquisition of the Properties; the negotiation and performance of the MYP Work-Made-For-Hire Production Agreement and amendments thereto; MoonScoop's experience and expertise in marketing childrens' programming in France and the Benelux countries; experience with and knowledge of co-production agreements and equity financing/partnership agreements within the industry; and all relevant events during the period March through June 2009. |

5120371.1

**APPENDIX "A"**

| | |
|---|---|
| Bill Schultz | Mr. Schultz is expected to testify about the Properties; the negotiation and performance of the AG-MoonScoop Binding Term Sheet; MoonScoop's efforts to obtain financing for the acquisition of the Properties; communications with AG regarding the acquisition of the Properties; the negotiation and performance of the MYP Work-Made-For-Hire Production Agreement and amendments thereto; MoonScoop's experience and expertise in marketing childrens' programming in France and the Benelux countries; experience with and knowledge of co-production agreements and equity financing/partnership agreements within the industry;  and all relevant events during the period March through June 2009. |
| David Donnini | Mr. Donnini is expected to testify about MoonScoop's due diligence investigation; MoonScoop's efforts to obtain financing for the acquisition of the Properties; GTCR's financing for the acquisition of the Properties; the Binding Term Sheet and GTCR's financing commitment letters; communications with MoonScoop, Boomerang Media, Inc./Classic, AG and others regarding the Properties; damages; and all relevant events during the period March through June 2009. |
| Michael Hirsh | Mr. Hirsh is expected to testify about the Properties, including communications with AG relating thereto; the performance of the 2001 License Agreement, including amendments thereto; the 2008 Cookie Jar Action and the settlement thereof; the negotiation and performance of the AG-Cookie Jar Binding Letter Agreement; the 2009 Cookie Jar Action; Cookie Jar's attempts to match the AG-MoonScoop Binding Term Sheet; and Cookie Jar's efforts to obtain financing for purchasing the Properties |
| Josef Mandelbaum, on cross-examination | Mr. Mandelbaum is expected to testify about the Properties, including any efforts to sell and/or license the same; the performance of the 2001 License Agreement, including amendments thereto; AG's lawsuit against Cookie Jar, U.S.D.C., N.D. Ohio, Case No. 1:08-cv-1533 ("2008 Cookie Jar Action") and settlement; the negotiation and performance of the AG-Cookie Jar Binding Letter Agreement; AG's lawsuit against Cookie Jar, U.S.D.C., N.D. Ohio, Case No. 1:09-cv-01056-JG ("2009 Cookie Jar Action"); the negotiation and performance of the AG-MoonScoop Binding Term Sheet; Cookie Jar's attempts to match the AG-MoonScoop Binding Term Sheet; the negotiation and performance of the MYP Work-Made-For-Hire Production Agreement and amendments thereto; and all relevant events during the period March through June 2009. |

5120371.1

**APPENDIX "A"**

| | |
|---|---|
| Zev Weiss, on cross-examination | Mr. Weiss is expected to testify about the Properties, including any efforts to sell and/or license the same; the performance of the 2001 License Agreement, including amendments thereto; the 2008 Cookie Jar Action and settlement; the negotiation and performance of the AG-Cookie Jar Binding Term Sheet; the 2009 Cookie Jar Action; the negotiation and performance of the AG-MoonScoop Binding Term Sheet; Cookie Jar's attempts to match the AG-MoonScoop Binding Term Sheet; the negotiation and performance of the MYP Work-Made-For-Hire Production Agreement and amendments thereto; and all relevant events during the period March through June 2009. |
| Dr. Marc Vellrath | Dr. Vellrath is an expert witness who will testify regarding Plaintiffs' damages. |

MoonScoop reserves the right to not call one or more of the witnesses listed above, and to amend or supplement this witness list, subject to on-going discovery, rulings of the Court on pre-trial motions, and the testimony of American Greetings' witnesses in its case in chief.

