UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MOONSCOOP SAS, | ) | CASE NO. 1:09CV1885 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN GREETINGS CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**MOONSCOOP SAS'S MOTION IN LIMINE TO STRIKE CERTAIN DEFENSES OF AMERICAN GREETINGS**

**Introduction**

In the Final Pretrial Order, filed October 29, 2012 [Doc. #157], American Greetings listed on page 3 various defenses that it intends to present at trial, including:

- that "time was of the essence, and the March 24, 2009 binding term sheet required MoonScoop to actually deliver the $95,000,000 purchase price in readily available funds no later than the drop dead closing date of June 7, 2009";

- that "none of the three express conditions precedent stated in the March 24, 2009 binding term sheet were completed by June 7, 2009"; and

- that "MoonScoop was not ready, willing, and able to close the transaction by the drop date [sic] closing date of June 7, 2009."

In light of the Sixth Circuit's decision in this case, in which the Court of Appeals explained that trial should present the jury with two questions in a particular order – first, whether the "drag along" provision was self-executing, and if it was not, was American Greetings in material breach of contract – these defenses are irrelevant and would only mislead the jury, confuse the issues, and waste the time of all parties and the Court in violation of Federal Rules of Evidence 402 and 403.

MoonScoop therefore moves for an order in limine striking these specific defenses and prohibiting American Greetings from referring to them at trial: (1) that MoonScoop did not tender the purchase price, or that MoonScoop agreed to tender too late on June 7, 2009; (2) that the financing condition of the Binding Term Sheet was not satisfied; and (3) that the regulatory approval (Hart-Scott-Rodino Act) condition of the Binding Term Sheet was not satisfied.

## ARGUMENT

The Sixth Circuit's decision holds that the "drag along" provision in the 2008 Letter Agreement between American Greetings and Cookie Jar Entertainment "was ambiguous . . . and that the question of whether it would take effect automatically presents a genuine issue of material fact." *MoonScoop SAS and Mike Young Productions, LLC v. American Greetings Corp. and Those Characters from Cleveland, Inc.* (6th Cir. July 16, 2012), slip op. at 1. That is the first question for the jury, what the Sixth Circuit called "[t]he key inquiry in this case." *Id*. at 9. If the jury finds that the "drag along" *was* self-executing, then American Greetings did not breach the contract and MoonScoop has no claim because it did not tender the purchase price. In that event, American Greetings' defenses based on tender of the purchase price and the contract conditions are moot.

If the jury finds, however, that the "drag along" was *not* self-executing, then, the Sixth Circuit explained, American Greetings necessarily did not deliver Strawberry Shortcake and Care Bears free of Cookie Jar's liens, claims, and encumbrances:

> If the drag-along, as MoonScoop argues, was not self-executing, or was invalid due to American Greetings' failure to honor Cookie Jar's matching right, then American Greetings did not deliver the properties "free of liens and claims" to MoonScoop on June 7. American Greetings did not do so because on June 7 Cookie Jar had no intention of relinquishing its rights and was litigating to prove that it did not have to comply with the drag-along. By not delivering the properties as promised, American Greetings may have been in material breach of the Binding Term Sheet.

Slip op. at 12.  The second question for the jury therefore is:  Was American Greetings in material breach of the Binding Term Sheet?  If the jury answers "No," then American Greetings did not breach, MoonScoop has no claim, and again American Greetings' defenses based on tender of the purchase price and contract condition are moot.

But the Sixth Circuit went on to explain that if the jury finds that American Greetings was in material breach, then whether MoonScoop tendered the purchase price, whether MoonScoop was ready, willing, and able to close, and whether the contract conditions were met *all become legally irrelevant, because under Ohio law MoonScoop was entitled to halt its own performance immediately and sue*.  The Sixth Circuit specifically addressed these potential defenses of American Greetings:

>    1.      Financing and Hart-Scott-Rodino Antitrust Improvements Act conditions.  The Sixth Circuit explained that

>> whether or not MoonScoop breached by not meeting these conditions depends on whether American Greetings was already in material breach for failing to deliver Cookie Jar.  If American Greetings was already in breach, then MoonScoop was justified in halting performance and suing for damages, *excusing MoonScoop from having to meet the final conditions*.  Under those circumstances, MoonScoop was not required to perform the expensive futility of pursuing regulatory approval.

Slip op. at 14 (emphasis added, citation omitted).

>    2.      Agreement to pay too late on June 7, 2009.  The Sixth Circuit explained that American Greetings' defense "again ignores the fact that if American Greetings was in material breach of contract on June 7, then MoonScoop would be entitled to halt performance and sue for damages."  *Id*.

Judge Goldsmith's concurring opinion amplified on this same point.  Judge Goldsmith explained  that under Ohio law, "a party's tender is excused when the opposing party, despite its best efforts, has not performed and clearly appears unable to perform," *id*. at 26 (citing

3

*Resolution Trust Corp. v. York*, No. C-960180, 1997 WL 78591 (Ohio App. Feb. 26, 1997)). Again, "[i]f it is reasonably clear that the contracting party will not be able to [perform], the opposing party need not tender performance to maintain an action for breach.  MoonScoop did not have to engage in the costly and 'useless ceremony' of assembling $95 million when it was reasonably clear that American Greetings could not perform." *Id*. at 27.

American Greetings' defenses based on tender of the purchase price, the financing condition, and the regulatory approval condition therefore are irrelevant under every scenario laid out by the Sixth Circuit for how this case should proceed at trial.  If the jury first finds that the "drag along" was self-executing, the case is over and the defenses are moot.  Similarly, if the jury finds the "drag along" not self-executing, but then finds American Greetings not in material breach, the case is over and the defenses are moot.  Finally, if the jury finds the "drag along" not self-executing, and then finds American Greetings in material breach, MoonScoop was excused from tendering the purchase price and excused from these contract conditions, so American Greetings' defenses are legally irrelevant.

Because these defenses are legally irrelevant under all scenarios, permitting them at trial can only mislead and confuse the jury and waste all parties', and the Court's, time and resources. Fed. R. Evid. 402, 403.  If the jury has to consider evidence and argument about whether MoonScoop properly had secured financing, whether MoonScoop was able to tender the purchase price, when MoonScoop tendered the purchase price, and whether the parties could have obtained HSR Act approval, the jury will be distracted from focusing on what the Sixth Circuit correctly identified as "[t]he key inquiry in this case" (slip op. at 9) – whether the "drag along" was self-executing, and the second critical question, "whether American Greetings was already in material breach for failing to deliver Cookie Jar." *Id*. at 14.

4

**CONCLUSION**

For the reasons set forth above, the Court should strike American Greetings' defenses based on (1) tender of the purchase price, including agreement to tender late on June 7, 2009; (2) the financing condition in the Binding Term Sheet, and (3) the regulatory approval condition in the Binding Term Sheet, and prohibit American Greetings from referring to them at trial.

        Respectfully submitted,

        s/ Michael J. Garvin
        Michael J. Garvin (0025394)
        mjgarvin@hahnlaw.com
        Steven J. Mintz (0042046)
        smintz@hahnlaw.com
        Eric B. Levasseur (0075353)
        eblevasseur@hahnlaw.com
        HAHN LOESER & PARKS LLP
        200 Public Square, Suite 2800
        Cleveland, Ohio 44114-2316
        Telephone: 216-621-0150
        Facsimile: 216-241-2824

        *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing Motion in Limine to Strike Certain Defenses of American Greetings has been filed electronically with the Court this 6th day of November, 2012. Service on all registered attorneys is effected by the Court's ECF system.

s/ Michael J. Garvin<br>
Michael J. Garvin