IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MOONSCOOP SAS, | ) CASE NO. 1:09CV1885 |
| | ) |
| | ) JUDGE JAMES S. GWIN |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **OPPOSITION TO MOONSCOOP'S** |
| AMERICAN GREETINGS | ) **MOTION IN LIMINE TO STRIKE** |
| CORPORATION, et al. | ) **CERTAIN DEFENSES OF** |
| | ) **AMERICAN GREETINGS** |
| Defendants. | ) |

Contrary to MoonScoop's motion, the Court of Appeals' opinion reversing summary judgment in favor of American Greetings does not limit American Greetings' ability to present all of its available defenses on remand in any way. The Sixth Circuit opinion only held that the jury, not the trial judge, should decide whether the "drag along" clause in the 2008 Cookie Jar agreement would take effect automatically upon the payment to Cookie Jar of 20% of the proceeds that MoonScoop was supposed to pay to American Greetings.

The rest of the opinion is dicta, based on a woefully incomplete factual record (among other things, it was before the last round of five depositions, and before the production of more than 20,000 pages of GTCR documents), and based on an assumption that all of the facts would be determined solely in favor of MoonScoop, since it was reviewing a summary judgment ruling. In at least three places, Judge Boggs' opinion stresses that his analysis is only looking at things in the light most favorable to MoonScoop, with all inferences in MoonScoop's favor. (See pgs. 9, 10, 13 of Judge Boggs' opinion.)

American Greetings' defenses based on MoonScoop's failure to satisfy conditions precedent and inability to perform by the June 7 deadline unquestionably are relevant to the

determination of the ultimate issue for trial—*i.e.*, whether American Greetings is liable to MoonScoop for breach of contract. American Greetings should not be denied the right to fully defend itself against MoonScoop's claims.

MoonScoop's attempt to use the Sixth Circuit's opinion to limit the presentation of American Greetings' defenses on remand is incorrect. The Sixth Circuit's decision was made at the summary judgment stage of the litigation, was based on an interpretation only of the limited factual record presented to the Court in motion practice, and viewed everything in the light most favorable to MoonScoop, as the non-moving party. *See, e.g.*, Opinion at 10 ("The parties' conduct in the record, viewed in the light most favorable to MoonScoop, as is required at the summary-judgment stage, suggests that there was a genuine issue as to whether the drag-along was, or even could be, self-executing."). That is <u>not</u> the standard at this stage of the proceedings, particularly where the factual record has been developed significantly in the intervening period through at least five additional depositions and the production of many thousands of pages of additional documents.

Moreover, the Sixth Circuit's *holding* was that the question of whether the drag-along provision in the July 20, 2008 Cookie Jar Agreement would take effect automatically upon payment by American Greetings to Cookie Jar was a disputed question of material fact, and thus the case was not appropriate for disposition on summary judgment. That was the basis for the Sixth Circuit's remand.

Nothing in the Sixth Circuit's opinion changes the fact that this is a breach of contract action, and that to prevail on its breach of contract claim MoonScoop must prove all of the elements of its claim: "the existence of a contract, *performance by one party*, breach by another party, and damages or loss to the performing party." 18 Oh Jur 3d Contracts § 231

(emphasis supplied). MoonScoop cannot avoid its burden through a creative but mistaken interpretation of the Sixth Circuit's opinion.

Likewise, nothing in the Sixth Circuit's opinion alters American Greetings' right to fully defend itself at trial by arguing that it was *excused from performing*—whether or not it otherwise breached the agreement—because MoonScoop did not satisfy all necessary conditions precedent to the parties' agreement, and was not ready, willing, and able to perform as of June 7.[1]

In support of its motion, MoonScoop claims that if "American Greetings was in material breach, then whether MoonScoop tendered the purchase price, whether MoonScoop was ready, willing and able to close, and whether the contract conditions were met all become legally irrelevant, because under Ohio law MoonScoop was entitled to halt its own performance immediately and sue." MoonScoop's Motion at 3. This overstates the actual law. But, in any event, MoonScoop did not halt its own performance and immediately sue.

In addition, MoonScoop cites Judge Goldsmith's concurring opinion for the proposition that, under Ohio law, "a party's **tender** is excused when the opposing party, despite its best efforts, has not performed and clearly appears unable to perform." *Id.* (emphasis added). However, the defenses that MoonScoop seeks to exclude are not limited to actual tender (or payment), and Ohio law is clear that the non-breaching party still must prove that it was ready, willing and able to close, which includes being ready, willing and able to complete all conditions precedent and meet all other material obligations, even if there is a breach by the other party. *Raudabaugh v. Hart*, 61 Ohio St. 73, 88-92 and syllabus (Ohio 1899); LRL

---

[1] American Greetings has always argued, under well-established Ohio law, "[a] condition precedent is an act or event that must occur before the agreement of the parties becomes operative" and "[i]f a condition precedent is not fulfilled, the parties are excused from performing under the contract." *Webb v. Pewano Ltd.*, 2009 Ohio App. LEXIS 2253, \*\*6 (12th Dist. June 8, 2009).

*Properties v. Rodriguez*, 1992 Ohio App. LEXIS 1974, \*6-\*9 (Ohio Ct. App. 1992); *Thapar v. Biniker*, 1982 Ohio App. LEXIS 15720, \*5-\*6 (Ohio Ct. App. 1982).

Also, it remains unclear when MoonScoop contends that American Greetings breached the contract.  Here, the contract and circumstances clearly show that the order of exchange was ***not*** simultaneous, as MoonScoop always understood that it had to tender the $95,000,000 to American Greetings first, ***before*** American Greetings could tender the 20% to Cookie Jar, and only ***then*** would MoonScoop obtain Cookie Jar's rights to the Properties.  Under any circumstances, at the time that MoonScoop claims that a breach by American Greetings occurred, MoonScoop had to show that it was in fact ready, willing and able to perform all conditions precedent and its other obligations under the contract.  *Id.*

Thus, the presentation of evidence in this case should not be limited, as MoonScoop argues.  MoonScoop's motion in limine to strike certain defenses of American Greetings should be denied, and American Greetings should be permitted to present all of its available defenses at trial.

Respectfully submitted,

/s/ Damond R. Mace
Damond R. Mace (0017102)
　damond.mace@squiresanders.com
Steven A. Friedman (0060001)
　steven.friedman@squiresanders.com
SQUIRE SANDERS (US) LLP
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114
Phone: (216) 479-8500
Fax: (216) 479-8780

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 12th day of November 2012, a copy of the foregoing was electronically filed. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's electronic docket system.

                                               s/ Damond R. Mace
                                               One of the Attorneys for American Greetings