5120371.1

# APPENDIX "A"

| DEFENDANT'S WITNESSES | |
|---|---|
| **NAME** | **SYNOPSIS OF TESTIMONY** |
| | **American Greetings currently intends to call the following fact witnesses at trial:** |
| Josef Mandelbaum | Mr. Mandelbaum will testify about American Greetings dealings with Cookie Jar and efforts to sell the Properties, including but not limited to the July 2008 Letter Agreement and lawsuits.  He will also testify about the March 24, 2009 Binding Term Sheet, including the negotiations of the Agreement and its performance, including but not limited to the drop dead closing date, time was of the essence, the conditions precedent, and the amendment to the work for hire agreement with Mike Young Productions.  He will also testify about communications with MoonScoop, GCTR, Classic, Cookie Jar and others regarding the subject matter of this action.  He will also testify about the financial performance of the Properties.  He will also testify about MoonScoop's failure to close the agreement on or before June 7, 2009, and all events relevant during the period April 2008 through June 2009. |
| Joel Vaturi, on cross-examination | Mr. Vaturi will testify about the March 24, 2009 Binding Term Sheet, including the negotiations and performance of the agreement.  He will also testify about communications with American Greetings, GCTR, Classic and others related to the Agreement.  He will also testify about MoonScoop's efforts to obtain financing, and MoonScoop's failed attempt to effectuate the Agreement.  He will further testify about MoonScoop's agreements with GCTR, Boomerang and Classic. |
| David Passerallo | Mr. Passerallo will testify about the Properties' financial performance. |
| Robert Brlas | Mr. Brlas is an expert witness, who will rebut the testimony of Plaintiff's damages expert. |

## APPENDIX "A"

| | |
|---|---|
| Zev Weiss | Mr. Weiss will testify about American Greetings dealings with Cookie Jar, including but not limited to the July 2008 Letter Agreement and the lawsuits.  He will also testify about the March 24, 2009 Binding Term Sheet, including the negotiations of the Agreement and its performance.  He will also testify about communications with MoonScoop, GCTR, Classic, Cookie Jar and others regarding the subject matter of this Action.   He will also testify about MoonScoop's failure to close the agreement on or before June 7, 2009, and all events relevant during the period April 2008 through June 2009. |
| | **American Greetings may also call the following witnesses**: |
| John Engelman and/or Eric Ellenbogen, on cross-examination or by video deposition | Mr. Engelman and/or Mr. Ellenbogen, the principals of Classic Media, will testify about the MoonScoop/Boomerang Media, Inc. Binding Term Sheet, and the relationship between Classic, Boomerang, GCTR and MoonScoop.  They will also testify about communications with American Greetings, MoonScoop's and others related to the March 24, 2009 Agreement, and all other relevant facts, especially in the May to June 2009 time frame. |
| David Doninni and/or Eric Sondag, by video deposition | Mr. Doninni and Mr. Sondag are representatives of GCTR, a private equity firm. One or both will testify about the relationship between Classic, Boomerang, GCTR and MoonScoop.  They will also testify about  MoonScoop's agreement with Boomerang and the financing commitments from GCTR.  They will also testify about communications with American Greetings, MoonScoop and others relating to the March 24, 2009 Agreement.  They will also testify about MoonScoop's inability to close the transaction on or before June 7, 2009. |
| Jerome Levy, by videotape deposition | Mr. Levy was an investment banker working for MoonScoop.  He will testify about MoonScoop's inability to finance the March 24, 2009 Binding Term Sheet without transferring the Properties to Boomerang.  He will also testify about communications with American Greetings, MoonScoop's and others relating to the March 24, 2009 Agreement.  He will also testify about MoonScoop's inability to close the transaction on or before June 7, 2009. |
| Steve Rosen, by video tape deposition | Mr. Rosen is the CFO of MoonScoop, LLC.  He will testify about negotiation of the March 24, 2009 Binding Term Sheet and the Mike Young Productions' work for hire agreement, and other relevant facts. |
| Bill Schultz | Mr. Schultz is CEO of MoonScoop LLC. He will testify about negotiation of the March 24, 2009 Binding Term Sheet and the Mike Young Productions' Work for Hire Agreement, and other relevant facts. |

## APPENDIX "A"

American Greetings reserves the right to not call one or more of the witnesses listed above, and to amend or supplement this witness list, subject to on-going discovery, rulings of the Court on pre-trial motions, and the testimony of MoonScoop's witnesses in its case in chief.

5120371.1